UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN M. DEWEY, PATRICK DEMARTINO, PATRICIA ROMEO,<br>*on Behalf of Themselves and All Others Similarly Situated,*<br>*Plaintiffs,*<br>v.<br>VOLKSWAGEN AG, VOLKSWAGEN BETEILIGUNGS GESELLSCHAFT MBH, VOLKSWAGEN OF AMERICA, INC., AUDI AG, VOLKSWAGEN OF AMERICA, INC. d/b/a AUDI OF AMERICA, INC. and VOLKSWAGEN DE MEXICO, S.A. DE C.V.,<br>*Defendants.* | 07-CV-2249–FSH–PS |
| JACQUELINE DELGUERCIO,<br>*on Behalf of Herself and All Others Similarly Situated,*<br>*Plaintiffs,*<br>v.<br>VOLKSWAGEN OF AMERICA, INC., VOLKSWAGEN OF AMERICA, INC. d/b/a AUDI OF AMERICA, INC., VOLKSWAGEN AG, AUDI AG, VOLKSWAGEN DE MEXICO, S.A. DE C.V. and ABC ENTITIES 1-20 ,<br>*Defendants.* | 07-CV-2361–FSH–PS<br><br>(consolidated) |

## DISCOVERY CONFIDENTIALITY ORDER
## ON INFORMAL APPLICATION

This matter having come before the Court by way of submissions received February 25, 2008 and February 28, 2008, regarding the entry of a discovery confidentiality order;

and the Court having considered the submissions and certifications of Samuel P. Sporn, Esq., received February 26, 2008 and the certification of Daniel V. Gsovski, Esq., dated February 25, 2008;

and the Court having considered the parties' respective positions regarding the disputed provisions;

and for the reasons set forth herein;

and for good cause shown;

IT IS on this 29th day of February, 2008

ORDERED that:

1. Subject to the provisions of paragraph 3, in connection with discovery proceedings in this Action, Defendant Volkswagen Group of America, Inc., sued under its former name "Volkswagen of America, Inc." ("VWGoA"), may designate as "Confidential" information or documents produced in discovery that it in good faith believes contains:

>   (1)   data related to warranty claim information;
>
>   (2)   data related to field reports, including dealer reports and product evaluation reports;
>
>   (3)   data related to consumer complaints; and
>
>   (4)   documents that the National Highway Traffic Safety Administration has deemed exempt from disclosure under 5 U.S.C. § 552(b)(4).[1]

---

[1] The defendants seek to designate as confidential documents and data relating to warranty claim information, warranty adjustment information, field reports, documents relating to consumer complaints, and documents submitted to the National Highway Traffic Safety Administration [NHTSA] that the agency has agreed to treat as "confidential" under 5 U.S.C. § 552(b)(4). The Dewey plaintiffs assert that this latter category is overbroad. The Delguercio plaintiffs object to all categories as overbroad and that, at most, the categories should be limited to reports and data relating to warranty claim information, field reports, including dealer and product evaluation reports, and reports and data relating to consumer complaints. The defendants assert that their proposed categories, as drafted, simply seek to illustrate types of documents that may contain the information that it contends the NHTSA deems to be confidential for Freedom of Information Act ["FOIA"] purposes. As to the final category, defendants assert that it does not substantively expand the scope of documents that it seeks to designate as confidential but is meant to refer to the documents that the NHTSA has declared exempt from FOIA.

The defendants proposed language seems to encompass more than the NHTSA sets forth in 49 C.F.R. § 512, which lists reports and data relating to warranty claims, reports and data relating to field reports, including dealer reports, product evaluation reports and hard copies of such reports, and reports and data relating to consumer complaints. If the defendants have produced such material to the NHTSA and the NHTSA has deemed them to be confidential, then the Court will allow the defendant designate the material as confidential under the terms of this

2.		Subject to the provisions of paragraph 3, in connection with discovery proceedings in this Action, Plaintiffs John M. Dewey, Patrick DeMartino, Patricia Romeo and Jacqueline DelGuercio (collectively, "Plaintiffs") may designate as "Confidential" information or documents produced in discovery that they in good faith believe contains information of a personal nature, including, but not limited to, their addresses, phone numbers, social security numbers or personal financial information.

---

Order.  This type of information is voluntarily produced to the NHTSA and such commercial information, even when submitted to a federal agency, can be deemed confidential under FOIA. Gil, et al. v. Ford Motor Co., Civ. No. 06-122, 2007 WL 2580792 * 2 (N.D. W.V. Sept. 4, 2007). Moreover, the defendants submitted a certification that states that the information identified in this Order is not disclosed outside the company because data regarding consumer complaints and warranty claims involving a specific model year or line would be of potential value to competitors, Gsovski Cert. at ¶ 6, because it may enable the competitor to publicly make negative statements about the product.  In addition, monitoring procedures and techniques are proprietary, id. at ¶ 6-7, and disclosure may provide a competitor a competitive advantage.  This provides good cause for the entry of a tailored discovery confidentiality order.  Gil, 2007 WL 2580792 at 2.  For these reasons, the Court will permit the defendant to designate the documents that fall within the categories set forth above as "confidential."   Nothing herein, however, precludes the plaintiffs from providing information to the NHTSA.  See Beals v. General Motors Corp., Civ. No. 85-825, 1989 WL 384892 *2 (D. Mass. Dec. 4, 1989)(overruling request to preclude plaintiff from providing documents to the NHTSA provided by defendant during discovery that had been labeled "confidential" because it is the government body responsible for highway safety and could obtain the information directly from the defendant).

	Moreover, nothing herein alone permits a party to seal such information from the public record if submitted in connection with a request for nondiscovery relief or at trial.  Local Civ. R. 5.3.

	Finally, the Court reserves the right to modify this Order, particularly if the information is such that issues of public safety are presented.  The parties have not asserted that the information at issue presents such a concern and therefore this Order has been entered based upon the part, the lack of any argument at the public health or safety is impacted by the designation as confidential for discovery purposes.

3. "Confidential" information shall not include, and nothing contained herein shall impose any restrictions on the use or disclosure of any information or document that:

    a. was, is or becomes in the public domain, including, but not limited to, press releases and reports or documents filed with any governmental entity or regulatory body through the actions of any party or entity other than a party to whom such information is produced (the "Receiving Party");

    b. was, is or could be obtained independently of the discovery proceedings in this litigation; or

    c. was or is acquired by the Receiving Party from a third party having the right to disclose such information or material.

4. Subject to the provisions of paragraph 5, documents or information designated "Confidential" may be used only in connection with this Action and any appeals of this Action, and for no other purpose.

5. Nothing contained herein shall prevent the use or disclosure of knowledge gleaned from documents or information designated "Confidential" in connection with actions and any appeals of actions other than this Action and any appeals of this Action.

6. A party designating a document as "Confidential" (the "Designator") may designate documents which that Designator produces as documents or information designated "Confidential" either: (i) before production, by stamping each page containing documents or information designated "Confidential" with the legend "Confidential" or by adding such legend electronically to electronically stored information, or otherwise designating such information and files or datasets containing such information as "Confidential" (ii) on or before ten (10) calendar days after production, if the Designator determines, in good faith, that such documents contain

documents or information designated "Confidential", by stamping each page containing documents or information designated "Confidential" as set forth in subpart (i) of this paragraph and informing all counsel in writing of such designation. Until the expiration of such ten (10) day period with respect to any documents produced, all documents and information contained therein, or exhibits attached thereto, shall be deemed to be documents or information designated "Confidential" and treated as if so designated; provided, however, that a Designating Party which determines, in good faith, that any document previously produced but not designated as provided in subparagraphs (i) and (ii) hereof, contains documents or information designated "Confidential", may at any time advise its adversary of such determination, in which case the parties will confer in good faith and shall endeavor to agree on such steps as will most effectively limit further dissemination of such documents or information designated "Confidential" other than in accordance with the terms of this Order, and, if possible, restore and/or establish the Confidential designation of such information within the meaning of this Order *nunc pro tunc*.

7.   Any party receiving documents or information designated "Confidential" may disclose or make available, by counsel of record, such information only to Qualified Persons. The term "Qualified Persons" includes only the following persons:

   a. the Court (and any appellate court), including court personnel, jurors and alternate jurors;

   b. the named parties to this Action, counsel of record in this Action, or any employee or agent of such counsel who participates or assists in the prosecution or defense of this Action;

  c. copy or computer service workers copying or indexing documents provided that all documents are returned to the Party furnishing them upon completion of these services;

  d. court reporters (including persons operating video recording equipment at depositions) and persons preparing transcripts of testimony to the extent necessary to prepare such transcripts;

  e. Potential, anticipated or actual deposition and trial fact witnesses;

  f. experts, advisors or consultants retained by any Party or its counsel to render assistance in this Action, provided that prior to the disclosure to such persons of any documents or information designated "Confidential", counsel for the party proposing to make such disclosure shall deliver a copy of this Order to such person, and shall explain to such person its terms and that he/she will be bound by it, and such person shall sign a written acknowledgment, in a form substantially similar to Exhibit A hereto, that the foregoing information has been conveyed to and understood by him/her;

  g. any person who is identified as the author or recipient or subject of the documents or information designated "Confidential" in question;

  h. such persons as all undersigned counsel shall consent to in writing prior to the proposed disclosure; and

  i. any former employee (permanent or contract), director or officer of any of the Defendants in the within action whom Plaintiffs have a good faith reasonable belief may have relevant information.

8. Counsel for the party disclosing documents or information designated "Confidential" pursuant to this paragraph shall be responsible for maintaining the executed acknowledgements referenced in subparagraph 6(f) herein.

9. Subject to the provisions of paragraph 4, all Qualified Persons who have received information designated "Confidential" shall safeguard such information so as to avoid its disclosure to persons who are not Qualified Persons.

10. Portions of deposition testimony may be designated as "Confidential" either (i) at the deposition, by making a statement for inclusion in the deposition transcript, or (ii) on or before ten (10) calendar days after receipt of the transcript, by marking a stamp or notice on the transcript of the deposition and informing all counsel in writing of such designation. Until the expiration of such ten (10) day period with respect to any deposition transcript, all deposition testimony and transcripts, and any information contained therein, or exhibits thereto, shall be deemed to be "Confidential" and treated as if so designated. When documents or information designated "Confidential" is designated in a deposition transcript, the party making the designation shall instruct the reporter to make the following notations: (i) on the first page of the transcript: "This transcript contains Information Designated Confidential" and (ii) on each page containing documents or information designated "Confidential." Any additional costs incurred as a result of the "Confidential" designation shall be borne by the Designator.

11. The designation of any information or document, or the contents thereof, as Confidential pursuant to the terms and conditions of this Order shall not be deemed determinative or conclusive of the nature of said documents or information designated "Confidential." Any party to this Action to whom information designated "Confidential" is produced or disclosed may object at any time during the pendency of this Action to the designation of such information as documents or information designated "Confidential." The objection shall be made in writing to counsel for the Designator. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement, either party to the dispute may apply to the Court to resolve via the joint letter protocol. The party seeking the relief

shall initiate the preparation of the letter and the opposing party shall provide its portion no later than five days after receipt. The parties shall submit the joint letter no later than ten calender days after the parties have reached an impasse in their effort(s) to resolve the dispute.[2] All materials whose designation is so objected to shall continue to be treated as documents or information designated "Confidential."

12. No party to this Action concedes that any documents or information designated as Confidential actually is confidential. A party shall not be obligated to challenge the propriety of the designation of any document or information as Confidential at the time of such designation, and failure to do so shall not preclude a subsequent challenge to such designation.

13. If any Designator disseminates information which that Designator has designated as Confidential in a manner inconsistent with the terms of this Order, any party may assert to the Court that such material is no longer entitled to be treated as Confidential.

14. If the receiving party breaches this Order by disclosing or revealing documents or information designated as "Confidential" in a manner or to and extent which is clearly excessive when measured by the legitimate needs of this litigation, the aggrieved party may apply to the Court for appropriate relief or enforcement, subject to the requirements of paragraph 15 hereof.

15. Prior to any application to the Court for relief or enforcement of this Order, the parties shall meet and confer in good faith in an effort to avoid the need to apply to the Court for relief. In ruling on any application for relief or enforcement of this Order, the Court may award the costs of prosecuting or opposing such application, including a reasonable attorneys fee, to the prevailing party if the Court determines that the position taken by such party with respect to such application was presented for any improper purpose, such as to harass, cause unnecessary delay,

---

[2] The Court modified the proposed language so that the dispute is raised in accordance with the joint letter protocol set forth in the Pretrial Scheduling Order.

or needlessly increase the cost of litigation or was not warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law.

16. Nothing herein shall prevent any Qualified Person who has received documents or information designated "Confidential" pursuant to this Stipulation from timely producing such documents or information designated "Confidential" in response to a lawful subpoena or other compulsory process, provided that any Qualified Person receiving such subpoena or process shall (absent a legal prohibition from doing so), as soon as reasonably practical, give notice thereof to the Designator by telephone and facsimile identifying the documents or information designated "Confidential" sought and furnish the Designator with a copy of the subpoena or other compulsory process so as to afford the Designator a reasonable opportunity to seek a protective order.

17. Upon the termination of this Action (whether by judgment, settlement or otherwise), the attorneys for each party who received documents or information designated "Confidential" shall (a) return to each person who produced documents or information designated "Confidential" all copies of the documents or information designated "Confidential" produced by such person or (b) destroy all documents containing documents or information designated "Confidential" (including all copies of documents or information designated "Confidential" and documents containing documents or information designated "Confidential" made by the recipient and other persons to whom the recipient disclosed documents or information designated "Confidential"), and to provide a certification of compliance with this paragraph upon request by any Designator. Counsel may, however, retain for their files correspondence, notes, pleadings, briefs and exhibits, deposition transcripts and exhibits, hearing transcripts and exhibits, and work product materials which contain documents or information designated "Confidential". Counsel shall continue to be

subject to the terms of this Order with regard to any such retained documents or information designated "Confidential".

18. This Court shall retain jurisdiction over all persons subject to this Order after termination of this Action for the purpose of enforcing this Order.

s/Patty Shwartz<br>
UNITED STATES MAGISTRATE JUDGE

## **EXHIBIT A**

      I hereby certify as follows:

a.      I have been provided with documents or information designated "Confidential" pursuant to the Confidentiality Order entered into by the parties in *Dewey and Delguercio v. Volkswagen of America, Inc., et al.,* 07-CV-2249–FSH–PS and 07-CV-2361–FSH–PS (consolidated)*,* pending in the United States District Court for the District of New Jersey, Newark Division.

b.      Prior to receiving any documents or information designated "Confidential", I was provided with a copy of said Confidentiality Order, which I have read and understand.

c.      I agree to be bound by and to comply with all terms of said Confidentiality Order.


Dated: _____, 2008

                                                              _____
                                                                                   [Name]