1  Peter J. Kurshan (PK-6946)
2  CHASE KURSHAN HERZFELD & RUBIN, LLC
   354 Eisenhower Parkway, Suite 1100
3  Livingston, New Jersey 07039-1022
   (973) 535-8840
4

5  Daniel V. Gsovski, Esq. (dg4413)
6  HERZFELD & RUBIN, P.C.
   40 Wall Street
7  New York, New York 10005
   (212) 471-8500
8

9  Attorneys for Defendant
   VOLKSWAGEN GROUP OF AMERICA, INC.
10 *d/b/a Audi of America, Inc., sued herein under its former name Volkswagen of*
11 *America, Inc.*

12                    **UNITED STATES DISTRICT COURT**
13                      **DISTRICT OF NEW JERSEY**

14 | JOHN M. DEWEY, PATRICK          | **CIVIL ACTION NO. 07-2249 (FSH-** |
   | DEMARTINO, PATRICIA ROMEO,      | **PS)**                            |
15 | GERALDINE STIEN and REBECCA     |                                    |
   | NADEAU, On Behalf of Themselves and |                                |
16 | All Others Similarly Situated,) |                                    |
17 |            Plaintiffs,          | **ANSWER AND AFFIRMATIVE**         |
   |                                 | **DEFENSES OF DEFENDANT**          |
18 |      v.                         | **VOLKSWAGEN GROUP OF**            |
   | VOLKSWAGEN                      | **AMERICA, INC.**                  |
19 | AKTIENGESELLSCHAFT,             | (d/b/a Audi of America, Inc., sued herein |
   | VOLKSWAGEN BETEILIGUNGS         | under its former name Volkswagen of |
20 | GESELLSCHAFT M.B.H.,            | America, Inc.)                     |
21 | VOLKSWAGEN OF AMERICA,INC.,     |                                    |
   | AUDI AG, VOLKSWAGEN OF          |                                    |
22 | AMERICA, INC. d/b/a AUDI OF     |                                    |
23 | AMERICA, INC., and VOLKSWAGEN   |                                    |
   | DE MEXICO, S. A. DE C. V.,      |                                    |
24 |            Defendants.          |                                    |

25

26

27

28

-1-

Defendant Volkswagen Group of America, Inc., d/b/a Audi of America, Inc., sued herein under its former name Volkswagen of America, Inc. (hereinafter "VWGoA") hereby answers the Second  Amended Class Action Complaint (the "Complaint") as follows:

1.      Answering the first unnumbered paragraph and numbered paragraph 1 of the Second Amended Class Action Complaint ("Complaint") VWGoA responds that these allegations state legal conclusions to which no response is required.  To the extent any response may be required, the allegations of this paragraph are denied.

2.      Answering paragraph 2 of the Complaint, VWGoA responds that these allegations state legal conclusions to which no response is required.  To the extent any response may be required, the allegations of this paragraph are denied.

3.      Answering paragraph 3 of the Complaint, VWGoA denies the allegations thereof.

4.      Answering paragraph 4 of the Complaint, VWGoA states that this paragraph calls for no responsive pleading.  Insofar as this paragraph may state allegations requiring a responsive pleading, such allegations are denied.

5.      Answering paragraph 5 of the Complaint, VWGoA denies the allegations contained therein

6.      Answering paragraph 6 of the Complaint, VWGoA denies the allegations thereof.

7.      Answering paragraph 7 of the Complaint, VWGoA denies the allegations thereof.

8.      Answering paragraph 8 of the Complaint, VWGoA denies the allegations thereof.

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT**
**VOLKSWAGEN GROUP OF AMERICA, INC.**
**07-2249 (FSH-PS)**

9.      Answering paragraph 9 of the Complaint, VWGoA denies the allegations thereof.

10.      Answering paragraph 10 of the Complaint, VWGoA denies the allegations thereof.

11.      Answering paragraph 11 of the Complaint, VWGoA denies the allegations thereof.

12.      Answering paragraph 12 of the Complaint, VWGoA denies the allegations thereof.

13.      Answering paragraph 13 of the Complaint, VWGoA denies the allegations thereof.

14.      Answering paragraph 14 of the Complaint, VWGoA responds that these allegations state legal conclusions to which no response is required.  To the extent any response may be required, the allegations of this paragraph are denied.

15.      Answering paragraph 15 of the Complaint, VWGoA does not dispute that this Court has jurisdiction over the subject matter of this litigation and, except as expressly so admitted, states that the allegations of paragraph 15 state legal conclusions to which no response is required.  To the extent that a response to such allegations is required, VWGoA denies such allegations of this paragraph.

16.      Answering paragraph 16 of the Complaint, VWGoA waives objection to venue in this District, which renders the remaining allegations of paragraph 16 moot so as not to require a responsive pleading.  To the extent that such allegations may call for any response, they are denied.

17.      Answering paragraph 17 of the Complaint, VWGoA states that this paragraph is redundant in substance of paragraph 16 and repeats and incorporates by

reference its response to paragraph 16 with full force and effect as if fully set forth herein.

18.     Answering paragraph 18 of the Complaint, VWGoA lacks knowledge or information sufficient to form a belief as to these allegations, which, therefore, stand denied.

19.     Answering paragraph 19 of the Complaint, VWGoA lacks knowledge or information sufficient to form a belief as to these allegations, which, therefore, stand denied.

20.     Answering paragraph 20 of the Complaint, VWGoA denies the allegations thereof.

21.     Answering paragraph 21 of the Complaint, VWGoA lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph, which, therefore, stand denied, with the exception of any allegation, express or implied of design defects or causation, which are denied.

22.     Answering paragraph 22 of the Complaint, VWGoA lacks knowledge or information sufficient to form a belief as to these allegations, which, therefore, stand denied.

23.     Answering paragraph 23 of the Complaint, VWGoA lacks knowledge or information sufficient to form a belief as to these allegations, which, therefore, stand denied.

24.     Answering paragraph 24 of the Complaint, VWGoA lacks knowledge or information sufficient to form a belief as to these allegations, which, therefore, stand denied, except as to any allegations of design defect or causation, which are denied.

25.     Answering paragraph 25 of the Complaint, VWGoA denies the allegations thereof.

26.     Plaintiffs have voluntarily dismissed the claims of plaintiff Stein.  As a result no response is required to paragraph 26 of the Complaint, which has become moot.  Insofar as any response may be required to the allegations of this paragraph, they are denied.

27.     Plaintiffs have voluntarily dismissed the claims of plaintiff Stein.  As a result no response is required to paragraph 27 of the Complaint, which has become moot.  Insofar as any response may be required to the allegations of this paragraph, they are denied.

28.     Plaintiffs have voluntarily dismissed the claims of plaintiff Stein. Accordingly, no response is required to paragraph 28 of the Complaint, which has become moot.  Insofar as any response may be required to the allegations of this paragraph, they are denied.

29.     Plaintiffs have voluntarily dismissed the claims of plaintiff Nadeau. Accordingly, no response is required to paragraph 29 of the Complaint, which has become moot.  Insofar as any response may be required to the allegations of this paragraph, they are denied.

30.     Plaintiffs have voluntarily dismissed the claims of plaintiff Nadeau. Accordingly, no response is required to paragraph 30 of the Complaint, which has become moot.  Insofar as any response may be required to the allegations of this paragraph, they are denied.

31.     Plaintiffs have voluntarily dismissed the claims of plaintiff Nadeau. Accordingly, no response is required to paragraph 31 of the Complaint, which has become moot.  Insofar as any response may be required to the allegations of this paragraph, they are denied.

1         32.    Answering paragraph 32 of the Complaint, VWGoA states that the

2   allegations of this paragraph require no response from it, in light of the fact that

3   VWAG is also a named defendant herein and respectfully adopts and incorporates by

4   reference the response of VWAG to this paragraph, with full force and effect as if

5   fully set forth herein.

6         33.    Answering paragraph 33 of the Complaint, VWGoA denies the

7   allegations thereof.

8         34.    Answering paragraph 34 of the Complaint, VWGoA admits that it is a

9   New Jersey corporation, 100% of the common stock of which is owned by

10  Volkswagen AG and that VWGoA is the exclusive authorized importer and distributor

11  of Volkswagen and Audi brand vehicles in the U.S., and, except as expressly so

12  admitted, denies the allegations thereof.

13        35.    Answering paragraph 35 of the Complaint, VWGoA states that the

14  allegations of this paragraph require no response from it, in light of the fact that Audi

15  AG is also a named defendant herein and respectfully adopts and incorporates by

16  reference the response of VWAG to this paragraph, with full force and effect as if

17  fully set forth herein. To the extent that paragraph 35 may require any response,

18  VWGoA lacks knowledge sufficient to form a belief as to such allegations, which

19  stand denied.

20        36.    Answering paragraph 36 of the Complaint, VWGoA states that "Audi of

21  America, Inc." is an unincorporated division of VWGoA and otherwise incorporates

22  by reference and repeats, with full force and effect as if fully stated herein, its

23  response to paragraph 34.

24        37.    Answering paragraph 37 of the Complaint, VWGoA states that the

25  allegations of this paragraph require no response from it, in light of the fact that VWM

26

27

28

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
VOLKSWAGEN GROUP OF AMERICA, INC.
07-2249 (FSH-PS)**

is also a named defendant herein and respectfully adopts and incorporates by reference the response of VWM to this paragraph, when, as and if served, with full force and effect as if fully set forth herein.  To the extent that paragraph 37 may require any response, VWGoA lacks knowledge sufficient to form a belief as to such allegations, which stand denied.

38.   Answering paragraph 38 of the Complaint, VWGoA states that only the second sentence of such paragraph requires any response and denies such allegations. To the extent that plaintiffs' attempted collective definition of all named Defendants as a single entity or actor is intended to attribute any action by one to any of the others, such allegations or attributions, express or implied, are denied, regardless of where they may appear in the Complaint.

39.   Answering paragraph 39 of the Complaint, VWGoA denies the allegations thereof.

40.   Answering paragraph 40 of the Complaint, VWGoA denies the allegations thereof.

41.   Answering paragraph 41 of the Complaint, VWGoA denies the allegations thereof.

42.   Answering paragraph 42 of the Complaint, VWGoA denies the allegations thereof.

43.   Answering paragraph 43 of the Complaint, VWGoA denies the allegations thereof.

44.   Answering paragraph 44 of the Complaint, VWGoA denies the allegations thereof.

45.   Answering paragraph 45 of the Complaint, VWGoA denies the allegations thereof.

1    46.    Answering paragraph 46 of the Complaint, VWGoA denies the
2    allegations thereof.

3    47.    Answering paragraph 47 of the Complaint, VWGoA denies the
4    allegations thereof.

5    48.    Answering paragraph 48 of the Complaint, VWGoA denies the
6    allegations thereof.

7    49.    Answering paragraph 49 of the Complaint, VWGoA denies the
8    allegations thereof.

9    50.    Answering paragraph 50 of the Complaint, VWGoA denies the
10   allegations thereof.

11   51.    Answering paragraph 51 of the Complaint, VWGoA denies the
12   allegations thereof.

13   52.    Answering paragraph 52 of the Complaint, VWGoA denies the
14   allegations thereof.

15   53.    Answering paragraph 53 of the Complaint, VWGoA denies the
16   allegations thereof.

17   54.    Answering paragraph 54 of the Complaint, VWGoA denies the
18   allegations thereof.

19   55.    Answering paragraph 55 of the Complaint, VWGoA denies the
20   allegations thereof.

21   56.    Answering paragraph 56 of the Complaint, VWGoA denies the
22   allegations thereof.

23   57.    Answering paragraph 57 of the Complaint, VWGoA denies the
24   allegations thereof.

25

26

27

28

58.     Answering paragraph 58 of the Complaint, VWGoA denies the allegations thereof.

59.     Answering paragraph 59 of the Complaint, VWGoA denies the allegations thereof.

60.     Answering paragraph 60 of the Complaint, VWGoA denies the allegations thereof.

61.     Answering paragraph 61 of the Complaint, VWGoA denies the allegations thereof.

62.     Answering paragraph 62 of the Complaint, VWGoA denies the allegations thereof.

63.     Answering paragraph 63 of the Complaint, VWGoA denies the allegations thereof.

64.     Answering paragraph 64 of the Complaint, VWGoA denies the allegations thereof.

65.     Answering paragraph 65 of the Complaint, VWGoA denies the allegations thereof.

66.     Answering paragraph 66 of the Complaint, VWGoA denies the allegations thereof.

67.     Answering paragraph 67 of the Complaint, VWGoA denies the allegations thereof.

68.     Answering paragraph 68 of the Complaint, VWGoA incorporates by reference its responses to paragraphs 1 through 67 of the Complaint as if fully set forth herein.

1    69.    Answering paragraph 69 of the Complaint, VWGoA responds that these

2  allegations state legal conclusions to which no response is required.  To the extent any

3  response may be required, the allegations of this paragraph are denied.

4    70.    Answering paragraph 70 of the Complaint, VWGoA responds that these

5  allegations state legal conclusions to which no response is required.  To the extent any

6  response may be required, the allegations of this paragraph are denied.

7    71.    Answering paragraph 71 of the Complaint, VWGoA denies the

8  allegations thereof.

9    72.    Answering paragraph 72 of the Complaint, VWGoA denies the

10 allegations thereof.

11   73.    Answering paragraph 73 of the Complaint, VWGoA responds that these

12 allegations state legal conclusions to which no response is required.  To the extent any

13 response may be required, the allegations of this paragraph are denied.

14   74.    Answering paragraph 74 of the Complaint, VWGoA denies the

15 allegations thereof.

16   75.    Answering paragraph 75 of the Complaint, VWGoA denies the

17 allegations thereof.

18   76.    Answering paragraph 76 of the Complaint, VWGoA denies the

19 allegations thereof.

20   77.    Answering paragraph 77 of the Complaint, VWGoA denies the

21 allegations thereof.

22   78.    Answering paragraph 78 of the Complaint, VWGoA incorporates by

23 reference its responses to paragraphs 1 through 77 of the Complaint as if fully set

24 forth herein.

25

26

27

28

79.     Answering paragraph 79 of the Complaint, VWGoA responds that these allegations state legal conclusions to which no response is required.  To the extent any response may be required, the allegations of this paragraph are denied.  VWGoA further responds that the Uniform Commercial Code, as enacted in New Jersey, speaks for itself.

80.     Answering paragraph 80 of the Complaint, VWGoA denies the allegations thereof.

81.     Answering paragraph 81 of the Complaint, VWGoA denies the allegations contained therein and respectfully refers the Court to the subject express warranties, which speak for themselves.

82.     Answering paragraph 82 of the Complaint, VWGoA denies the allegations thereof.

83.     Answering paragraph 83 of the Complaint, VWGoA denies the allegations thereof.

84.     Answering paragraph 84 of the Complaint, VWGoA denies the allegations thereof.

85.     Answering paragraph 85 of the Complaint, VWGoA denies the allegations thereof.

86.     Answering paragraph 86 of the Complaint, VWGoA incorporates by reference its responses to paragraphs 1 through 85 of the Complaint as if fully set forth herein.

87.     Answering paragraph 87 of the Complaint, VWGoA responds that these allegations state legal conclusions to which no response is required.  To the extent any response may be required, the allegations of this paragraph are denied.

-11-

88.     Answering paragraph 88 of the Complaint, VWGoA denies the allegations thereof. VWGoA responds that these allegations state legal conclusions to which no response is required.  To the extent any response may be required, the allegations of this paragraph are denied.  VWGoA further responds that the Uniform Commercial Code, as enacted in New Jersey, speaks for itself.

89.     Answering paragraph 89 of the Complaint, VWGoA denies the allegations thereof.

90.     Answering paragraph 90 of the Complaint, VWGoA denies the allegations thereof.

91.     Answering paragraph 91 of the Complaint, VWGoA denies the allegations thereof. VWGoA responds that these allegations state legal conclusions to which no response is required.  To the extent any response may be required, the allegations of this paragraph are denied.  VWGoA further responds that the Uniform Commercial Code speaks for itself.

92.     Answering paragraph 92 of the Complaint, VWGoA lacks knowledge sufficient to form a belief as to allegations of other persons' or entities' states of mind, belief or reliance, which stand denied.  VWGoA denies the remaining allegations of this paragraph.

93.     Answering paragraph 93 of the Complaint, VWGoA denies the allegations thereof.

94.     Answering paragraph 94 of the Complaint, VWGoA denies the allegations thereof.

95.     Answering paragraph 95 of the Complaint, VWGoA denies the allegations thereof.

96.     Answering paragraph 96 of the Complaint, VWGoA incorporates by reference its responses to paragraphs 1 through 95 of the Complaint as if fully set forth herein.

97.     Answering paragraph 97 of the Complaint, VWGoA denies the allegations thereof.

98.     Answering paragraph 98 of the Complaint, VWGoA denies the allegations thereof.

99.     Answering paragraph 99 of the Complaint, VWGoA denies the allegations thereof.

100.    Answering paragraph 100 of the Complaint, VWGoA denies the allegations thereof.

101.    Answering paragraph 101 of the Complaint, VWGoA denies the allegations thereof.

102.    Answering paragraph 102 of the Complaint, VWGoA denies the allegations thereof.

103.    Answering paragraph 103 of the Complaint, VWGoA incorporates by reference its responses to paragraphs 1 through 102 of the Complaint as if fully set forth herein.

104.    Answering paragraph 104 of the Complaint, VWGoA responds that these allegations state legal conclusions to which no response is required.  To the extent any response may be required, the allegations of this paragraph are denied.

105.    Answering paragraph 105 of the Complaint, VWGoA responds that these allegations state legal conclusions to which no response is required.  To the extent any response may be required, the allegations of this paragraph are denied.

-13-

106.   Answering paragraph 106 of the Complaint, VWGoA denies the allegations thereof.

107.   Answering paragraph 107 of the Complaint, VWGoA denies the allegations thereof.

108.   Answering paragraph 108 of the Complaint, VWGoA denies the allegations thereof.

109.   Answering paragraph 109 of the Complaint, VWGoA incorporates by reference its responses to paragraphs 1 through 108 of the Complaint as if fully set forth herein.

110.   Answering paragraph 110 of the Complaint, VWGoA responds that these allegations state legal conclusions to which no response is required.  To the extent any response may be required, the allegations of this paragraph are denied.

111.   Answering paragraph 111 of the Complaint, VWGoA denies the allegations thereof.

112.   Answering paragraph 112 of the Complaint, VWGoA denies the allegations thereof.

113.   Answering paragraph 113 of the Complaint, VWGoA denies the allegations thereof.

114.   Answering paragraph 114 of the Complaint, VWGoA incorporates by reference its responses to paragraphs 1 through 113 of the Complaint as if fully set forth herein.

115.   Answering paragraph 115 of the Complaint, VWGoA responds that these allegations state legal conclusions to which no response is required.  To the extent any response may be required, the allegations of this paragraph are denied.

-14-

116.   Answering paragraph 116 of the Complaint, VWGoA responds that these allegations state legal conclusions to which no response is required.  To the extent any response may be required, the allegations of this paragraph are denied.

117.   Answering paragraph 117 of the Complaint, VWGoA denies the allegations thereof.

118.   Answering paragraph 118 of the Complaint, VWGoA denies the allegations thereof.

119.   Answering paragraph 119 of the Complaint, VWGoA denies the allegations thereof.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

(Law of the Case – Failure to Replead in Compliance with Dismissal Order)

1.   Plaintiffs' Complaint, in virtually every material respect, fails to make any effort to correct the deficiencies which this Court has found required dismissal of certain causes of action, albeit with leave to replead.  As directed by the Magistrate Judge, VWGoA responds in the first instance by filing this Answer to the Second Amended Complaint.  Such filing is without waiver, and with express reservation of VWGoA's rights to seek judgment on the pleadings under Rule 12(c), Fed.R.Civ.P., with respect to any aspects of the Second Amended Complaint which fail to comply with Judge Hochberg's orders, rulings and directives, which currently establish the law of the case in this matter.

1

## SECOND AFFIRMATIVE DEFENSE

2

### (Failure to State Claim)

3      2.    Plaintiffs' Complaint, and each and every count or cause of action

4  therein, fails to state facts sufficient to constitute any claim or cause of action against

5  VWGoA.

6

## THIRD AFFIRMATIVE DEFENSE

7

### (Statute of Limitations)

8      3.    Some or all of the claims and causes of action of the Plaintiffs and certain

9  members of the class are barred by the applicable statutes of limitations.

10

## FOURTH AFFIRMATIVE DEFENSE

11

### (Estoppel)

12      4.    Plaintiffs and certain members of the putative class are estopped by their

13  or their agent's conduct from recovering any relief by their Complaint, or any

14  purported claim or cause of action alleged therein.

15

## FIFTH AFFIRMATIVE DEFENSE

16

### (Waiver)

17      5.    By their conduct, Plaintiffs and certain members of the putative class

18  have waived any right to recover any relief sought in their Complaint, or any

19  purported claim or cause of action alleged therein.

20

## SIXTH AFFIRMATIVE DEFENSE

21

### (Laches)

22      6.    The claims of Plaintiffs and certain members of the putative class are

23  barred by the doctrine of laches.

24

25

26

27

28

-16-

1

## SEVENTH AFFIRMATIVE DEFENSE

(Failure to Notify of Breach of Warranty)

7.      Pursuant to the Uniform Commercial Code, Plaintiffs' claims and those of certain members of the putative class are barred by their failure to notify VWGoA of any breach of VWGoA's purported obligations within a reasonable time of when they discovered or should have discovered such breach.

## EIGHTH AFFIRMATIVE DEFENSE

(Doctrine of Primary Jurisdiction)

8.      Some or all of Plaintiffs' claims and causes of action are barred by the doctrine of primary jurisdiction in that the National Highway Traffic Safety Administration has special competence in this area and, thus, the Court should withhold any resolution of this dispute until NHTSA has had opportunity to consider Plaintiffs' claims.

## NINTH AFFIRMATIVE DEFENSE

(Preemption)

9.      Some or all of Plaintiffs' claims and causes of action are preempted by the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. § 30101.

## TENTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

10.      Some or all of Plaintiffs' claims and causes of action, and those of certain members of the putative class, are barred by their failure to exhaust available administrative remedies.

-17-

1

## ELEVENTH AFFIRMATIVE DEFENSE

(Economic Loss Doctrine)

11.     Some or all of the claims and causes of action of Plaintiffs and certain members of the putative class are barred by the economic loss doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

(Lack of Standing)

12.     Some or all of the putative class members lack standing to assert the claims or causes of action asserted herein.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Failure to Meet Requirements of Class Action)

13.     Plaintiffs' Complaint fails to state facts sufficient to certify a class action pursuant to Federal Rule of Civil Procedure 23 in that the putative class is not so numerous that joinder of all members is impracticable,  Plaintiffs' claims are not typical of the class they purport to represent, common questions of law and/or fact do not predominate, Plaintiffs are not adequate representatives of the purported class, and because a class action is not the superior method for adjudicating this dispute and, accordingly, this action is not properly brought as a class action.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Adequate Remedy At Law)

14.     The claims or causes of action of Plaintiffs and certain members of the putative class which seek injunctive relief and restitution are barred in light of the fact that Plaintiffs have an adequate remedy at law.

-18-

1

## FIFTEENTH AFFIRMATIVE DEFENSE

2

(Good Faith)

3    15.    Any conduct or actions undertaken by or on behalf of VWGoA regarding

4    the allegations in the Complaint, if any, were undertaken in good faith, without

5    malice, and pursuant to the reasonable conduct of VWGoA.

6

## SIXTEENTH AFFIRMATIVE DEFENSE

7

(Conduct Not Fraudulent Nor Likely to Mislead)

8    16.    VWGoA's conduct, as alleged in the Complaint, is and was not likely to

9    mislead the public.

10

## SEVENTEENTH AFFIRMATIVE DEFENSE

11

(Relief Limited)

12    17.    The relief available to Plaintiffs and the putative class members, if indeed

13    they have suffered any injury, is circumscribed by the terms of the limited warranties

14    consented to by Plaintiffs and the putative class and received upon purchase or lease

15    of their vehicles.

16

## EIGHTEENTH AFFIRMATIVE DEFENSE

17

(No Reasonable Reliance)

18    18.    Plaintiffs and the putative class members did not rely upon, or have the

19    right to reasonably rely upon, any alleged representations, promises or statements,

20    whether oral or written, in that any way varied from or modified the written warranties

21    consented to by Plaintiffs and the putative class.

22

23

24

25

26

27

28

## NINETEENTH AFFIRMATIVE DEFENSE

(Misuse)

19.   Plaintiffs and the putative class members or others altered, repaired, damaged, failed to maintain or misused the vehicles, precluding them from asserting a cause of action against VWGoA relating to the matters set forth in the Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

(Violation of Warranty)

20.   Plaintiffs and the putative class members or others altered, repaired, damaged, failed to maintain or misused the vehicles so as to violate the terms of the written warranty.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Contributory Fault)

21.   Some or all of the claims of Plaintiffs and putative class members may be barred in whole or in part by their own contributory fault.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Violation of Due Process)

22.   Plaintiffs' claims violate the constitutional rights of VWGoA and certain members of the putative class under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution by improperly applying New Jersey or other state's law to claims stemming from purchases or leases that took place outside of such states.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Failure to State Claim for Attorney's Fees)

23.   Plaintiffs' Complaint fails to state facts sufficient to constitute a claim for recovery of attorney's fees.

1

## **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

2

(No Consequential Damages)

3     24.    The consequential damages claims of Plaintiffs and the putative class

4 members are precluded by the written limited warranties consented to by Plaintiffs

5 and the putative class and received upon purchase or lease of their vehicles.

6

## **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

7

(No Recovery of Prejudgment Interest)

8     25.    Plaintiffs and members of the putative class are not entitled to recover

9 pre-judgment interest because their alleged damages are not certain or capable of

10 being made certain by any calculation.

11

## **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

12

(Violation of Due Process)

13     26.    Some or all of the statutory provisions which may be invoked in support

14 of the First Claim are unconstitutionally vague in violation of VWGoA's right of Due

15 Process and Equal Protection under the Fifth and Fourteenth Amendments to the

16 United States Constitution.

17

## **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

18

(Violation of Commerce Clause)

19     27.    Plaintiffs' Complaint, in whole or in part, seeks extraterritorial

20 application of one or more states' laws in a manner which unconstitutionally impedes

21 interstate commerce in violation of the Commerce Clause of the United States

22 Constitution.

23

24

25

26

27

28

-21-

1

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

2

(Claims for Punitive Damages Unconstitutional)

3      28.    Plaintiffs' claim for treble and/or punitive and/or exemplary damages is

4  barred by the due process clauses of the Fifth and Fourteenth Amendments to the

5  United States Constitution, and the excessive fines clause of the Eight Amendment to

6  the United States Constitution, made applicable to the states through the Fourteenth

7  Amendment.

8

### TWENTY-NINTH AFFIRMATIVE DEFENSE

9

(Apportionment Required)

10     29.    If Plaintiffs or members of the putative class have suffered any loss or

11  damage, either as alleged in the Complaint or at all, VWGoA is informed and

12  believes, and thereon alleges, that such loss or damage was directly and proximately

13  caused by persons or entities other than VWGoA.  The liability of all responsible

14  parties, named or unnamed, must be apportioned according to their relative degrees of

15  fault or causation, and the liability of VWGoA must be reduced accordingly.

16

### THIRTIETH AFFIRMATIVE DEFENSE

17

(Superseding or Intervening Cause)

18     30.    VWGoA is informed and believes, and thereon alleges, that any and all

19  damages, if any, sustained by Plaintiffs and the putative class were proximately

20  caused, contributed to or aggravated by the acts or omissions of Plaintiffs, or other

21  persons or entities for which VWGoA is neither responsible or liable.  Said acts or

22  omissions were an intervening and/or superseding cause of the injuries, if any, and

23  damages, if any, thus barring Plaintiffs and the putative class from any recovery

24  against VWGoA.

25

26

27

28

-22-

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Negligence of Plaintiffs)

31.     VWGoA is informed and believes, and thereon alleges, that the damages, if any, sustained or suffered by Plaintiffs were legally and proximately caused and contributed to by the negligence, fault, assumption of risk, and other culpable conduct of Plaintiffs, and the Plaintiffs' recovery in this action must be diminished in the proportion that such conduct contributed to the alleged injuries, losses or damages of Plaintiffs.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

32.     Plaintiffs and certain members of the putative class failed to mitigate their damages, if any, in the manner and to the extent required by law and that Plaintiffs' recovery, if any, must be reduced in proportion to the amount attributable to the Plaintiffs' failure to mitigate their damages.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Lack of Causation)

33.     Any breach of warranty of fitness or merchantability, if any, and any other breach of warranty, if any, and any breach of contractual undertakings of VWGoA, if any, were neither the cause in fact nor the proximate cause of Plaintiffs' alleged damages, if any.  Rather, the alleged breaches, if any, were only secondary, inconsequential, and indirect, and in no way contributed to or caused the alleged damages of Plaintiffs.

<b><u>THIRTY-FOURTH AFFIRMATIVE DEFENSE</u></b>

(Disclaimer)

34.    Prior to and at the time of the alleged acts, omissions and conduct of VWGoA as alleged in the Complaint, VWGoA expressly disclaimed, negated and excluded all warranties of the type herein by Plaintiffs, or of any type, expressed or implied, whatsoever.

<b><u>THIRTY-FIFTH AFFIRMATIVE DEFENSE</u></b>

(Lack of Privity of Contract)

35.    VWGoA is informed and believes, and thereon alleges, that Plaintiffs and all members of the putative class have no relationship of privity of contract with VWGoA, thereby barring Plaintiffs from asserting any claims for which privity of contract is required.

<b><u>THIRTY-SIXTH AFFIRMATIVE DEFENSE</u></b>

(Reservation of Defenses)

36.    VWAG reserves the right to assert additional affirmative defenses which may become known or available to it based on discovery and investigation.

**WHEREFORE**, VWGoA prays as follows:

1.    That Plaintiffs and the putative class take nothing by their Complaint;

2.    That Plaintiffs' Complaint herein be dismissed in its entirely with prejudice;

3.    That judgment be entered against Plaintiffs and in favor of VWGoA;

4.    That VWGoA recover its costs of suit herein, including its reasonable attorneys' fees as allowed by contract, law or statute; and

5.    That the Court award such other and further relief as it deems appropriate.

1

Dated: May 12, 2008                            **CHASE KURSHAN HERZFELD & RUBIN, LLC**

2

3                                              By: _____/s/Peter J. Kurshan_____
                                                    Peter J. Kurshan (PK6946)
4                                              354 Eisenhower Parkway, Suite 1100
                                               Livingston, New Jersey 07039-1022
5                                              (973) 535-8840

6
                                               **HERZFELD & RUBIN, P.C.**
7

8                                              By:___/s/ Daniel V. Gsovski_____
                                                    Daniel V. Gsovski, Esq. (dg4413)
9                                              40 Wall Street
                                               New York, New York 10005
10                                             (212) 471-8500
11                                             Attorneys for Defendant
                                               Volkswagen Group of America, Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28