# MAZIE SLATER KATZ & FREEMAN, LLC

COUNSELLORS AT LAW

103 Eisenhower Parkway
Roseland, NJ 07068
(973) 228-9898
Fax (973) 228-0303
www.mskf.net

David A. Mazie*†
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman

\* Certified by the Supreme Court of
  New Jersey as a Civil Trial Attorney

† Certified as a Civil Trial Specialist
  by the National Board of
  Trial Advocacy

Writer's Direct Dial and Email:
(973) 228-0454
ASlater@mskf.net

Counsel
Beth G. Baldinger°
Jeffrey E. Strauss*°

Jennifer D. Pawlak°
Matthew R. Mendelsohn°

° Member of N.J. & N.Y. Bars

June 11, 2008

**VIA ECF AND LAWYER'S SERVICE**

Honorable Patty Shwartz, U.S.M.J.
United States District Court
 for the District of New Jersey
Martin Luther King, Jr. Federal
 Building and Courthouse
50 Walnut Street
Newark, New Jersey 07102

   Re: Dewey v. Volkswagen of America, Inc., et al.
      Civil Action No. 07-2249 (FSH) (PS)

      Delguercio v. Volkswagen of America, Inc., et al.
      Civil Action No.: 07-2361 (FSH) (PS)

Dear Magistrate Judge Shwartz:

   Please accept this joint letter detailing the Dewey and Delguercio Plaintiffs' additional discovery disputes with defendant Volkswagen Group of America, Inc. (sued under its former name "Volkswagen of America, Inc.," hereinafter "VWOA") submitted in accordance with the

Honorable Patty Shwartz
June 11, 2008
Page 2

Amended Pretrial Scheduling Order entered on March 12, 2008 and Order on Informal Application dated June 9, 2008.

A. **PLAINTIFFS' STATEMENT OF BACKGROUND TO DISCOVERY DISPUTE**

On May 21, 2008 the Delguercio Plaintiffs sent a letter to defendant addressing several discovery deficiencies not addressed in the parties' previous joint submission regarding discovery disputes filed on May 20, 2008. On May 23, 2008, after receiving no response from the defendant, the Delguercio Plaintiffs sent a letter to Your Honor on behalf of both the Dewey and Delguercio actions addressing those deficiencies. By letters dated May 27, 2008 and May 29, 2008 defendant, VWOA responded to the issues addressed in the Delguercio Plaintiffs' May 21, 2008 and May 23, 2008 letters. A further letter was sent to counsel for VWGOA by counsel for the Dewey Plaintiffs in connection with these deficiencies. This letter constitutes the exchange with regard to each issue that remains unresolved, including as set forth more fully below, the failure by VWOA to produce all documents by May 20, 2008; VWOA's effort to unilaterally limit 30(b)(6) depositions noticed by plaintiffs; Volkswagen AG's ("VWAG") failure to respond to interrogatories and document demands; and VWGoA's production of documents and other files in German. In addition, this letter addresses two issues that remain unresolved in connection with the Dewey Plaintiffs' May 20, 2008 letter to the Court in connection with the lack of production by VWOA of specific documents and concerning which the parties have conferred in good faith in an effort to resolve any disputes, including communications on April 3, 2008; May 1, 2008; May 7, 2008; and May 15, 2008.

Honorable Patty Shwartz
June 11, 2008
Page 3

### B. GENERAL DISPUTES REGARDING VWOA'S DOCUMENT PRODUCTION

#### 1. VWOA's failure to produce all documents by May 20, 2008.

**DEWEY/DELGUERCIO**: Despite the Court's order that defendant VWOA respond to all document demands by May 20, 2008, Defendant has not completed its production. VWOA agreed to produce all of the outstanding documents by May 20, 2008 and still has not fully complied as of today. VWOA incredibly seeks recognition for its partial production -- an "achievement" that has stalled discovery and delayed critical depositions. Moreover, VWOA trumpets its belated recognition of more privileged documents, yet ignores the fact that no privilege log has ever been produced with regard to these "new" unproduced documents or prior unproduced/redacted documents. Without significant coercion from the Court this process will never end.

**VWOA**: This issue, which Plaintiffs frame by quoting a letter of May 21, 2008, which was misleadingly incomplete when written and has since been overtaken by events, is not "unresolved." In full compliance with Your Honor's directive, defense counsel kept Plaintiffs currently and fully informed of the status of production from VWGoA, which has now yielded Plaintiffs a total of over 70,000 pages of material, including all warranty claims, customer contact logs, and internal communications meeting the criteria for discovery defined in the May 5 Order. The first stage of this production took place, on Friday, May 23, 2008, on which date VWGoA, through our office, produced approximately 23,000 additional pages of documents to Plaintiffs' counsel, pursuant to Your Honor's Order of May 5. We had received these materials in our office on May 16 and 19, 2008, and immediately disclosed this to Plaintiffs' counsel, as well as the fact that reviewing and processing these items would not be possible by the next day,

but that a production would be accomplished by the end of the week – exactly as was done. Actual review and production took place on an extraordinarily expedited schedule, particularly when allowance is made for Mr. Frederick's suddenly increased family commitments and Mr. Gsovski's absence from the office.

Notwithstanding that achievement, defense counsel's review of the documents for production disclosed a substantial number of potentially privileged items as well as some instances in which questions required clarification to be sure that all responsive material had in fact been located. Production tasks were complicated by personnel changes associated with the move of Volkswagen Group of America's headquarters offices, including its Office of General Counsel, from Auburn Hills, Michigan, to Herndon, Virginia. The formal transition from Michigan to Virginia in fact occurred as of May 19, at which time the individual coordinating the document sweep in Michigan left the company, to be replaced by a new hire based in Virginia. We followed up on the items which required additional inquiry as rapidly as possible, but, as we anticipated in my letter of May 27, the process took one or two weeks, as most of the relevant information at VWGoA remained in Michigan, while the new employee coordinating the effort was located in Virginia. Plaintiffs' protest is both moot and meritless.

2. **VWOA's unilateral limitation of 30(b)(6) depositions.**

**DEWEY/DELGUERCIO**: The separately noticed 30(b)(6) depositions relating to entirely distinct subject matters that were to take place by May 30, 3008, and were adjourned due to VWOA to June 18, 2008 per Your Honor's recent Order have been unilaterally limited by the defendant to a single day of depositions, despite the fact that two separate 30(b)(6) deposition

notices were served. In reality, as a result of the defendant's failure to comply with the Order to complete its document production by May 20, 2008, it is not practical for at least one of the 30(b)(6) depositions to take place on June 18, 2008, because we still do not have all the documents and thus cannot adequately prepare and take a meaningful and complete deposition.

The suggestion by VWOA that a total of one 30(b)(6) depositions is to be permitted in the entire course of the case is astounding and obviously unsupported by law. It is far too late for VWOA to now attempt to retroactively change the rules of the game by seeking retroactive modification of the initial discovery order setting forth the discovery permitted in each of the consolidated cases. VWOA sought no limitation or "sharing" of the allotted discovery, particularly depositions, and it is far too late to do so now. We have relied on the initial discovery order and will be greatly prejudiced by a retroactive change at this stage.

**VWOA**: Defendant VWGoA is fully cognizant both of the seven hour rule, and of the fact that it must be relaxed in order to insure a full and fair examination. Defendant has taken no position with respect to the possible extension of the Cameron deposition. Defendant has protested Plaintiffs' claims, in this case and *Dewey*, to be able to duplicate any discovery, notwithstanding this Court's consolidation of these cases for pretrial purposes. In this connection, Plaintiffs openly espouse the idea that Plaintiffs' counsel in the two cases can conduct discovery as an uncoordinated free-for-all, rather than on a consolidated basis. Plaintiffs thus claim to be entitled to two 30(b)(6) depositions by virtue of having each filed their own notice and subject designation. We see the matter completely differently and submit that Your Honor's order of last summer consolidating these cases "for pretrial purposes" only can have no meaning or effect unless it applies to discovery, in which connection discovery in the two cases

must proceed as if they are one. Accordingly, defendants respectfully request that Your Honor direct that all discovery in the case is to be jointly noticed and conducted on behalf of all plaintiffs. Time limitations on depositions would, as in all other cases, depend upon circumstances. However, the concept that any legitimate discovery request, demand or notice can automatically be multiplied by twice any otherwise applicable limit or constraint cannot, we submit, be reconciled with the letter and spirit of the pretrial consolidation of these actions.

3.   **Volkswagen AG's ("VWAG") failure to respond to interrogatories and document demands.**

**DEWEY/DELGUERCIO**: Despite the Court's recent Order, Plaintiffs have not received responses to the interrogatory questions and notices to produce documents, on behalf of VWAG. VWAG's argument that it will not respond timely because its attorneys have been busy producing discovery for VWOA is unavailing. The defendants' choice of common counsel should not serve as a legitimate excuse for delay. Moreover, VWOA has consistently taken the position that it has no design or production information because said information is in VWAG's possession. Thus, VWAG's discovery responses should be materially different from VWOA's responses and must be produced as soon as the Court deems reasonable. Failure to produce documents and provide interrogatory responses will make it impossible for the parties to meet the Court's deadline for class discovery, currently set for June 30, 2008, as well as impairing compliance with the deadline for merits discovery set for September 12, 2008 and expert discovery set for November 19, 2008.

Honorable Patty Shwartz
June 11, 2008
Page 7

**VWOA**: The May 5, 2008 Order directed immediate expansion of VWGoA's production, a process which has now yielded Plaintiffs a total of over 70,000 pages of documents. This process has been both arduous and successful. However, as indicated in our conference and as reflected in the May 5 Order, an absolute priority was given to VWGoA production. As we informed the Court by letter dated May 27, 2008, we could rapidly have served formal discovery responses on behalf of VWAG, which would largely have tracked those by VWGoA. However, in light of the pending joint letter proceedings as to the responses from VWGoA, we believed, and continue to submit, that it makes more sense to have the benefit of Your Honor's guidance and rulings before doing so. That guidance is now in hand in the form of the June 9 order, which we believe is more properly understood as the Court's "recent order." In addition, to the extent that Your Honor orders that discovery shall be jointly propounded and conducted by Plaintiffs, revision and elimination of overlap and duplication in discovery propounded to date would clearly be in order. We understand that something along these lines has in fact been ordered in the June 9 order with respect to *Delguercio* requests 1-12. When that revised discovery is propounded on or before June 13, 2008, VWAG and VWGoA can respond promptly, on or before June 30, 2008. We expect that no further production from VWGoA will be entailed, and that rolling production from VWAG can commence shortly thereafter.

4. **VWGoA's production of documents and multimedia files in German.**

**DEWEY/DELGUERCIO**: The Court's Order on Informal Application dated June 9, 2008 states, "if a party intends to use in any way in this litigation a document that it produced that is written in a foreign language, then the party who seeks to use the document shall provide

Honorable Patty Shwartz
June 11, 2008
Page 8

an English translation of same." We are concerned however, that the Court's ruling leaves open the possibility of Plaintiff being "surprised" with an English translation for the first time during a motion or deposition which would prejudice the Plaintiffs. As such, Plaintiffs request that defendants review all documents and multimedia files produced in German and make a determination by June 30, 2008 which documents it "intends to use" and provide certified English translations.

**VWGoA:** This issue was raised in the joint letter protocol, and, as Plaintiffs acknowledge, resolved by the Court in the June 9 order. This is therefore by definition a matter not within the proper or ordered scope of this joint letter, which, according to Plaintiffs' description at the head of this letter, is to address unresolved issues raised by other correspondence. For that reason alone, it should be refused. In any event, the obligation which Plaintiffs would impose is unsupported by any authority and grossly inappropriate at this stage of the litigation. No party can possibly decide what documents it "intends to use in any way in this litigation," now and forever, at this stage of the case. The clear contemplation of the Court's order is that such determinations will, as usual, be made by counsel, on a document by document basis, in the ordinary course of litigation, which triggering as to any document, an obligation to provide translation. Plaintiffs' proposal apparently seeks to coerce defendants to translate anything they produce, a burden which the governing law clearly and emphatically rejects, and which Your Honor's June 9 Order properly refused to impose. Plaintiffs' attempt to avoid hypothesized prejudice to them at the cost of impermissibly burdening their adversary should not be countenanced.

Honorable Patty Shwartz
June 11, 2008
Page 9

5.  **Remaining Discovery Disputes Specifically Raised By the Dewey Plaintiffs**

**DEWEY Request For Production of Documents No. 34** requests production of "Any and all documents identifying persons with senior responsibility for Volkswagen's practices and procedures in connection with vehicle defects."

**VWOA Response**: VWOA's organizational charts are "live" electronic documents that contain only current data for viewing online by company employees.

**DEWEY**: The parties have met and conferred in an effort to resolve the dispute, including correspondence of April 3, 2008; May 1, 2008; May 7, 2008; and May 15, 2008. Plaintiffs submit that the organizational charts are essential to Plaintiffs' determination of what the chain of command was during the Class Period for the vehicles alleged to be defective and who was responsible for (a) designing the alleged defective components; (b) logging and addressing customer complaints; (c) knowledge of the alleged defects; (d) disseminating allegedly false statements regarding the defective components and the vehicles; and (e) any efforts to redesign the allegedly defective components. Such knowledge will determine which Defendants' officers, agents or employees need to be noticed or subpoenaed for fact discovery in compliance with the Court's Scheduling Orders.

Defendants' responses imply that such charts cannot be produced because older data has been "written over," which in turn implies either that there are no backup tapes maintained by Defendants that include that older data or that backup tapes were not reviewed for such data. However, the Dewey Plaintiffs' Document Request specifically includes electronic data. Further, it is well-settled that Defendants are under an obligation to preserve and produce all relevant electronic files, including those maintained on backup tapes or other archived media.

Honorable Patty Shwartz
June 11, 2008
Page 10

*See Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003). *See also, Zubulake v. UBS Warburg LLC*, 216 F.R.D. 280, 282 (S.D.N.Y. 2003) (allocating costs for restoring backup tapes). Defendants, sophisticated and experienced companies, surely can supply this essential material.

**VWOA:** Plaintiffs seriously misapprehend both the holding in *Zubulake* and the nature of "backup tapes. Under *Zubulake*, the duty to search does not extend beyond data that is "reasonably accessible." Backup tapes presumptively fall outside of that definition as the tapes, unlike hard drives or servers, cannot be queried or searched. Indeed, there is substantial cost associated with the retrieval of data from backup tapes, which are not archival, but rather are created for disaster recovery purposes. As such, they are periodically recycled. VWGoA is not obligated to maintain all its data actively online in anticipation of all potential future lawsuits. See also Rule 37(e)(precluding sanctions for failure to produce date lost through "the routine, good-faith operation of an electronic information system".

If plaintiffs are looking for names of potential deponents, they simply need to review VWGoA's document production, which is complete as of today.

**DEWEY Letter Request** By letters dated April 3, 2008 and May 7, 2008, the Dewey Plaintiffs have requested a list of all custodians for all documents produced by VWOA to-date and for all documents, including for VWAG, to be produced going forward.

**VWOA Response**: No such request was ever propounded by the Dewey plaintiffs.

**DEWEY:** Plaintiffs submit that a custodian list is critical to Plaintiffs' litigation of this case. Without such a list, it is impossible to know from whose files particular documents were

Honorable Patty Shwartz
June 11, 2008
Page 11

retrieved. Such documents by themselves give no indication from whose files they were produced. This is especially important for documents such as, for example, manuals or service bulletins that are not attached to emails. Without a custodian list it may well be impossible to determine who would be an appropriate person to depose or call as a trial witness or even who would be able to authenticate the document. Further, this request is not burdensome given the likelihood that Defendants' counsel knew and know which individual or department created or was custodian of which documents and thus no burden is occasioned by this material and necessary request. Finally, in an effort to promote the efficient litigation of these actions, the Dewey Plaintiffs have requested that defendants accept the letter request in lieu of a formal document request.

**VWOA:** Plaintiffs' attempt to impose, retroactively, a burden which they concede was not part of their formal discovery should be rejected for that reason alone. VWGoA cannot reconstruct the "custodians" from whose files or computers particular documents may have been produced without literally repeating the entire search process, which did not seek to capture this information. Moreover, with respect to documents with identified authors and recipients, e.g. e-mails, this is simply a burdensome and harassing make-work request, as the author and all recipients of such documents appear on the face of the document – they speak for themselves. In addition, the customer contact files ("Listen") and the complete warranty data files are documents which were not produced from any particular custodian's records, but were generated by targeted database queries at the request of counsel. As such, there is no particular "custodian" associated with them, except, possibly the persons who ran the respective database queries. Furthermore, the owner's manuals and warranty booklets are maintained in many areas and were

Honorable Patty Shwartz
June 11, 2008
Page 12

obtained from many sources, all of which are immaterial to these proceedings. For example, a principal source of the Owners literature produced in this case is a library of such material maintained at defense counsel's offices.

                Respectfully submitted,

                /s/Adam Slater
                ADAM M. SLATER
                ERIC D. KATZ
                DAVID M. FREEMAN
                MATTHEW R. MENDELSOHN
                Counsel for Delguercio Plaintiffs

                /s/Samuel P. Sporn
                SAMUEL P. SPORN
                JAY P. SALTZMAN
                Counsel for Dewey Plaintiffs

                /s/Daniel V. Gsovski
                DANIEL V. GSOVSKI
                KEITH FREDERICK
                Counsel for Defendants

H:\EDK\DelGuercio Class\Delguercio Joint Letter Plaintiffs Discovery Disputes and VWoA responses 6-11-08 (FINAL).doc