UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN M. DEWEY, et al., | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| VOLKSWAGEN AG, et al., | : | |
| | : | |
| Defendants. | : | Case Nos.: |
| | : | |
| JACQUELINE DELGUERCIO, et al., | : | 07-CV-2249-FSH-PS |
| | : | 07-CV-2361-FSH-PS |
| Plaintiffs, | : | (consolidated) |
| | : | |
| vs. | : | |
| | : | |
| VOLKSWAGEN GROUP OF AMERICA, INC., et al., | : | |
| | : | |
| Defendants. | : | |

---

**PLAINTIFFS' BRIEF IN SUPPORT OF JOINT APPLICATION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

---

MAZIE SLATER KATZ & FREEMAN, LLC
103 Eisenhower Parkway
Roseland, New Jersey  07068
(973) 228-9898
Attorneys for DelGuercio Plaintiffs

SCHOENGOLD, SPORN, LAITMAN & LOMETTI, PC
19 Fulton Street, Suite 406
New York, New York  10038
(212) 964-0046
Attorneys for Dewey Plaintiffs

HERZFELD & RUBIN, P.C.
125 Broad Street
New York, New York  10005
(212) 471-8512
Attorneys for Defendants

## <u>TABLE OF CONTENTS</u>

Page No.

PRELIMINARY STATEMENT ............................................................. 1

LEGAL ARGUMENT ....................................................................... 6

POINT I ............................................................................... 6

THIS COURT SHOULD GRANT PRELIMINARY
APPROVAL OF THE CLASS SETTLEMENT ................................................ 6

   A.  The Standard For Preliminary Approval Has Been Met ...................... 6

   B.  The Settlement Does Not Improperly Grant Preferential
      Treatment to the Representative Plaintiffs or Any Segment of the Class ............ 7

   C.  The Proposed Notice to Class Members is Adequate ...................... 8

POINT II ............................................................................. 10

THE PROPOSED SETTLEMENT CLASS SHOULD BE CERTIFIED ...................... 10

   A.  The Requirements of Rule 23(a) Have Been Met .......................... 10

      1.  Numerosity ........................................................ 10

      2.  Commonality ...................................................... 11

      3.  Typicality ......................................................... 11

      4.  The Named Plaintiffs Have Fairly and Adequately Protected
         the Interests of the Settlement Class ................................. 12

   B.  The Requirements of Rule 23(b)(3) Have Been Met ...................... 13

      1.  The Predominance Requirement Has Been Met ...................... 14

      2.  The Superiority Requirement Has Been Met ........................ 14

POINT III ............................................................................ 16

THE COURT SHOULD APPOINT PLAINTIFFS' CO-LEAD
COUNSEL AS CLASS COUNSEL ......................................................... 16

i

Page No.

POINT IV ...................................................................................................................18

THE COURT SHOULD SCHEDULE A FAIRNESS HEARING
TO GRANT FINAL APPROVAL OF THE PROPOSED SETTLEMENT
AT LEAST NINETY DAYS FROM THE DATE OF PRELIMINARY
APPROVAL .................................................................................................................18

CONCLUSION .............................................................................................................19

# TABLE OF AUTHORITIES

Page No.

***Citations***

Anchem Products, Inc. v. Windsor, 521 U.S. 591 (1997)..........................................10,14,15

Baby Neal v. Casey, 43 F.3d 48 (1994)..........................................11

Bell Atlantic v. Bolger, 2 F. 3d 1304 (3d Cir. 1993)..........................................6

Chiang v. Veneman, 385 F.3d 256, 265 (3d. Cir. 2004) ..........................................11

Eisen v. Carlisle & Jacquelin, 417 U.S. 156 (1974)..........................................8

Eisenberg v. Gagnon, 766 F.2d 770 (3d Cir. 1985)..........................................14

Georgine v. Amchem Product, Inc., 83 F.3d 610 (3d Cir. 1996)..........................................11

In re Baldwin-United Corp., 105 F.R.D. 475 (S.D.N.Y. 1984)..........................................10

In re DVI Inc. Sec. Litig., 249 F.R.D. 196 (E.D. Pa. 2008)..........................................14

Hydrogen Peroxide Antitrust Litigation, 552 F.3d 305 (3rd Cir. 2009)..........................................16

In re General Motors Corp. Pick-Up Truck Fuel Tank
Products Liab. Litig., 55 F.3d 768 (3d Cir. 1995)..........................................6

In re Prudential Sec. Inc. Limited Partnerships Litigation,
163 F.R.D. 200 (S.D.N.Y. 1995)..........................................6

In re Prudential Ins. Co. v. American Sales Litigation,
148 F.3d 283 (3d. Cir. 1998)..........................................10

In re Prudential Ins. Co., 148 F.3d at 309-310..........................................10,11

In re Remeron End-Payor Antitrust Litig., 2005 WL 2230314 at *11
(D.N.J. Sept. 13, 2005)..........................................12

In re Remeron, 2005 WL 2230314 at *12..........................................14,15

Remeron 2005 WL 2230314 at *28-29..........................................16

In re Warfarin Sodium Anitrust Litig., 391 F. 3d 516 (3d Cir. 2004)..........................................6

Page No.

In Re Warfarin Sodium Antitrust Litig., 212 F.R.D. 231 (D. Del. 2002) ............................ 16

Johnston, 265 F.3d at 185 .................................................................................................. 12,14

Jones v. Commerce Bancorp., Inc., 2007 WL 2085357 at *2 (D.N.J. July 16, 2007) .......... 8,18

Liebman v. J.W. Peterson Coal & Oil Co., 73 F.R.D. 531 (N.D. Ill. 1973).......................... 6

McCoy, 569 F. Supp. 2d at 457 .......................................................................................... 12

Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)................................. 8

Stewart v. Abraham, 275 F.3d 220, 226-227 (3d Cir. 2001)................................................ 10,11

Wachtel, 223 F.R.D. at 213 ................................................................................................. 14

Wal-Mart Stores, Inc. v. Visa USA, Inc.., 396 F.3d 96 (2d. Cir. 2005).............................. 6

Weiss v. York Hosp., 745 F. 2d 786 (3d Cir. 1984)............................................................. 10

Zinberg v. Washington Bancorp, Inc., 138 F.R.D. 397 (D.N.J. 1990)................................ 10

**_Rules_**

Fed. R. Civ. P. 23................................................................................................................ 10

Fed. R. Civ. P. 23(g)(1)(A), (B) ......................................................................................... 16

Fed. R. Civ. P. 23(g)(l)(C)................................................................................................... 16

Rule 23(a) ............................................................................................................................ 6,10,11,12,
13,14

Rule 23(a)(1)........................................................................................................................ 10

Rule 23(a)(2)........................................................................................................................ 11

Rule 23(a)(3)........................................................................................................................ 11

Rule 23(b)............................................................................................................................. 6,13

Rule 23(b)(3) ....................................................................................................................... 10,13

Page No.

Rule 23(c)(2)...........................................................................................................8

Rule 23(g).............................................................................................................17

**_Publications_**

Newberg on Class Actions, 4th Ed. §13:64..........................................................6,10

Manual for Complex Litigation, 4th Ed. §21.632 ...............................................6

## PRELIMINARY STATEMENT

This joint motion presents the proposed settlement of consolidated class action lawsuits involving approximately three million VW and Audi vehicles, of various models for model years 1997-2009.[1] In these actions, Plaintiffs have alleged that the vehicles' sunroof drain systems and, in some instances, the plenum drain systems can clog, allowing water to infiltrate and damage vehicle interiors. Plaintiffs have further alleged that maintenance recommendations for these vehicles did not adequately address the need to clean these drain systems to prevent accumulation of debris that can lead to clogs. Defendants have denied – and continue to deny – these allegations. Nonetheless, for the reasons outlined below and to be set forth in greater detail at the Fairness Hearing, the parties have concluded a comprehensive settlement agreement, which fairly and adequately resolves the matters in issue.

The proposed settlement was finalized after more than two and a half years of hard fought litigation, characterized by; multiple applications to the Court; the exchange and analysis of hundreds of thousands of pages of documents, including highly technical engineering drawings and chemical specifications, many in the German and Spanish languages; and the the depositions of more than 50 witnesses in New Jersey, New York, Virginia, Michigan, and California, some for multiple days and many through German and Spanish language interpreters. and extensive depositions of named plaintiffs, buttressed by vehicle inspections and third party discovery. This process provided both sides with the information needed to craft an appropriate,

---

[1]     The Settlement Agreement is attached to the accompanying Certification of Adam M. Slater, which also provides a more detailed summary of plaintiffs' view of the facts and issues underlying the proposed settlement. The attached declaration of Daniel V. Gsovski outlines defendants' position and reserves their rights to present these positions in greater detail in submissions in support of a final judgment approving the Settlement.

fair and adequate resolution of these actions.  The Court is fully familiar with this process, which was at all times conducted under close judicial supervision and guidance.

The settlement was reached as the litigation neared the final phase of factual discovery, to be followed by expert discovery, and the reciprocal filing of dispositive motions, the plaintiffs' motion for class certification and defendants' opposition.  As this phase loomed, the parties recognized the significant uncertainties and risks faced by the proposed plaintiff class and the defendants, and the benefits of reaching a comprehensive nationwide settlement.  A settlement in principle was reached in August 2009, followed by months of confirmatory discovery including the exchange of thousands of pages of documents, and intensive negotiations, culminating in the January 22, 2010 signing of a formal Settlement Agreement.

The proposed Settlement Class is defined in Section 1.31 of the Settlement Agreement as follows:

(a) all Persons who purchased or leased, new or used, the following Settlement Class Vehicles

- 2001 – 2007 Volkswagen New Beetle  vehicles with Vehicle Identification Number (VIN) below 3VW---1C-7M514779 equipped with sunroof

- 2001-2005 Volkswagen Jetta Wagon A4 vehicles (VIN with "1J" in position 7 and 8) equipped with sunroof

- 2001-2006 Volkswagen Golf A4, Volkswagen GTI A4 vehicles (VIN with"1J" in position 7 and 8), equipped with sunroof

- 2005  - 2007 Volkswagen Jetta A5 vehicles (VIN with "1K" in position 7 and 8) equipped with sunroof

- 2006  - 2007 Volkswagen Golf/GTI A5 vehicles (VIN with "1K" in position 7 and 8) equipped with sunroof

- 1999-2005 Volkswagen Passat B5 vehicles.

- 1997-2006 Audi A4 vehicles, B5 and B6 Platforms (VINs in MY2005 with  "8E" in position 7 and 8 with also "J" or " L" or" V" or" P" or "X" in position 4, VINs in MY2005 and 2006 with "8H" in position 7 and 8)(including Cabrio, S and RS versions

- 1998-2005 Audi A6 C5 vehicles (VINs with "4B" in position 7 and 8) (including Allroad, S and RS versions)

2

and ;

(b)     all persons who currently own or lease the following Settlement Class vehicles:

- 1998-2000 and 2007-2009 Volkswagen New Beetle (VIN 3VW---1C-7M514779 or higher) vehicles equipped with sunroof

- 1997 - 2000 Volkswagen Jetta A3 (VIN with 9M in position 7 and 8) and 2008 - 2009 Volkswagen Jetta A5 vehicles (VIN with "1K" in position 7 and 8) equipped with sunroof

- 1997 - 2000 Volkswagen Golf/GTI A3 (VIN with "1J" in position 7 and 8) and 2008 - 2009 Volkswagen Golf/GTI A5 vehicles (VIN with "1K" in position 7 and 8) equipped with sunroof

- 1998 Volkswagen Passat B5 vehicles

- 1997 Volkswagen Passat B4 and 2006-2009 Volkswagen Passat B6 vehicles equipped with sunroof

- 2004-2009 Volkswagen Touareg vehicles

- 2005-2009 Audi A4 B7 Platform vehicles equipped with sunroof (VINs in MY2005 with "8E" in position 7 and 8 and also "A" or "D" or "K" or "G" in position 4) (including S and RS versions)

- 1997 Audi A6 C4 vehicles

- 2005-2009 Audi A6 C6 vehicles equipped with sunroof (VINs with "4A" or "4F" in position 7 and 8) (including S and RS versions)

- 1997-2009 Audi A8 vehicles  (including S versions)

The proposed settlement provides the following relief to the Settlement Class:

1.     $8 million Reimbursement Fund, against which certain Class Members can submit claims for money expended due to certain repairs (sunroof or plenum drains, carpet, TCM repairs) necessitated by water ingress; with the remainder of the Fund (if any) to be used for five years to fund or reimburse VWGoA payments for repairs beyond warranty made on a case-by-case basis to Settlement Class Members or to authorized Audi or Volkswagen dealers for the benefit of Settlement Class Members pursuant to applicable VWGoA Customer Care procedures. Any residual funds will be donated, with the Court's approval, to an appropriate U.S. research or charitable institution for the general advancement of new automotive technologies in the areas of

3

safety and/or alternative fuels.  In this manner, the Reimbursement Fund will be applied entirely and exclusively for the benefit of the Settlement Class.  No part of the Fund will revert to the defendants, or be subject to Class Counsel's claims for fees and expenses.

2.     The institution of a Service Action for the benefit of owners and lessees of 2001-2007 New Beetle, 2001-2005 Jetta A4's, and 2001-2006 Golf/GTI A4's, providing for the inspection, modification, and repair and cleaning, if necessary, of the front sunroof drains, hoses, and valves.

3.     New Maintenance Recommendations applicable to the entire Settlement Class, advising Class Members how to reduce the potential of foreign matter or debris blocking or clogging the sunroof drain systems and plenum drain systems.  These recommendations include a formal insert to the maintenance schedules recommending that the dealers inspect and clean the plenum drain and sunroof drain systems every 40,000 miles, as part of the regularly scheduled maintenance at that mileage.

4.     In addition, three service actions were instituted by the defendants, following investigations and analysis undertaken as a result of the pendency of the litigation, to the substantial benefit of certain Settlement Class members:

    1.     August, 2007 P9 Service Action providing for the inspection, cleaning, and modification of the 2002 Passat B5 plenums and plenum drains, and front sunroof drain systems, as well as reimbursement for money expended due to water ingress through these systems.

    2.     June, 2008 P9/66C8 Service Action, expanding the P9 to 2001 and 2003-2005 Passats.

3.      August 2007 JU Service Action providing for the inspection, cleaning, and
modification of 2002 Audi A4 and A6 plenums and plenum drains.

It is respectfully submitted that this proposed settlement should be preliminarily
approved, the Settlement Class certified, co-class counsel appointed, and a final fairness hearing
scheduled.

## LEGAL ARGUMENT

## POINT I

## THIS COURT SHOULD GRANT PRELIMINARY APPROVAL OF THE CLASS SETTLEMENT

**A.      The Standard For Preliminary Approval Has Been Met**.

In this Circuit, settlement of class actions and other complex litigation is strongly favored. In re Warfarin Sodium Anitrust Litig., 391 F. 3d 516, 535 (3d Cir. 2004). See also, In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liab. Litig., 55 F.3d 768, 784 (3d Cir. 1995). Where the parties can resolve the litigation through good faith and arms-length negotiations, judicial resources can be preserved and the public interest is furthered. Bell Atlantic v. Bolger, 2 F. 3d 1304 (3d Cir. 1993).

Because preliminary approval is not binding, it should be granted unless the proposed settlement is obviously deficient. Wal-Mart Stores, Inc. v. Visa USA, Inc.., 396 F.3d 96, 116 (2d. Cir. 2005). In the preliminary approval stage, the Court must first determine whether the proposed settlement "appears to fall within the range of possible approval." In re Prudential Sec. Inc. Limited Partnerships Litigation, 163 F.R.D. 200, 209 (S.D.N.Y. 1995); Liebman v. J.W. Peterson Coal & Oil Co., 73 F.R.D. 531, 534 (N.D. Ill. 1973); Newberg on Class Actions, 4th Ed. §13:64. As set forth in the Manual for Complex Litigation, 4th Ed. §21.632:

> Review of a proposed class action settlement generally involves two hearings. First, counsel submit the proposed terms of settlement and the judge makes a preliminary fairness evaluation. In some cases, this initial evaluation can be made on the basis of information already known, supplemented as necessary by briefs, motions, or informal presentations by parties. If the case is presented for both class certification and settlement approval, the certification hearing and preliminary fairness evaluation can usually be combined. The judge should make a preliminary determination that the  proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b).

> The judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing.

In making a preliminary determination of the fairness, reasonableness and adequacy of the settlement, the Court should consider whether the proposed settlement resulted from arms-length negotiations between experienced counsel. Prudential, 163 F.R.D. at 209. This criterion has clearly been satisfied as the settlement was negotiated at arms-length over a period of many months by experienced counsel. The settlement achieves the main goal of the litigation, which was to obtain redress for owners and lessees of settlement class vehicles that had been damaged and who incurred substantial expenses as a result of water ingress through the sunroof drain and/or plenum drain systems, and provides revised maintenance instructions to minimize the potential for future difficulties.

The settlement is the result of informed, arms length negotiations. Before agreeing to the settlement, the parties engaged in vigorous and hard fought litigation, beginning with the defendants' motions to dismiss. Dewey v. Volkswagen, AG, 558 F.Supp. 2d 505 (D.N.J. 2008). The Settlement Agreement was only reached after extensive discovery and a thorough and informed analysis of all factual and legal issues, culminating in protracted arms-length negotiations and the ultimate settlement. Accordingly, the proposed settlement has no obvious deficiencies, meets the requirements for preliminary approval, and this Court should grant the joint application for preliminary approval.

**B.    The Settlement Does Not Improperly Grant Preferential Treatment to the Representative Plaintiffs or Any Segment of the Class**

Although every Class Member does not receive the same benefit, this recovery is reasonable as it takes into account the actual and relative incidence of damage for each of the

7

models of the Settlement Class Vehicles.  The benefits of the settlement will be distributed fairly to eligible Class Members.  Jones v. Commerce Bank Corp., Inc. 2007 WL 2085357 at *2 (D.N.J. July 16, 2007).

The Representative Plaintiffs will each receive $10,000 for their time and efforts on behalf of the Class.  These payments will not be paid out of the Reimbursement Fund, and thus, will not diminish the benefits to the Class as a whole.  These payments are reasonable, since the Representative Plaintiffs actively participated in discovery, collecting and producing documents, answering interrogatories, attending meetings with counsel, and each had to submit to a full day of depositions.  Additionally, each of the Representative Plaintiffs who still had their vehicles had to surrender them to the defendants for a full day of inspection.  Thus, it is fair that the Representative Plaintiffs receive reimbursement for their time and efforts.

**C.    The Proposed Notice to Class Members is Adequate**

Notice is adequate if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 174 (1974), (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950)).

The proposed Notices provide Class Members individual mailed notice, publication notice, and by internet posting, which is adequate under Rule 23(c)(2).  The Notice the parties propose here is clear and straightforward, providing putative Class Members with enough information to evaluate the settlement, as well as procedures to object to the settlement.  The Notices also direct the Class Members to a website and provide the opportunity to contact the Settlement Administrator for more information.    The potential complexity and length of this case, the lengthy, intensive arm's length negotiations, in-depth factual investigations and the

adequacy of the proposed Notice all support preliminary approval of the settlement.

## POINT II

## THE PROPOSED SETTLEMENT CLASS SHOULD BE CERTIFIED

The parties seek preliminary certification of the class for settlement purposes.  In re Baldwin-United Corp., 105 F.R.D. 475, 478 (S.D.N.Y. 1984); Newberg at §13:64.  A class may be preliminarily certified for settlement purposes if it conforms to the requirements of Fed. R. Civ. P. 23.  See, Anchem Products, Inc. v. Windsor, 521 U.S. 591 (1997); In re Prudential Ins. Co. v. American Sales Litigation, 148 F.3d 283, 307-308 (3d. Cir. 1998).  In this settlement, the class satisfies each of the four requirements for class certification under Rule 23(a) and the requirements of Rule 23(b)(3), as applied to settlement classes.[2]

### A.      The Settlement Class Meets The Requirements of Rule 23(a)

### 1.      Numerosity

The numerosity requirement under Rule 23(a)(1) is satisfied where the class is so numerous that joinder of all class member is impracticable.  In re Prudential Ins. Co., 148 F.3d at 309; Zinberg v. Washington Bancorp, Inc., 138 F.R.D. 397, 406 (D.N.J. 1990).  There is no magic number needed to satisfy numerosity; however, in the Third Circuit, numerosity is generally satisfied where the class exceeds 40.  See, Stewart v. Abraham, 275 F.3d 220, 226-227 (3d. Cir. 2001); See also, Weiss v. York Hosp., 745 F. 2d 786, 809 (3d. Cir. 1984) (Ninety-two class members is sufficient to satisfy numerosity.)  Here, the class of present and former owners and lessees of more than three million 1997-2009 Volkswagen and Audi vehicles satisfies the numerosity requirement.

---

[2] Defendants continue to maintain that the Settlement Class could not be properly certified for purposes of litigation, but is appropriate to effectuate the proposed settlement.  See, e.g., Anchem, 521 U.S. at 710 (the court "need not inquire whether the case, if tried, would present intractable management problems for the proposal is that there be no trial.")  In the event that this settlement is not effectuated and the case is litigated, defendants reserve the right to dispute the satisfaction of any and all requirements of Rule 23, Fed.R.Civ.P. in the litigation context.

2.    **Commonality**

To satisfy the commonality requirement under Rule 23(a)(2), plaintiffs must demonstrate that "at least one question of fact or law is common to each member of [the] prospective class." Stewart v. Abraham, 275 F.3d at 227.   Class members do not have to share identical claims or claims arising from the same operative facts.   See, In re Prudential Ins., 148 F.3d at 310; Baby Neal v. Casey, 43 F.3d 48, 57 (1994) (Factual differences in the claims of class members do not defeat certification).   The commonality standard of Rule 23(a)(2) is not a high bar; it will be satisfied if the named plaintiffs share at least one question of law or fact with the class. Chiang v. Veneman, 385 F.3d 256, 265 (3d. Cir. 2004).

In addition to the claimed similarities between and among the sunroof drains and plenums at issue, the proposed settlement addresses and resolves plaintiffs' claims through relief mechanisms specifically provided for defined categories of claims and vehicles, clearly meeting the Rule 23(a) test for commonality.

3.    **Typicality**

In order to satisfy the typicality requirement of Rule 23(a)(3), the claims or defenses of the representative parties must be typical of the claims or defenses of the class. See, Georgine v. Amchem Product, Inc., 83 F.3d 610, 631 (3d Cir. 1996).  Typicality seeks to insure that there are no conflicts between the class representatives' claims and the claims of the class members that the "named plaintiffs have incentives that align with those of absent class members." Baby Neal v. Casey, 43 F.3d at 57.

The claims of the Representative Plaintiffs arising from water ingress into their vehicles through the sunroof drain and/or plenum drain systems are typical of the problems which plaintiffs allege were experienced by other Volkswagen and Audi owners and lessors.  Each

11

Representative Plaintiff claims that water infiltrated the Representative Plaintiffs' vehicle, which plaintiffs attribute to the defective plenum and/or sunroof drain systems and inadequate maintenance instructions, and damage was sustained to the vehicle interior. Accordingly, the typicality requirement of Rule 23(a) is clearly met.

4.      **The Representative Plaintiffs Have Fairly and Adequately Protected the Interests of the Settlement Class**

Adequacy of representation is a two part inquiry which asks (a) whether the class representatives have interests antagonistic to those of the class, and (b) whether class counsel are qualified, experienced, and generally able to conduct the proposed litigation. See Johnston, 265 F.3d at 185. Here, the Representative Plaintiffs have demonstrated through their efforts on behalf of the Class that they share the Settlement Class's interest in obtaining redress from the defendants for damage caused to Settlement Class Vehicles as a result of defects in the sunroof drain and/or plenum drain systems, and inadequate maintenance recommendations. Thus, the Representative Plaintiffs have the same interest as the settlement class. See In re Remeron End-Payor Antitrust Litig., 2005 WL 2230314 at *11 (D.N.J. Sept. 13, 2005), (Hochberg, J.)

In addition, Co-Lead Counsel are "qualified [and] experienced and . . . able to conduct the . . . litigation[.]" McCoy, 569 F. Supp. 2d at 457. Co-Lead Counsel, in consultation with the Representative Plaintiffs, have worked diligently and vigorously to pursue the Settlement Class's claims in order to maximize the recovery, as well as to negotiate and obtain the favorable settlement presented on this application with the consent and approval of the Representative Plaintiffs. Co-Lead Counsel conducted extensive discovery and investigated public and non-public sources of information relating to the claims and the underlying events alleged in the Complaint; reviewed and analyzed the evidence adduced during discovery; consulted with various experts from the automotive industry as to the many technical issues involved in the

12

design and manufacture of the Settlement Class Vehicles, as well as defendants' claims handling practices; researched the applicable law with respect to the claims alleged and the potential defenses thereto in all 50 states; undertook extensive arms-length settlement negotiations; devised a plan to allocate the benefits of the Settlement that will ensure that all Settlement Class Members are treated fairly and reasonably; appropriately memorialized the agreements reached with the Defendants in the Settlement Agreement; and accurately summarized the Settlement and its components in the Notices presented to the Court for transmittal to all potential Settlement Class Members.  The aforementioned work performed provides sufficient examples of counsel's contributions and competency in this case.

**B.      The Settlement Class Meets the Requirements of Rule 23(b)(3)**

In addition to meeting the prerequisites of Rule 23(a), a class action must satisfy the requirements of at least one of the subdivisions of Rule 23(b). In this case, the requirements of Rule 23(b)(3) are satisfied. That Rule provides:

> (b)  A class action may be maintained if Rule 23(a) is satisfied and if:  (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

1.      **The Settlement Class Meets The Predominance Requirement**

"Predominance measures whether the class is sufficiently cohesive to warrant certification." In re DVI Inc. Sec. Litig., 249 F.R.D. 196, 207 (E.D. Pa. 2008); Anchem, 521 U.S. at 623.   Because the commonality prong of Rule 23(a) overlaps with the predominance requirement of 23(b)(3), courts frequently examine the two requirements together. "Predominance, however, requires more than the existence of common issues of law and fact. The common issues must be numerically and qualitatively substantial in relation to individual issues." Wachtel, 223 F.R.D. at 213 (internal citations omitted).   As set forth above, the commonality requirement under 23(a)(2) is satisfied here.   While predominance requires that common questions outweigh individual questions, see Johnston, 265 F.3d at 185, the existence of individual questions of fact does not per se preclude class certification.  In re Remeron, 2005 WL 2230314 at *11 (citing Eisenberg v. Gagnon, 766 F.2d 770, 787 (3d Cir. 1985)).

Here, for purposes of settlement, the parties are in agreement that the predominance test is plainly met.  The proposed settlement makes relief available across the board based solely on easily ascertainable criteria, bypassing whatever individual evidentiary and factual issues could arise in determining liability or damages in litigation. In addition, the proposed settlement is to be entirely governed by the law of New Jersey, thus obviating issues resulting from the application of numerous states' laws.  As a result, with respect to the proposed Settlement, common questions of law and fact predominate over any individual issues that might have arisen in this Action had it been litigated rather than settled.

2.      **The Settlement Class Meets The Superiority Requirement**

The Representative Plaintiffs have also met the superiority requirement.  When considering a proposed settlement class for purposes of superiority, the court "need not inquire

whether the case, if tried, would present intractable management problems for the proposal is that there be no trial." Anchem, 521 U.S. at 710.  A class action is considered superior where individual class members have little interest in individually controlling the prosecution or defense of separate actions because each consumer has a very small claim in relation to the cost of prosecuting a lawsuit.  See In re Remeron, 2005 WL 2230314 at *12 (citations omitted). In fact, in such a situation it is not economically feasible for individuals to seek relief, leaving aggrieved persons without any effective redress absent the class action device. Id.  Further, in contrast to the inefficiency of duplicative individual lawsuits, resolving all plaintiffs' claims in a single proceeding allows for substantial economies of time, effort and expense for the litigants as well as the Court.  Id. at *12 (citations omitted).  Further, allowing this class settlement to go forward will avoid potentially duplicative litigation, potentially inconsistent rulings, and save judicial resources. See In re Remeron, 2005  WL 2230314 at *12.

Clearly, settling the action as a class action is superior to other methods.  Individual Class Members have not demonstrated to this point an interest in controlling this action.  In fact, the average warranty claims based upon the issues in the case are less than $2,000 per claimant, so it is unlikely that any individual Class Member would pursue an individual claim or achieve any recovery in the absence of this comprehensive action.

## POINT III

## THE COURT SHOULD APPOINT PLAINTIFFS' CO-LEAD COUNSEL AS CLASS COUNSEL

Under Rule 23, "a court that certifies a class must appoint class counsel…[who] must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(A), (B).  In making this determination, the Court must consider counsel's: (1) work indentifying or investigating potential claims; (2) experience in handling class actions or other complex litigation, and the types of claims asserted in the case; (3) knowledge of the applicable law; and (4) resources committed to representing the class.  Fed. R. Civ. P. 23(g)(l)(C).  See In Re Warfarin Sodium Antitrust Litig., 212 F.R.D. 231, 261 (D. Del. 2002); Remeron 2005 WL 2230314 at *28-29.

Plaintiffs' Co-Lead Counsel have significant experience in complex litigation, product liability cases, and class actions, and are well aware of the controlling law and its impact on this litigation (i.e. the impact of the decision in Hydrogen Peroxide Antitrust Litigation, 552 F.3d 305 (3rd Cir. 2009), regarding the timing of dispositive motions and class certification motions, which was discussed at length with the Court, and formed the basis of the last extended schedule).  The Court is well aware of the work performed by counsel to develop these cases, having conducted many conferences, both formal and informal, addressing a wide scope of substantive and procedural issues.  As the Court is well aware from their numerous applications and appearances in this case, Co-Lead Counsel have diligently investigated, prosecuted, and settled this action, dedicated substantial resources to the investigation and prosecution of the claims at issue in the action, and demonstrated their knowledge of the applicable law.  In fact, hundreds of thousands of dollars has been expended by Co-Lead Counsel to date in pursuing these claims. Therefore, the Court should appoint Plaintiffs' Co-Lead Counsel to serve as Class Counsel for the

Settlement Class pursuant to Rule 23(g).

## POINT IV

**THE COURT SHOULD SCHEDULE A FAIRNESS HEARING TO GRANT FINAL APPROVAL OF THE PROPOSED SETTLEMENT AT LEAST NINETY DAYS FROM THE DATE OF PRELIMINARY APPROVAL**

Finally, the parties request that the Court schedule a fairness hearing to grant final approval of the proposed settlement. Jones v. Commerce Bancorp., Inc., 2007 WL 2085357 at *2 (D.N.J. July 16, 2007). The parties have agreed that the Notice of Settlement should be disseminated no later than 45 days after preliminary approval by the Court. CAFA regulations require that Defendants provide regulatory agencies notice of the proposed settlement at least 90 days prior to the formal hearing on settlement approval. Therefore, the parties request that the fairness hearing be scheduled 140 days after the date of the entry of the Order granting preliminary approval of the proposed settlement.

## CONCLUSION

For the reasons set forth herein and in the supporting certifications of counsel, the parties' joint application for preliminary approval should be granted.

Respectfully submitted,

MAZIE SLATER KATZ & FREEMAN, LLC
Attorneys for DelGuercio Plaintiffs


By:____/s/ Adam M. Slater_____
      ADAM M. SLATER

SCHOENGOLD & SPORN, PC
Attorneys for Dewey Plaintiffs


By:____/s/ Samuel P. Sporn_____
      SAMUEL P. SPORN



HERZFELD & RUBIN, P.C.


By: ___/s/ Jeffrey L. Chase_____
      JEFFREY L. CHASE


By:____/s/ Daniel V. Gsovski_____
      DANIEL V. GSOVSKI

Dated:  January 29, 2010

19