# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN M. DEWEY, PATRICK DEMARTINO, PATRICIA ROMEO, RONALD B. MARANS and EDWARD O. GRIFFIN, *on Behalf of Themselves and All Others Similarly Situated,*<br>　　　　　　　　　Plaintiffs,<br>v.<br>VOLKSWAGEN AG, VOLKSWAGEN BETEILIGUNGS GESELLSCHAFT MBH, VOLKSWAGEN GROUP OF AMERICA, INC. (f/k/a VOLKSWAGEN OF AMERICA, INC.), AUDI AG, VOLKSWAGEN GROUP OF AMERICA, INC. d/b/a AUDI OF AMERICA, INC., AUDI OF AMERICA, LLC and VOLKSWAGEN DE MEXICO, S.A. DE C.V.,<br>　　　　　　　　　*Defendants.* | Case Nos.:<br><br>07-CV-2249-FSH-PS<br>07-CV-2361-FSH-PS<br>(consolidated)<br><br>**CLASS ACTION**<br><br>AGREEMENT OF SETTLEMENT |
| JACQUELINE DELGUERCIO, LYNDA GALLO, FRANCIS NOWICKI and KENNETH BAYER, *individually and on Behalf of All Others Similarly Situated,*<br>　　　　　　　　　Plaintiffs,<br>v.<br>VOLKSWAGEN OF AMERICA, INC., VOLKSWAGEN GROUP OF AMERICA, INC., VOLKSWAGEN OF AMERICA, INC. d/b/a AUDI OF AMERICA, INC., VOLKSWAGEN AG, AUDI AG, VOLKSWAGEN DE MEXICO, S.A. DE C.V. and ABC ENTITIES 1-20.,<br>　　　　　　　　　*Defendants.* | |

THIS AGREEMENT ("Settlement Agreement") is entered into this twenty-second day of January, 2010, by and between Defendants Volkswagen Group of America, Inc., (sued herein under its former name "Volkswagen of America, Inc.," and its unincorporated division Audi of America, Inc.), Volkswagen AG, Audi AG and Volkswagen de Mexico, S.A. de C.V. (all hereinafter, collectively, "Defendants") and Plaintiffs in the above-captioned actions (hereinafter, the "Litigation"), by and through the undersigned counsel for Plaintiffs ("Plaintiffs' Counsel") and Defendants ("Defendants' Counsel"), all of whom are collectively referred to as the "Settling Parties."

WHEREAS, Volkswagen Group of America, Inc. is a corporation organized under the laws of the State of New Jersey, and is engaged in the business, among other things, of distributing products, including automobiles, parts and accessories, manufactured by or for Volkswagen AG, a corporation organized and existing under the laws of the Federal Republic of Germany, Audi AG, a corporation organized and existing under the laws of the Federal Republic of Germany, and/or Volkswagen de Mexico, S.A. de C.V., a corporation organized and existing under the laws of Mexico;

WHEREAS, Kenneth Bayer, John M. Dewey, Jacqueline Delguercio, Patrick DeMartino, Lynda Gallo, Edward O. Griffin, Ronald B. Marans, Francis Nowicki and Patricia Romeo, (the "Representative Plaintiffs") are the named Plaintiffs in litigation which is now pending in the United States District Court for the District of New Jersey, Newark Division (hereinafter, the "Court"), filed as putative class actions on behalf of owners and lessees of certain Volkswagen and Audi brand vehicles;

WHEREAS, the Representative Plaintiffs seek compensatory damages for losses, and injunctive relief, and assert that the Litigation should proceed as a class action;

WHEREAS, Defendants deny all material allegations in the pleadings, deny that any products which are the subject of this lawsuit are defective in any way, deny any wrongdoing of any kind and maintain that a class action could not properly be certified or maintained for purposes of litigation as opposed to settlement;

WHEREAS, the Representative Plaintiffs and Defendants have conducted extensive discovery, including depositions of the Representative Plaintiffs and of corporate representatives and other knowledgeable personnel employed by Defendants, as well as third party witnesses, have exchanged relevant information and voluminous documents, in response to formal and informal discovery requests, and have further conducted their own independent investigations and analyses of the facts and legal issues, including consultation with and research by experts and consultants retained for purposes of the Litigation;

WHEREAS, the Representative Plaintiffs and Defendants recognize the uncertainties of the outcome in the Litigation, and appreciate the likelihood that any final result would require years of further complex litigation and substantial expense;

WHEREAS, the Representative Plaintiffs and their counsel on behalf of the Settlement Class, as hereinafter defined, believe, in light of the costs, risks and delay of continued litigation balanced against the benefits of the settlement to the Settlement Class, that settlement at this time, as provided in this Settlement Agreement, will be in the best interests of the Settlement Class;

WHEREAS, the Settling Parties, including their counsel, agree that the settlement provided in this Settlement Agreement is a fair, reasonable and adequate resolution of the Litigation and is in the best interest of the members of the Settlement Class;

WHEREAS, the Settling Parties desire to compromise and settle in the Litigation all issues and claims which have been brought, or which could have been brought, by or on behalf of Persons, as hereinafter defined, who are included in the Settlement Class, except claims arising from personal injury, death or damage to property other than Settlement Class Vehicles, as hereinafter defined;

WHEREAS, the parties desire and intend to seek Court approval of the settlement of the Litigation as set forth in this Settlement Agreement and, upon Court approval, the parties intend also to seek a Final Order and Judgment from the Court dismissing the claims of all members of the Settlement Class with prejudice;

NOW, THEREFORE, it is agreed that, in consideration of the promises and mutual covenants set forth in this Settlement Agreement, and the entry by the Court of a Final Order and Judgment dismissing with prejudice the claims asserted in the Litigation by all members of the Settlement Class, and approving the terms and conditions of the settlement as set forth in this Settlement Agreement, the Litigation shall be settled and compromised under the terms and conditions contained herein.

This Settlement Agreement is made and entered into by and between the Representative Plaintiffs, on behalf of themselves and the Settlement Class, and Defendants to settle and compromise the Litigation and settle, resolve and discharge the Released Claims, as those terms are hereinbefore and hereinafter defined, according to the terms and conditions set forth in this Settlement Agreement.

-4-
AGREEMENT OF SETTLEMENT

1. **DEFINITIONS**

   As used herein, the following terms have the meanings set forth below.

   **1.1** "Authorized Audi Dealership" means an automobile dealership authorized by Volkswagen Group of America, Inc. to sell and service Audi vehicles in the United States.

   **1.2** "Authorized Volkswagen Dealership" means an automobile dealership authorized by Volkswagen Group of America, Inc. to sell and service Volkswagen vehicles in the United States.

   **1.3** "Claim Form" means a document substantially in the form included in Exhibits A.1-A.3, to this Settlement Agreement, which must be fully completed and submitted, together with relevant Proof of Repair, with a timely postmark within seventy-five (75) days of mailing of Notice by the Settlement Administrator (subject to 1.4) in order for a Settlement Class Member to be eligible to receive a Reimbursement Payment under the terms of this Settlement Agreement.

   **1.4** "Claim Period" means the time during which a Settlement Class Member may submit a Claim Form under the Settlement, which will be seventy-five (75) days from the date of mailing of Notice by the Settlement Administrator to that particular Settlement Class Member. In the event a Settlement Class Member receives the Notice at a new mailing address via forwarding from the United States Postal Service, the seventy-five (75) day period to file the Claim Form shall be extended for a period not to exceed fifteen (15) days.

   **1.5** "Claim Procedure" means the procedure specified in this Settlement Agreement for submission of Claim Forms by Settlement Class Members, the processing of such Claim Forms and the distribution of Reimbursement Payments.



-5-
AGREEMENT OF SETTLEMENT

**1.6** "Class Counsel" means Mazie Slater Katz & Freeman, LLC, and Schoengold & Sporn, P.C.

**1.7** "Class Counsel Fees and Expenses" means the amounts approved by the Court pursuant to Article 15 for payment to Class Counsel as reasonable attorneys' fees, costs, litigation expenses and fees and expenses of experts, to be awarded and paid by Defendants separately and not from the Reimbursement Fund.

**1.8** "Class Counsel Fees and Expenses Award" means an award by the Court to Class Counsel of Class Counsel Fees and Expenses pursuant to Article 15.

**1.9** "Court" means the United States District Court for the District of New Jersey.

**1.10** "Defendants" means any or all of: Volkswagen Group of America, Inc., sued herein under its former name "Volkswagen of America, Inc.," including its unincorporated division "Audi of America, Inc" Volkswagen AG, Audi AG and Volkswagen de Mexico, S.A. de C.V. (hereinafter referred to as "VWGoA")

**1.11** "Defendants' Counsel" means Defendants' counsel of record in the Litigation, Chase Kurshan Herzfeld & Rubin, LLC and Herzfeld & Rubin, P.C.

**1.12** "Effective Date" means the first date on which all appellate rights with respect to the Judgment have expired or have been conclusively exhausted in a manner that affirms the Judgment.

**1.13** "Judgment" means the Final Order and Judgment of the Court, not including any Class Counsel Fees and Expenses Award, dismissing the Litigation with prejudice as to Defendants and approving this Settlement Agreement.

**1.14** "Litigation" means the above captioned actions before the Court.



1.15 "Notice" means the Court-approved forms of published and mailed notice of the Settlement to the Settlement Class, substantially in the form of Exhibits A.1- A.5 (Mailed Notice), Exhibit B (Published Summary Notice) and Exhibits C and D (Volkswagen and Audi customer letter and Maintenance Materials) to this Settlement Agreement.[1] As reflected in Exhibits A.1,- A.5, appropriately drafted Notice addressed to Settlement Class Members as to whom relief is separately provided in Sections 4.1, 4.2, 4.3 and 4.4 may be separately addressed to the specific Settlement Class Members as to whom such specific relief is applicable, provided that each Notice discloses the scope of the entire class, a summary of all relief provided to the subclass to which each Notice is addressed, and the fact that different subclasses are provided with different settlement benefits, and a summary description thereof, and provides information as to how any Class Member may obtain a copy of the full Agreement of Settlement, and/or the Notices to each of the subclasses.

1.16 "Notice and Claims Administration Expenses" means all reasonable costs and expenses incurred in connection with preparing, printing, publishing and mailing the Notice, as well as processing Reimbursement Payment claims and administering the Settlement.

1.17 "Notice Plan" means the plan for disseminating Notice to the Settlement Class, as set forth in Article 11 of this Settlement Agreement, which shall include: (1) notice by first-class United States mail to each Settlement Class Member

---

[1] Any unresolved disagreements as to the various Notices to this Settlement Agreement shall be resolved by the Court.



-7-
AGREEMENT OF SETTLEMENT

and (2) notice by publication of a legal advertisement of no less than 1/8 page (of a size and font that is legible and understandable) on one day in the front section of one national edition of USA Today, in the form annexed to the Settlement Agreement as Exhibit B.

    **1.18** "Preliminary Approval Order" means the order to be entered by the Court pursuant to the Settlement preliminarily approving the Settlement as fair and adequate and directing that Notice be given to the class as provided herein, which shall consolidate the Litigation for all purposes.

    **1.19** "Parties" means the Representative Plaintiffs, on behalf of themselves and the Settlement Class, and Defendants.

    **1.20** "Person" means an individual, corporation, limited liability company, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity, and such individual's or entity's spouse, heirs, predecessors, successors, representatives and assignees.

    **1.21** "Proof of Repair" means, pursuant to the Claim Procedure, proof that a Reimbursable Repair was performed on a qualifying Settlement Class Vehicle. Such proof shall consist of one or more contemporaneous writing(s), such as valid receipts, invoices, repair orders or bills, which, either singly, or together and cumulatively, prove all of the following: (1) that a Reimbursable Repair was performed in response to a Settlement Class Member complaint or report of water entry into the passenger compartment of the qualifying Settlement Class Vehicle through or due to the sunroof drain system or plenum area (including through the

-8-
**AGREEMENT OF SETTLEMENT**

pollen filter area); (2) the cost to the customer of such Reimbursable Repair; and (3) payment by the Settlement Class Member for such Reimbursable Repair and the amount thereof. Such contemporaneous writings shall also itemize the parts and labor costs of the Reimbursable Repair unless contemporaneous writings itemizing such parts and labor costs are unavailable, following a good faith effort by the Settlement Class Member to produce the same. In addition, a statement signed by the Settlement Class Member under penalty of perjury under Title 18, section 1623 of the United States Code and any applicable state perjury statute that a Reimbursable Repair was performed and paid for by the Settlement Class Member shall be required.

**1.22** "Regularly Scheduled Maintenance" means the vehicle maintenance schedule for each Settlement Class Vehicle set forth in the owner's literature applicable to such Settlement Class Vehicle issued by the manufacturer or distributor of such Settlement Class Vehicle.

**1.23** "Reimbursable Repair" means cleaning, drying or replacement of carpeting, including padding, and/or repair or replacement of the TCM and/or its attached TCM wiring harness, VW parts numbers 3B1-971-769-E LEITG.SATZ, 3B1-971-769-F LEITG. SATZ, 4B1-971-769-A LEITG. SATZ, 4B1-971-769-B LEITG. SATZ, 4B1-971-769-H LEITG. SATZ, 4B1-971-769-AJ LEITG. SATZ and 3B7-971-769 and Audi parts numbers 4B1-971-769-A, 4B1-971-769-AC, 4B1-971-769-AG, 4B1-971-769-AH, 4B1-971-769-B, 4B1-971-768-E, G, N, 4B1-971-769-H, 4B1-971-769-J, 4B1-971-769-M, 4B1-971-769-R, 4B1-971-769-T, 8D1-971-769, 8D1-971-769-AC, 8D1-971-769-AD, 8D1-971-769-AF, 8D1-971-769-D, 8D1-971-769-L, 8D1-

-9-
AGREEMENT OF SETTLEMENT

971-769-M, 8D1-971-769-P and 8D1-971-769-Q, and/or repair and replacement of any component of the sunroof drain system and/or plenum drain system, in response to a documented customer complaint or report of water entering the passenger compartment through or due to the sunroof drain system or plenum area (including through the pollen filter and its housing) of a Settlement Class Vehicle of the make and models referred to in Sections 4.2, 4.3 and 4.4, which cleaning, drying or repair or replacement was performed prior to the date on which Notice is mailed by the Settlement Administrator and for which Proof of Repair is timely tendered. Reimbursable Repairs shall under no circumstances include claims for repairs or replacement of any component of the sunroof drain system and/or plenum drain system damaged by impact from or collision with another object or claims for economic loss or diminution of value, including, but not limited to, loss or diminution of value claimed to have been sustained or realized in connection with the sale or other disposition of a Settlement Class Vehicle.

**1.24** "Reimbursement Fund" means the fund established and maintained pursuant to Sections 5 and 6, respectively, including all interest earned thereon, which shall be applied solely and exclusively to the payment of valid claims by Settlement Class Members for out of pocket payments by or on behalf of Settlement Class members for Reimbursable Repairs, as herein defined, and as provided in Articles 6.1, 6.2 and 6.3, and for no other purpose, including but not limited to the payment of Class Counsel Fees and Expenses.

**1.25** "Reimbursement Payments" means payments to or for the benefit of Settlement Class Members from the Reimbursement Fund in accordance with Article 7.



1.26 "Released Claims" means any and all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, suspected or unsuspected, matured or unmatured, contingent or non-contingent, concealed or hidden from existence, asserted or unasserted, or based upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, fraudulent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of different or additional facts, that any Representative Plaintiff or Settlement Class Member has or may have against the Released Persons arising out of or related in any way to the subject matter of the Litigation, but does not include any claims for personal injury or damage to property other than a Settlement Class Member's Settlement Class Vehicle.

1.27 "Released Persons" means Defendants Volkswagen Group of America, Inc. (formerly known as Volkswagen of America, Inc.), including its unincorporated division Audi of America, Inc., Volkswagen AG, Audi AG, Audi of America LLC, Volkswagen de Mexico, S.A. de C.V., all manufacturers and assemblers of Settlement Class Vehicles, and each of their component parts, including, but not limited to, Volkswagen do Brasil, Ltda., the companies supplying the aforementioned companies with components, their parent companies, subsidiary companies, affiliated companies, divisions and suppliers, any and all authorized Volkswagen and Audi dealers and distributors, and the past, present and future officers, directors, shareholders, employees, predecessors, affiliates, parents, subsidiaries,

-11-
AGREEMENT OF SETTLEMENT

administrators, agents, servants, successors, trustees, vendors, representatives, heirs, executors, and assigns of all of the foregoing Persons and entities.

**1.28** "Representative Plaintiffs" means the named plaintiffs in the Litigation, i.e., John M. Dewey, Patrick DeMartino, Patricia Romeo, Ronald B. Marans, Edward O. Griffin, Jacqueline Delguercio, Lynda Gallo, Francis Nowicki and Kenneth Bayer.

**1.29** "Settlement" means the settlement set forth in this Settlement Agreement.

**1.30** "Settlement Administrator" means Rust Consulting, Inc., the qualified third party selected by the Settling Parties and approved by the Court to administer the Settlement, including implementing the Notice Plan.

**1.31** "Settlement Class" means

(a) all Persons who purchased or leased, new or used, the following Settlement Class Vehicles

- 2001 – 2007 Volkswagen New Beetle vehicles with Vehicle Identification Number (VIN) below 3VW—1C-7M514779 equipped with sunroof
- 2001-2005 Volkswagen Jetta Wagon A4 vehicles (VIN with "1J" in position 7 and 8) equipped with sunroof
- 2001-2006 Volkswagen Golf A4, Volkswagen GTI A4 vehicles (VIN with "1J" in position 7 and 8), equipped with sunroof
- 2005 - 2007 Volkswagen Jetta A5 vehicles (VIN with "1K" in position 7 and 8) equipped with sunroof
- 2006 - 2007 Volkswagen Golf/GTI A5 vehicles (VIN with "1K" in position 7 and 8) equipped with sunroof
- 1999-2005 Volkswagen Passat B5 vehicles.
- 1997-2006 Audi A4 vehicles, B5 and B6 Platforms (VINs in MY2005 with "8E" in position 7 and 8 with also "J" or " L" or" V" or" P" or "X" in position 4, VINs in MY2005 and 2006 with "8H" in position 7 and 8) (including Cabrio, S and RS versions
- 1998-2005 Audi A6 C5 vehicles (VINs with "4B" in position 7 and 8) (including Allroad, S and RS versions)

-12-
AGREEMENT OF SETTLEMENT

and ;

(b) all persons who currently own or lease the following Settlement Class vehicles:

- 1998-2000 and 2007-2009 Volkswagen New Beetle (VIN 3VW—1C-7M514779 or higher) vehicles equipped with sunroof
- 1997 - 2000 Volkswagen Jetta A3 (VIN with 9M in position 7 and 8) and 2008 - 2009 Volkswagen Jetta A5 vehicles (VIN with "1K" in position 7 and 8) equipped with sunroof
- 1997 - 2000 Volkswagen Golf/GTI A3 (VIN with "1J" in position 7 and 8) and 2008 - 2009 Volkswagen Golf/GTI A5 vehicles (VIN with "1K" in position 7 and 8) equipped with sunroof
- 1998 Volkswagen Passat B5 vehicles
- 1997 Volkswagen Passat B4 and 2006-2009 Volkswagen Passat B6 vehicles equipped with sunroof
- 2004-2009 Volkswagen Touareg vehicles
- 2005-2009 Audi A4 B7 Platform vehicles equipped with sunroof (VINs in MY2005 with "8E" in position 7 and 8 and also "A" or "D" or "K" or "G" in position 4) (including S and RS versions)
- 1997 Audi A6 C4 vehicles
- 2005-2009 Audi A6 C6 vehicles equipped with sunroof (VINs with "4A" or "4F" in position 7 and 8) (including S and RS versions)
- 1997-2009 Audi A8 vehicles (including S versions)

other than officers, directors or employees of any Defendant.

**1.32** "Settlement Class Member" means a Person who falls within the definition of the Settlement Class.

**1.33** "Settlement Class Vehicle" means vehicles of the models and years set forth in paragraph 1.31 above, imported and distributed for sale in the United States by defendant Volkswagen Group of America, Inc., acting under its former name, Volkswagen of America, Inc, or doing business as Audi of America, Inc.

SH DS [illegible]

1.34 "Settling Parties" means, collectively, the Defendants, the Representative Plaintiffs and all Settlement Class Members.

1.35 The plural of any defined term includes the singular, and the singular of any defined term includes the plural, as the case may be.

## 2. DENIAL OF WRONGDOING AND LIABILITY

Defendants deny the material factual allegations and legal claims asserted by the Representative Plaintiffs in the Litigation, including, but not limited to, any and all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation, and further assert and maintain that numerous legal deficiencies and affirmative defenses bar the claims asserted in the Litigation on behalf of the Representative Plaintiffs and members of the putative class asserted in the Complaint, including but not limited to, Settlement Class Members.

## 3. BENEFITS OF SETTLEMENT

Class Counsel have conducted a thorough examination and investigation of the law and facts, including extensive discovery relating to the matters set forth in the Complaint and the claims set forth therein. Class Counsel and the Representative Plaintiffs recognize and acknowledge the expense and length of continued proceedings that would be necessary to prosecute the Litigation against Defendants through trial and appeals, have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation, including potential difficulties in obtaining class certification, and the inherent problems of proof of, and available

-14-
AGREEMENT OF SETTLEMENT

defenses to, the claims asserted in the Litigation. The Representative Plaintiffs and Class Counsel believe that the proposed Settlement confers substantial benefits upon the Settlement Class. Based on their evaluation of all of these factors, the Representative Plaintiffs and Class Counsel have determined that the Settlement is in the best interests of the Settlement Class. Arms-length settlement negotiations have taken place between Class Counsel and Defendants' Counsel, and, as a result, this Settlement has been reached, subject to Court approval.

4. **SETTLEMENT CONSIDERATION**

In consideration of the entry of the Judgment and the release of all claims which are or could be asserted in the Litigation, as provided in this Settlement Agreement, Defendants have made and will make available: (i) educational preventative maintenance information as set forth in Section 4.1 for all Settlement Class Members; (ii) the relief provided by the P9 (original and expanded) and JU Service Actions; (iii) the relief and consideration set forth in Section 4.2, 4.3 and 4.4 for the Settlement Class Members who, respectively, are present or former owners or lessees of the respective Settlement Class Vehicles to which such Sections are applicable; (iv) the Reimbursement Fund as set forth in Section 5; and (v) the payments set forth in Section 4.5 for the Representative Plaintiffs. The Parties acknowledge and agree that the above relief and consideration was made available and paid to the Settlement Class Members as a result of the Litigation.

    4.1  **For all Settlement Class Members:**

        Educational preventative maintenance information, including mailing recommendations for Settlement Class Vehicles regarding inspection and

cleaning of sunroof drain systems and (where applicable) plenum drain systems, including ELSA web posting, which the parties agree has a tangible monetary value, apart from the cost of printing and mailing the information. Copies of such information are attached as Exhibits C (Volkswagen Settlement Class Vehicles) and D (Audi Settlement Class Vehicles).

4.2 For present and former owners and lessees of model year 2001 (production starting 10/00) – 2007 Volkswagen New Beetle with VIN below 3VW---1C-7M514779, 2001-2005 Jetta A4 Sedan (VIN with "9M" in position 7 and 8 of VIN), 2001-2005 Jetta A4 Wagon (VIN with "1J" in position 7 and 8 of VIN) and 2001-2006 Volkswagen A4 Golf, and Volkswagen A4 GTI, (VIN with "1J" in position 7 and 8 of VIN) Settlement Class Vehicles equipped with sunroof:

(a) Removal of sunroof drain "duckbill" valves on both front sunroof drains and an inspection of front sunroof drains and drain hoses for function, to be performed free of charge at any Authorized Volkswagen Dealership, with all related work to be valued at the rates for labor and materials that would be paid by a customer to have this work done.

(b) Inspection of front sunroof drains and drain hoses for function, to be performed free of charge at any Authorized Volkswagen Dealership, with all related work to be valued at the rates for labor and materials that would be paid by a customer to have this work done.

(c) Reimbursement Payment from the available Reimbursement Fund for Reimbursable Repairs for cleaning, drying, or replacement of carpeting, including padding, and/or repair or replacement of components of the

sunroof drain system (subject to Section 1.23) caused by water ingress into the passenger compartment due to the sunroof drain system, paid by or on behalf of the Settlement Class Member, pursuant to the Claim Procedure, including timely submission of Proof of Repair meeting the criteria set forth in Section 1.21.

4.3 **For present and former owners and lessees of model year 1999-2005 Volkswagen Passat vehicles, model year 2005 - 2007 Volkswagen Jetta A5 vehicles (VIN with "1K" in position 7 and 8) equipped with sunroof and 2006 - 2007 Volkswagen Golf/GTI A5 vehicles (VIN with "1K" in position 7 and 8) equipped with sunroof:**

Reimbursement Payment from the Reimbursement Fund for Reimbursable Repairs for cleaning, drying, or replacement of carpeting, including padding, and/or of the TCM and/or its attached TCM wiring harness, (VW parts numbers 3B1-971-769-E LEITG.SATZ, 3B1-971-769-F LEITG. SATZ, 4B1-971-769-A LEITG. SATZ, 4B1-971-769-B LEITG. SATZ, 4B1-971-769-H LEITG. SATZ, 4B1-971-769-AJ LEITG. SATZ and 3B7-971-769), and/or repair or replacement of components of the sunroof drain system and/or plenum drain system (subject to Section 1.23) caused by water ingress into the passenger compartment due to the sunroof drain system and/or plenum drain system (including through the pollen filter area), paid by or on behalf of the Settlement Class Member, pursuant to the Claim Procedure, including timely submission of Proof of Repair meeting the criteria set forth in Section 1.21.

4.4 **For present and former owners and lessees of model year 1997-2006 Audi A4 (B5 and B6 Platforms as defined in Article 1.31(a)) and**



-17-
AGREEMENT OF SETTLEMENT

model year 1998-2005 Audi A6 Settlement Class Vehicles (C5 Platform as defined in Article 1.31(a))(including Allroad, Cabrio, S and RS versions):

Reimbursement Payment from the available Reimbursement Fund for Reimbursable Repairs for cleaning, drying, or replacement of carpeting, including padding, and/or of the TCM and/or its attached TCM wiring harness, (Audi parts numbers 4B1-971-769-A, 4B1-971-769-AC, 4B1-971-769-AG, 4B1-971-769-AH, 4B1-971-769-B, 4B1-971-769-E, G, N, 4B1-971-769-H, 4B1-971-769-J, 4B1-971-769-M, 4B1-971-769-R, 4B1-971-769-T, 8D1-971-769, 8D1-971-769-AC, 8D1-971-769-AD, 8D1-971-769-AF, 8D1-971-769-D, 8D1-971-769-L, 8D1-971-769-M, 8D1-971-769-P and 8D1-971-769-Q), and/or repair or replacement of components of the sunroof drain system and/or plenum drain system (subject to Section 1.23) caused by water ingress into the passenger compartment due to the sunroof drain system and/or plenum drain system (including through the pollen filter area), paid by or on behalf of the Settlement Class Member, pursuant to the Claim Procedure, including timely submission of Proof of Repair meeting the criteria set forth in Section 1.21.

4.5 **For each Representative Plaintiff:**

Defendants shall pay each Representative Plaintiff a ten thousand ($10,000) dollar reimbursement payment for the time and effort expended in connection with the Litigation, that will not reduce the benefits to the Class. Each Representative Plaintiff shall also be entitled to payments for

