1    Reimbursable Repairs from the Reimbursement Fund, if eligible, pursuant

2    to Section 4.2, 4.3 or 4.4.

3  **5.   REIMBURSEMENT FUND**

4    On or before thirty (30) days after preliminary approval by the Court of the

5    Settlement, Defendants will deposit the sum of eight million ($8,000,000)

6    dollars into an interest-bearing bank account under the joint control of

7    Defendants' Counsel and Plaintiffs' Counsel, subject to Court approval and

8    direction, to cover Reimbursement Payments required to be made pursuant

9    to this Settlement Agreement. In the event that the Reimbursement Fund plus

10    accrued interest thereon is not sufficient to pay all eligible Reimbursment

11    Claims, the Reimbursement Payments will be made on a pro rata basis  The

12    Reimbursement Fund shall constitute Defendants' sole and entire obligation

13    and liability with respect to Reimbursement Payments and/or Reimbursable

14    Repairs.

15  **6.   DISPOSITION OF RESIDUAL REIMBURSEMENT FUND**

16    Moneys remaining in the Reimbursement Fund after payment of all eligible

17    Reimbursable Repair claims pursuant to Articles 4.2, 4.3 and 4.4 shall be expended

18    as follows:

19    **6.1**   Such moneys shall be placed in an interest bearing account under the

20    control of defendant Volkswagen Group of America, Inc., for a period of five (5)

21    years after the Effective Date and shall be utilized to fund or reimburse, as

22    applicable, VWGoA payments for repairs beyond warranty made on a case-by-case

23    basis to Settlement Class Members or to authorized Audi or Volkswagen dealers for



24

-19-

AGREEMENT OF SETTLEMENT

the benefit of Settlement Class Members pursuant to applicable VWGoA Customer Care procedures with respect to water entry into the passenger compartment of Settlement Class Vehicles through or due to the sunroof drain system or plenum area (including through the pollen filter area), which payments are made by on or after the date on which Notice is mailed by the Settlement Administrator. Plaintiffs' counsel shall be provided with current statements of account, including accrued interest, and shall be informed of the claims and amounts being paid from such funds on an annual basis on the date of the anniversary of the Effective Date.

6.2   Any moneys, including accrued interest, remaining in the Reimbursement Fund after five years after the Effective Date shall be donated to an educational, charitable, and/or research facility in the United States and dedicated to specific projects and programs benefitting automobile safety and/or environmental technology (e.g., alternative fuels, electric vehicle technology, including battery technology, renewable resource utilization, etc.), which recipients and programs shall be approved by plaintiffs' counsel and the Court.

6.3   Upon the disbursement of all moneys in the Reimbursement Fund, the Reimbursement Fund shall be closed.

7.   **REIMBURSEMENT PAYMENTS**

7.1   Payments from the Reimbursement Fund will be administered by the Settlement Administrator at Defendants' expense and shall be applied solely and exclusively for Reimbursement Payments to Settlement Class Members who submit qualifying claims for Reimbursable Repairs.   To the extent practicable, Reimbursement Payments shall be distributed within sixty (60) days after the Effective Date.   No portion of the Reimbursement Fund shall be used to pay costs

or expenses of settlement administration, or attorneys' fees and costs, or any other cost, expenditure or debt other than Reimbursement Payments to Settlement Class Members.

7.2  Documented  unreimbursed  expenses  paid  out-of-pocket  for Reimbursable Repairs in qualifying Settlement Class Vehicles sustained prior to the date on which Notice is mailed to the Settlement Class will be reimbursed from the available Reimbursement Fund, if a fully completed Claim Form, including Proof of Repair, is submitted within seventy-five (75) days after the date on which Notice is mailed to the Settlement Class (subject to 1.4 and 7.4).

7.3  Documentation required with each Reimbursable Repair claim made shall include, as part of the Claim Form, the following:

(a)  Name and mailing address of the claimant;

(b)  Identification of the Settlement Class Vehicle concerning which a Reimbursable  Repair  claim  is  being  made,  including  the  Vehicle Identification Number (VIN), if available;

(c)  Identification of the owner, purchaser or lessee of the Settlement Class Vehicle at the time that the claimed Reimbursable Repair expenses were incurred;

(d)  Proof of Repair, as specified in Section 1.21; and

(e)  Attestation: "Under penalties of perjury as provided in United States Code Title 18, section 1623, and any applicable state perjury statute, the information provided is true, accurate and correct."

7.4  To qualify for a Reimbursement Payment, a completed Claim Form and supporting documentation must be submitted to the Settlement Administrator, postmarked not later than the last day of the Claim Period.



-21-
**AGREEMENT OF SETTLEMENT**

**7.5**  The Settlement Administrator may deny any claim for a Reimbursement Payment which it deems to be fraudulent. Any such denial must be approved (approval not to be unreasonably withheld) by counsel for Plaintiffs and Defendants to be effective. Any such denials of claims deemed by the Settlement Administrator to be fraudulent which are not approved by counsel for both Plaintiffs and Defendants shall be submitted to the Court for resolution pursuant to the law of the state of New Jersey within twenty (20) days after counsel are advised of the Settlement Administrator's decision.

**7.6**  All Reimbursement Payment claims and Proofs of Repair (including claimants' sworn statements) shall be subject to audit by Defendants where good cause exists to do so, on reasonable notice to Class Counsel, including, but not limited to, Defendants' right to require any person to bring his, her or its Settlement Class Vehicle to an Authorized Volkswagen Dealer or Authorized Audi Dealer for inspection at Defendants' sole expense, if practicable, prior to approving any claim.

**8.   REVERSION OF UNCLAIMED REIMBURSEMENT FUND.**

In the event that approval of the Settlement is denied, reversed or modified on appeal, the entire amount remaining in the Reimbursement Fund, including interest accrued, shall be refunded to the order of Defendant Volkswagen Group of America, Inc.

**9.   EFFECT ON EXISTING WARRANTIES OR CUSTOMER SATISFACTION PROGRAMS**

Except as expressly provided in this Settlement Agreement, nothing in this Settlement Agreement will be construed as adding to, diminishing or otherwise

affecting any express or implied warranty, duty or contractual obligation of Defendants in connection with the Settlement Class Vehicles. Any benefits available to a Settlement Class Member under this Settlement Agreement will not be conditioned upon, limited or reduced by participation in, or availability of, any customer satisfaction or goodwill policies, service campaigns (i.e. P9, JU), programs or procedures maintained by Defendants at any time. Defendants may continue to effect or implement any customer satisfaction or goodwill policy, program or procedure, during the pendency of the Settlement approval proceedings, and, in their discretion may extend goodwill consideration to individual Settlement Class Members, without regard to such Persons' entitlement to such relief under the terms of this Settlement Agreement.

## 10. **RELEASES**

Upon the Effective Date, the Representative Plaintiffs and Settlement Class Members, and each of them, forever release, discharge and covenant not to sue the Released Persons regarding any of the Released Claims, which shall be understood to include all such claims which they do not know of or suspect to exist in their favor at the time of this release and which, if known by them, might have affected their settlement and release of the Released Persons, or might have affected their decision not to object to this Settlement Agreement. With respect to all Released Claims, the Settling Parties stipulate and agree that the Representative Plaintiffs and the Settlement Class Members shall expressly waive and relinquish the Released Claims to the fullest extent permitted by law. The releases set forth in this Settlement Agreement shall apply even if the Representative Plaintiffs and/or the

1  Settlement Class Members subsequently discover facts in addition to or different

2  from those which they now know or believe to be true.  Upon the Effective Date, the

3  Representative Plaintiffs and the Settlement Class Members fully, finally and forever

4  settle and release any and all of the claims, demands, rights and liabilities of every

5  nature and description defined as "Released Claims," whether known or unknown,

6  suspected or unsuspected, matured or unmatured, contingent or non-contingent,

7  concealed or hidden from existence, asserted or unasserted, or based upon any

8  theory of law or equity now existing or coming into existence in the future, including,

9  but not limited to, conduct which is negligent, fraudulent, intentional, with or without

10  malice or a breach of any duty, law or rule, without regard to the subsequent

11  discovery or existence of different or additional facts.   The Settling Parties

12  acknowledge that the foregoing waiver was bargained for and is a material element

13  of this Settlement Agreement.

14  **11.   NOTICE PLAN-NOTICE TO THE SETTLEMENT CLASS**

15      **11.1**    The Settlement Administrator shall be responsible for implementing the

16  Notice Plan.  Moreover, as a condition of its retention, the Settlement Administrator

17  must agree that (a) it will fulfill all responsibilities and duties assigned to the

18  Settlement Administrator under the terms of this Settlement Agreement, and (b) the

19  Representative Plaintiffs, Class Counsel, Defendants and the Released Parties

20  reserve all claims and rights, if any, for any failure by the Settlement Administrator to

21  fulfill its responsibilities and duties under the terms of this Settlement Agreement.

22      **11.2**    Dissemination of Notice to the Settlement Class shall be accomplished

23  pursuant to the Notice Plan.   The Settlement Administrator, along with Class

24

-24-
AGREEMENT OF SETTLEMENT

1  Counsel and Defendants, shall be responsible for arranging for the mailing and

2  publication of Notice pursuant to this Settlement Agreement and/or responding to

3  requests for or regarding the Notice and administration of claims as set forth in this

4  Article 11.

5     11.3   The Settlement Administrator (and any third party retained by the

6  Settlement Administrator) shall sign a confidentiality agreement which shall provide

7  that the names, addresses and other information about specific Settlement Class

8  Members provided by either Defendants, Class Counsel or by individual Settlement

9  Class Members shall all be treated as confidential and shall be used by the

10  Settlement Administrator only as required by this Settlement Agreement. The form

11  and content of such confidentiality agreement shall be mutually agreed to by Class

12  Counsel and Defendants.

13     11.4   The Settlement Administrator will be provided name and/or mail

14  address data obtained by Defendants, Class Counsel, and R.L. Polk & Co., of all

15  known present and former owners and lessees of a Settlement Class Vehicle, which

16  name and address data shall be processed by the Settlement Administrator through

17  the National Change of Address database for the purpose of updating the

18  addresses.

19     11.5   Prior to direct mail of the Notice, the Settlement Administrator shall

20  provide to Defendants' counsel and to Class Counsel a certification confirming the

21  method by which the Settlement Class Member mailing list was compiled and the

22  accuracy of the information therein, and the mailing list may be supplemented by

23  Class Counsel prior to the mailing.

24

-25-
AGREEMENT OF SETTLEMENT

11.6    The Settlement Administrator or Persons under the control and supervision of the Settlement Administrator shall mail Notice substantially in the same form as the mailed Notice attached to this Settlement Agreement as Exhibits A.1 - A.5 by first-class postage prepaid United States mail, to all original and subsequent owners and lessees of Settlement Class Vehicles for whom mail address data is provided.    Together with the mailed Notice, the Settlement Administrator shall mail the Claim Form by first-class postage prepaid United States mail to all original and subsequent owners and lessees of Settlement Class Vehicles for whom mail address data is provided as set forth in Section 11.4.

11.7    The Settlement Administrator shall also provide a copy of the Notice and/or Claim Form to any Settlement Class Member who requests the Notice and/or Claim Form, promptly upon such request.

11.8    The Settlement Administrator shall establish and maintain a website, which shall make available: (a) an electronic version of the Mailed Notice (Exhibits A.1 – A.5, as applicable,); and (b) upon entry of a Vehicle Identification Number validly identifying a Settlement Class Vehicle and the requesting party's name, an electronic copy of the Claim Form  (as included in Exhibits A.1, A.2 and A.3) that a Settlement Class Member may print out and submit to the Settlement Administrator. Copies of this Settlement Agreement and other pertinent settlement documents and information as shall be agreed by Counsel shall also be posted and/or available for download  on such website.

11.9    The Settlement Administrator shall provide declarations to the Court, with a copy to Class Counsel and Defendants, attesting to the measures undertaken



1   to provide Notice and Claim Forms to the Settlement Class.    The Settlement

2   Administrator, upon request, shall provide to Class Counsel and Defendants'

3   Counsel information and data concerning the claims made, the amount of each

4   claim and related claims information, such that Class Counsel and Defendants'

5   Counsel may inspect and monitor the claims process.

6       **11.10**    Defendants shall pay all Notice and Claims Administration Expenses,

7   subject to the terms of this Settlement Agreement.

8   **12.  CLAIMS ADMINISTRATION AND PROCEDURE**

9       **12.1**    Settlement Class Members who believe they are eligible to receive

10   monetary reimbursement will be directed to send to the Settlement Administrator the

11   Claim Form substantially in the form included in Exhibit A.1, A.2 and A.3, and

12   required documentation.  Upon receiving a Claim Form from a potential claimant, the

13   Settlement Administrator will review the documentation and confirm or deny the

14   Settlement Class Member's eligibility for a Reimbursement Payment within the

15   deadlines set forth in this Settlement Agreement.

16       **12.2**    All Claim Forms must be postmarked within the Claim Period.  Any

17   Settlement Class Member who fails to submit a Claim Form postmarked by such

18   date shall be forever barred from receiving any payment pursuant to this Settlement

19   Agreement and the Judgment, but shall in all other respects be bound by the terms

20   of this Settlement Agreement.

21       **12.3**    The Settlement Administrator shall determine the extent, if any, to

22   which each claim shall be accepted and allowed, in accordance with the terms of this

23   Settlement Agreement, subject to Article 7.5.



24

**12.4**   Claim Forms that do not meet the requirements set forth in this Agreement and in the Claim Form instructions shall be rejected.  This shall include, but is not limited to, failure to accurately provide Proof of Repair or any other requested information.   Within thirty (30) days after the Effective Date, the Settlement Administrator shall notify in writing any claimant whose Claim Form has been rejected, in whole or in part, setting forth the reasons for the rejection, as well as providing notice of the claimant's right to contest the rejection as set forth in Section 12.5.

**12.5**   If any claimant whose Claim Form has been rejected, in whole or in part, desires to contest such rejection, the claimant must mail to the Settlement Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting further review by the Settlement Administrator, in consultation with Defendants' Counsel and Class Counsel, of the denial of the claim.  Any such mailing contesting the rejection of a Claim Form must be postmarked within thirty (30) days after the date of mailing of the notice of the rejection as provided in Section 12.4.  Claims submitted after this time shall be forever barred from receiving any payment pursuant to this Settlement Agreement and the Judgment.

**12.6**   Defendants shall have the obligation to attempt to pay valid claims once, by requesting the Settlement Administrator to place a check in the first-class United States mail to the allowed claimant at the address shown on the relevant Claim Form.  If a check issued to a Settlement Class Member under the terms of this Settlement Agreement is not cashed or negotiated within one hundred twenty (120)

days after mailing, it shall be null and void and there shall be no further obligation to make payment to such Settlement Class Member,

12.7   No monetary reimbursement or other consideration shall be paid to Settlement Class Members from the Reimbursement Fund pursuant to this Settlement Agreement until after: (a) the expiration of the deadline for filing Claim Forms, Objections pursuant to Article 13 and/or requests pursuant to Article 13 for exclusion from the Settlement; (b) a final determination as to the approval or disapproval of all claims for a Reimbursement Payment received by the Settlement Administrator (including purported fraudulent claims in accordance with Article 7.5 and partial rejections in accordance with Article 12.3; and (c) the Effective Date have all occurred.  If any claim for a Reimbursement Payment is denied in whole or in part, or if otherwise qualifying reimbursement amounts are adjusted *pro rata* based on the ratio of valid claims to the total available Reimbursement Fund, the Settlement Administrator shall send a notice in writing of the reasons for the denial or adjustment to the claimant.

12.8   If this Settlement is not approved, or for any reason the Effective Date does not occur, no monetary reimbursement payments or distributions of any kind shall be made pursuant to this Settlement Agreement, except for the cost of Notice and administration incurred if already provided to Settlement Class Members.  In such event, any funds deposited by Defendants into any account opened for the purpose of this Settlement Agreement shall revert to Defendants, together with all interest on the deposited funds.

-29-
AGREEMENT OF SETTLEMENT

**13.   OBJECTIONS AND REQUESTS FOR EXCLUSION**

13.1   Any Settlement Class Member who intends to object to the fairness, reasonableness and adequacy of any aspect of the Settlement ("Objections") must send a written Objection to the Court and mail a copy to the Settlement Administrator, Defense Counsel and Class Counsel, first-class United States mail with postage paid.  Objections must be postmarked not later than thirty (30) days after the date of the mailing of Notice.  In his, her or its Objection, an objecting Settlement Class Member must: (a) set forth his, her or its full name, current address and telephone number; (b) identify the approximate date of acquisition and Vehicle Identification Number for his, her or its Settlement Class Vehicle; (c) state that the objector has reviewed the Settlement Class definition and understands that he, she or it is a Settlement Class Member; (d) set forth a complete statement of all legal and factual bases for any Objection that the objector wishes to assert; and (e) provide copies of any documents that the objector wishes to submit relating to his, her or its position.  Objections must be filed with the Court, and served upon the Settlement Administrator and:

Upon Defendants' Counsel at:

> Chase Kurshan Herzfeld & Rubin, LLC
> 354 Eisenhower Parkway
> Livingston, New Jersey  07039

And upon Class Counsel at:

> Mazie Slater Katz & Freeman, LLC
> 103 Eisenhower Parkway
> Roseland, New Jersey  07068



-30-

Schoengold & Sporn, P.C.
19 Fulton Street, Suite 406
New York, NY 10038

**13.2**    In addition to the requirements set forth in Section 13.1, objecting Settlement Class Members must state in writing whether the objector intends to appear at the Fairness Hearing(s) either with or without separate counsel.   No Settlement Class Member shall be entitled to be heard at the Fairness Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Settlement Class Member shall be received or considered by the Court at the Fairness Hearing, unless written notice of the Settlement Class Member's intention to appear at the Fairness Hearing and copies of any written objections or briefs shall have been sent to the Court and served on counsel for the Settling Parties at the addresses set forth in Section 13.1 on or before the date specified in the Preliminary Approval Order and Notice. Settlement Class Members who fail to file with the Court and serve on counsel timely written Objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

**13.3**    Settlement Class Members may elect to exclude themselves from the Settlement, relinquishing their rights to benefits under this Settlement Agreement. Settlement Class Members who exclude themselves from the Settlement will not release their claims. A Settlement Class Member wishing to be excluded from the Settlement must send to the Settlement Administrator a letter postmarked not later than thirty (30) days after the date of the mailing of Notice, including: (a) name,

current address, and telephone number; (b) the approximate date of acquisition and Vehicle Identification Number of that Settlement Class Member's Settlement Class Vehicle, if available; and (c) a clear statement communicating that he, she or it elects to be excluded from the Settlement Class, does not wish to be a Settlement Class Member and elects to be excluded from any judgment entered pursuant to the Settlement.  Any request for exclusion must be postmarked on or before the exclusion deadline provided in the Notice.  Settlement Class Members who fail to submit a valid and timely request for exclusion on or before the date specified in the Preliminary Approval Order and Notice, or on such other date as may be set by the Court, shall be bound by all terms of the Settlement and the Judgment, regardless of whether they have requested exclusion from the Settlement.

13.4   Any Settlement Class Member who submits a request for exclusion with a timely postmark may not file an Objection to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

13.5   The Settling Parties agree that they will not solicit, facilitate or assist in any way, requests for exclusions or Objections by putative or actual Settlement Class Members.  Class Counsel and Defendants' Counsel recognize that they have an obligation to support the Settlement and to seek the Court's approval of its terms. Class Counsel will abide by all applicable and governing ethical rules, opinions and obligations precluding their representation of opt outs.

13.6   Not later than fifteen (15) business days after the deadline for submission of requests for exclusion, the Settlement Administrator shall provide to



1    Class Counsel and Defendant's Counsel a complete exclusion list together with

2    copies of the exclusion requests (the "Opt-Out List").

3        **13.7**   Upon expiration of the deadline for filing Claim Forms, Objections

4    and/or requests for exclusion from the Settlement as approved by the Court and set

5    forth in the Notice, or such other date as may be set by the Court, the Fairness

6    Hearing shall be conducted to determine final approval of the Settlement along with

7    the amount properly payable for Class Counsel Fees and Expenses.  Upon final

8    approval of the Settlement by the Court at or after the Fairness Hearing, the Settling

9    Parties shall present a form of Final Judgment and Order approving the Settlement,

10   unless otherwise ordered by the Court.

11       **13.8**   If more than five (5%) percent of persons to whom Notice is mailed

12   timely submit a valid request for exclusion from the Settlement Class, Defendants

13   may, at their option, withdraw from this Settlement Agreement.  In that event, the

14   certification of the Settlement Class shall be vacated without prejudice, and the

15   Parties shall be restored to their litigation position existing immediately before the

16   execution of this Settlement Agreement.  In order to elect to withdraw from this

17   Settlement Agreement, the withdrawing Defendants must notify all Parties' Counsel

18   in writing of their election to do so within ten (10) business days after the Opt-Out

19   List has been served on the Settling Parties.

20   **14.  FAIRNESS HEARING**

21       **14.1**   Promptly after execution of this Settlement Agreement, Class Counsel

22   will submit this Settlement Agreement together with its Exhibits to the Court and will

23   request that the Court issue an Order which shall preliminarily approve the

24

-33-
**AGREEMENT OF SETTLEMENT**

Settlement and order that Notice be disseminated to the Settlement Class, in the

form annexed hereto as Exhibits A.1-A.5 (Mailed Notice) and B (Published Notice),

which mailed notice shall disclose the existence and nature of the Litigation and the

proposed Settlement, shall inform Settlement Class Members of the procedures and

deadlines for filing claims for Reimbursement Payments, objections, expressions of

intent to appear at the Fairness Hearing and/or requests for exclusion as set forth

therein, and the effect of the Settlement, and shall schedule a Fairness Hearing on

whether the Settlement should be granted final approval and to determine the Fee

Application.

**15.  CLASS COUNSEL FEES AND EXPENSES**

**15.1**    The Settling Parties agree that Class Counsel will submit an application

to the Court for an award of reasonable attorneys' fees and expenses on or before

forty-five (45) days prior to the date of the Fairness Hearing ("Fee Application").

Each Settling Party reserves all rights to appeal from a Class Counsel Fees and

Expenses Award if that Party files a timely and proper objection with the Court.  The

Class Counsel Fees and Expenses Award and final approval order shall be separate

so that the appeal of one shall not constitute an appeal from the other.

**15.2**    Class Counsel Fees and Expenses shall be paid entirely and

exclusively by Defendants and shall not diminish, invade or reduce, or be derived or

drawn from, the Reimbursement Fund.

**15.3**    Any Class Counsel Fees and Expenses awarded shall be paid by

Defendants to Class Counsel within thirty (30) days of entry of the Judgment

granting final approval of the Settlement.  In the event of an appeal of the award of



-34-

1    the Class Counsel Fees and Expense Award, the attorneys' fees and costs are to be

2    held in an interest bearing account.  Within fifteen (15) days after the final resolution

3    of appellate proceedings and related Court proceedings with regard to the Counsel

4    Fees and Expense Award, the amount finally awarded by the Court shall be paid to

5    Class Counsel, together with all accrued interest on the said amount.

6  **16.**   **CONDITIONS FOR EFFECTIVE DATE; EFFECT OF TERMINATION**

7    If the Court does not approve this Settlement Agreement or the Settlement is

8    terminated or fails to become effective in accordance with the terms of this

9    Settlement Agreement, the Settling Parties and the Settlement Class Members will

10    be restored to their respective positions in the Litigation as of the date of this

11    Settlement Agreement.  In such event, the terms and provisions of this Settlement

12    Agreement will have no further force or effect and will not be used in this Litigation or

13    in any other proceeding for any purpose, and any judgment or order entered by the

14    Court in accordance with the terms of this Settlement Agreement will be treated as

15    vacated, nunc pro tunc.  No order of the Court or of any appellate court concerning

16    any award of attorneys' fees, expenses or costs to Class Counsel will constitute

17    grounds for cancellation or termination of this Settlement Agreement.

18  **17.**   **BEST EFFORTS**

19    The Settling Parties and their counsel agree to cooperate fully with one another and

20    to use their best efforts to effectuate the Settlement, including, but not limited to,

21    exchange of discovery necessary to value and effectuate the settlement, in seeking

22    preliminary and final Court approval of this Settlement Agreement and the

23    Settlement embodied herein, carrying out the terms of this Settlement Agreement

24

1    and promptly agreeing upon and executing all such other documentation as may be

2    reasonably required to obtain final approval by the Court of the Settlement and to

3    carry out the terms of the Settlement.

4    **18.  MISCELLANEOUS PROVISIONS**

5        **18.1**    The Settling Parties intend the Settlement to be a final and complete

6    resolution of all disputes between them with respect to the Litigation.    The

7    Settlement compromises all contested claims as well as any claims that might be

8    asserted in the Litigation and will not be deemed an admission by any Settling Party

9    as to the merits of any claim or defense which has been, is or could have been

10    asserted by that Settling Party in the Litigation.

11        **18.2**    The Settling Parties agree that the consideration provided to the

12    Settlement Class and the other terms of the Settlement were negotiated at arm's

13    length and in good faith by the Settling Parties, and reflect a settlement that was

14    reached voluntarily after consultation with competent legal counsel.

15        **18.3**    Neither this Settlement Agreement nor the Settlement, nor any act

16    performed or document executed pursuant to or in furtherance of this Settlement

17    Agreement or the Settlement is or may be deemed to be or may be used as an

18    admission of, or evidence of, the validity of any of the Released Claims, or of any

19    wrongdoing or liability of any Released Persons; or is or may be deemed to be or

20    may be used as an admission of, or evidence of, any fault or omission of any

21    Released Person in any civil, criminal, or administrative proceeding in any court,

22    administrative agency or other tribunal.    Any Released Person may file this

23    Settlement Agreement and/or the Judgment in any action that may be brought

**AGREEMENT OF SETTLEMENT**

against it in order to support any defense or counterclaim, including, without limitation, those based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18.4    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information will survive this Settlement Agreement.

18.5    Any and all Exhibits to this Settlement Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

18.6    This Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors in interest.

18.7    This Settlement Agreement and the Exhibits attached hereto constitute the entire agreement among the Settling Parties, and no representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants covered and memorialized in such documents.

18.8    Plaintiffs' Counsel, on behalf of the Settlement Class, represent and warrant that they are expressly authorized by the Representative Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Settlement Agreement to effectuate its terms, and are expressly authorized to enter into this Settlement Agreement, as well as any modifications or

amendments to this Settlement Agreement on behalf of the Settlement Class that Class Counsel deem appropriate.

18.9    Each Person executing this Settlement Agreement or any of its Exhibits on behalf of any Party hereby warrants that such Person has the full authority to do so.

18.10   This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them will be deemed to be one and the same instrument.  A complete set of original counterparts will be filed with the Court.

18.11   This Settlement Agreement will be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

18.12   The Court shall retain continuing and exclusive jurisdiction over the Settling Parties and all Settlement Class Members, and over the administration and enforcement of the Settlement. Any disputes or controversies arising with respect to the interpretation, enforcement, or implementation of this Settlement Agreement must be made by motion to the Court.

18.13   Except as otherwise provided in this Settlement Agreement, the Settling Parties will bear their own respective costs.  Defendants shall in no way be liable for any taxes Class Counsel, the Representative Plaintiffs, Settlement Class Members or others may be required to pay as a result of the receipt of settlement benefits or payments from the Reimbursement Fund.

18.14   No Settlement Class Member or other Person shall have any claim against the Representative Plaintiffs, Class Counsel, the Released Persons, the

1  Settlement Administrator or any agent designated by Counsel for the Settlement
2  Class based on the negotiation of the terms of this Settlement Agreement, any
3  eligibility determinations, distributions or payments made in accordance with the
4  Settlement, or based on the payments made or other relief provided and made
5  substantially in accordance with this Settlement Agreement or with further orders of
6  the Court or any appellate court.

7  **18.15**   The Settling Parties hereby agree and stipulate to stay all proceedings
8  in the Litigation until the approval of this Settlement Agreement has been finally
9  determined, except the stay of proceedings shall not prevent the filing of any
10  motions, declarations and other writings or the conduct of other proceedings
11  necessary to the approval or performance of this Settlement Agreement.

12  **18.16**   None of the Settling Parties, or their respective Counsel, will be
13  deemed the drafter of this Settlement Agreement or its Exhibits for purposes of
14  construing the provisions thereof. The language in all parts of this Settlement
15  Agreement and its Exhibits will be interpreted according to its fair meaning, and will
16  not be interpreted for or against any of the Settling Parties as the drafter thereof.

17  **18.17**   This Settlement Agreement and the Exhibits annexed hereto will be
18  construed and enforced in accordance with, and governed by, the substantive laws
19  of the State of New Jersey, without giving effect to that state's choice-of-law
20  principles.

21
22
23
24

-39-

1
2 IN WITNESS WHEREOF, the Settling Parties have executed and caused this
3 Settlement Agreement to be executed by their duly authorized attorneys, dated as of
4 January 22, 2010.
5 For Dewey Plaintiffs.
6 SCHOENGOLD & SPORN, P.C.
7
8 _____
Samuel P. Sporn, Esq.
9 19 Fulton Street, Suite 406
New York, New York 10038
10 (212) 964-0046
11
For Delguercio plaintiffs:
12
MAZIE SLATER KATZ & FREEMAN, LLC
13
14
15 _____
Adam M. Slater, Esq.
16 103 Eisenhower Parkway
Roseland, New Jersey 07068
17 (973) 228-9898
18
For All Defendants:
19
HERZFELD & RUBIN, P.C.
20
21
22 _____
Daniel V. Gsovski, Esq.
23 125 Broad Street
New York, NY 10004
24 (212) 471-8500

-40-
**AGREEMENT OF SETTLEMENT**

1  | CHASE KURSHAN HERZFELD & RUBIN, LLC

2

3

By:

4  | Jeffrey L. Chase, Esq.
   | 354 Eisenhower Parkway, Suite 1100

5  | Livingston, New Jersey 07039-1022
   | (973) 535-8840

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24