

**HERZFELD & RUBIN, P.C.**
ATTORNEYS AT LAW    125 BROAD STREET, NEW YORK, NY 10004   TEL 212 471-8500   FAX 212 344-3333   WWW.HERZFELD-RUBIN.COM

DANIEL V. GSOVSKI
DIRECT DIAL: 212-471-8512
DGSOVSKI@HERZFELD-RUBIN.COM

April 14, 2010

**BY E-FILING AND OVERNIGHT DELIVERY**
Hon. Patty Shwartz, U.S.M.J.
United States District Court
Frank R. Lautenberg U.S. Post Office & Courthouse
2 Federal Square, Courtroom 10
Newark, New Jersey 07102

Re:   *John M. Dewey, et al. v. Volkswagen of America, Inc. et al.*
      07-CV-02249-FSH-PS
      *Jacqueline Delguercio, et al. v. Volkswagen of America, et al.*
      07-CV-02361-FSH-PS

Dear Judge Shwartz:

The defense has encountered difficulties which will make it impossible to meet the mailing schedule currently set in the Amended Preliminary Approval Order (Docket No. 176). It does appear, however, that adjustments are available within the Court's schedule which would leave intact all response periods for class members as well as the presently set July 26, 2010 date for the Final Fairness Hearing. The parties' divergent positions as to the appropriate adjustments are the subject of this letter.

### Defendants' Position

The parties have been working to address this issue for more than two weeks. As of Friday afternoon, April 9, 2010, the defense understood that we had all but completely agreed to a revised schedule, narrowing any disputes to a single date within a revised schedule of deadlines based on a mailing date of May 7, 2010 which left the Final Fairness Hearing in place on July 26, 2010.

On Friday afternoon, April 9, 2010, counsel for the parties conferred by telephone to resolve the text and content of what was to be an uncontested agreed joint letter to the Court. This letter had been "in the works" at the time for well over a week. The only area of disagreement concerned the date for defendants' response to plaintiffs' counsel's fee petition, if any, and a supplemental submission, if any, addressing last minute objections and opt-outs. Within the agreed schedule, defendants sought until July 16, 2010 to file their opposition, if any, to plaintiffs' fee petition, preserving the 21 days

HERZFELD & RUBIN, P.C.          CHASE KURSHAN HERZFELD & RUBIN, LLC    HERZFELD & RUBIN, LLP         RUBIN MEYER DORU & TRANDAFIR
1225 FRANKLIN AVE, SUITE 315    354 EISENHOWER PARKWAY, SUITE 1100     1925 CENTURY PARK EAST        SOCIETATE CIVILA DE AVOCATI
GARDEN CITY, NY 11530           LIVINGSTON, NJ 07039-1022              LOS ANGELES, CA 90067         7, STRADA PUTUL CU PLOPI
TELEPHONE: 212-471-3231         TELEPHONE: 973-535-8840                TELEPHONE: 310-553-0451       BUCHAREST I, ROMANIA
                                                                                                     TELEPHONE: (40) (21) 311-1460

Case 2:07-cv-02249-PS Document 177 Filed 04/14/10 Page 2 of 10 PageID: 3253



Hon. Patty Shwartz
April 14, 2010
Page 2 of 10

presently allowed from the filing of the petition. Plaintiffs proposed July 9, 2010 as the date for this submission. It was agreed that this "July 9/July 16 dispute" would immediately be submitted to the Court, Monday April 12, 2010, by joint letter.

Defendants accordingly drafted a joint letter directed solely to the "July 9/July 16 dispute" and e-mailed it to plaintiffs before 8AM on the morning of April 12, 2010. The defense also acceded to plaintiffs' proposed July 9 date for the supplemental submission on objections and opt-outs. Thus, as of Monday morning, in the defense's understanding, only the response date to the attorney fee petition remained open to be determined by the Court.

Plaintiffs responded late in the afternoon Monday, providing the text of "Plaintiffs' position," which demanded that the mailing date be ordered for April 30, 2010. Plaintiffs specifically noted that their new position "would require that "[t]he intro paragraph and scope and background section need to be modified significantly in light of our position." Those modifications have delayed the submission of this letter until today.

*The Scope and Background of Agreement and Dispute (as the Defense understood to be agreed prior to late afternoon, April 12, 2010)*

Set forth below is a table showing a series of deadlines currently required by the Preliminary Approval Order (Docket No. 176), followed by the dates which the parties were prepared to jointly propose to the Court as of Friday, April 12, 2010. The only date in dispute appears in bold type in shaded cells.

| Event | Current Deadline (Dkt. 176) | Proposed Deadline (dispute shaded) |
|---|---|---|
| Notice Mailing (¶ 7) | April 16 | May 7 |
| Publication (¶ 7) | April 26 | May 17 |
| Tender to Court of Final Proofs (7)¶ | March 24 | April 23 |
| Objection/Exclusion, Notice of Appearance(¶¶ 9, 16, 20) | May 31 | June 21 |
| Motion for Final Approval and attorney fees (¶ 15) | June 10 | June 25 |
| **Opposition to Fee Petition (if any) (¶ 15)** | **June 29** | **July 9 (plaintiffs) July 16 (defendants)** |
| Supplement to Petition re Objections/Opt-outs | n/a | July 9 (¶15) |
| Claim Deadline (¶ 12) | July 2 | July 23 (¶ 12) |
| Report re Exclusions (¶ 10) | July 19 | Unchanged |
| Final Fairness Hearing (¶ 14) | July 26 | Unchanged |



Tendered herewith also is a redrafted Preliminary Approval Order embodying the defendants' position. The proposed Order contains language in paragraph 1 ordering that the Amended and Superseding Agreement of Settlement be deemed amended in conformity with the above, and inserts a reference to the claim deadline in paragraph 12, which was not included previously in the Preliminary Approval Order. Both of these language changes had been agreed earlier in the week with plaintiffs' counsel.

The proposed Order would adjourn the scheduled mailing deadline for class notice three weeks, to May 7, 2010, and make corresponding adjustments to opt-out, objection and claim submission dates. This would preserve the full response periods originally provided for Settlement Class members to object, exclude themselves, file claims, or note their appearance.

A lesser adjustment of fifteen days is provided for the initial briefing in support of final approval, including plaintiffs' petition for attorney fees. Both sides agreed to allow an additional submission in response to objections and exclusions which could not adequately be dealt with in the initial motion for final approval on June 25, four days after the last objections are due. Defendants ultimately acceded to plaintiffs' proposed date of July 9 for Briefing would conclude with defendants' response to the fee petition, the date for which is in dispute.

The July 26, 2010, final fairness hearing date remained unchanged.

These scheduling adjustments, all but one of which were agreed Friday April 9, 2010, became necessary due to delays and difficulties encountered by the defense in precisely identifying all subclass populations and in securing the final state approval required for the release of registration information on file at R.L. Polk, which was issued yesterday. The exact parameters and delimiters of class vehicles were resolved between counsel and appropriate chassis number discriminators were determined and supplied by defendants in mid-March. They are reflected to the March 24 Amended and Superseding Agreement of Settlement. However, because of the press of time, the state approval process was set in motion by the defense earlier, on March 16.

Approximately 6.5 million notice packages must be mailed in this case. There are ten different variations of the Notice package, depending upon the subclass populations to be addressed. Within these populations, each notice contains either or both a claim form or a customer letter which must be individually printed with the name, address and VIN number of the Settlement Class Member to whom it is addressed. Each notice package therefore must be "custom printed" from the address data files.

To ensure that the correct notice is directed to each intended addressee, the printing and mailing process (which will be divided between two printing/mailing



houses) can only be undertaken in a single "pass" once complete nationwide mailing files are available covering each of the ten mailing packages. This effectively holds the process hostage to the last state to grant approval to Polk to release its present and former owner registration data.

Although Polk advised that the approval letter had been prepared and was expected to have been signed last week, the final state, Hawaii, only issued its formal approval last night (Eastern time), as we were advised early this morning. Even with that approval in hand VWGoA cannot immediately process the Polk data which it will receive. This results from the fact that in the week of April 12, VWGoA is already scheduled to process numerous separate U.S. and Canadian mailing lists, in order to meet legally mandated emissions recalls and effectuate a service campaign to which the company has been committed since January 2010 or earlier.[1] Because of these previously set resource commitments, VWGoA cannot complete its processing of the Polk data (a five working day project) until April 23.[2]

---

[1] These resource commitments include the following:

| Subject | Vehicle Population(s) | Agencies | Mailing Date |
|---|---|---|---|
| Ignition Coil | 2001-2007 gasoline fueled vehicles | EPA/ARB (US) Environment Canada | 4/16 |
| Catalytic Converter Warranty Extension | 2004-2005 Golf, 2.0L engine | EPA/ARB (US) Environment Canada | 4/20 |
| Catalytic Converter Warranty Extension | 2004-2005 Jetta, 2.0L engine | EPA/ARB (US) Environment Canada | 4/20 |
| Catalytic Converter Warranty Extension | 2004-2005 New Beetle, 2.0L engine | EPA/ARB(US) Environment Canada | 4/20 |
| Catalytic Converter Warranty Extension | 2004-2005 New Beetle, 2.0L engine | EPA/ARB (US) Environment Canada | 4/20 |
| Battery Cable | 2006-2009 Passat/Passat Wagon, 3.6L engine | n/a (service action) | 4/20 |
| Battery Cable | 009 Passat CC, 3.6L engine | n/a (service action) | 4/15 |

[2] The preexisting "crunch" at VWGoA during the week of April 12 came to light immediately after counsel had worked out a schedule calling for an April 30 mailing date, on the assumption that Hawaii would sign the approval last week and based on the fact that VWGoA would require five working days to process and verify the accuracy of the ten mailing files which must be extracted from the single 6.5. million person nationwide Polk mailing list. The tie up of VWGoA resources due to the statutory recall processing tasks already scheduled was immediately conveyed to plaintiffs' counsel on Wednesday afternoon, April 7, 2010. Further discussions and redrafts of the proposed agreed joint letter culminated in what was thought to be an agreement based on a May 7 mailing date, prior to Monday afternoon's e-mail. In the meantime, the pending Hawaii approval failed to come through last week, notwithstanding the fact that the approval letter was reported to have reached the desk of the responsible state official by April 3.

Case 2:07-cv-02249-PS  Document 177  Filed 04/14/10  Page 5 of 10 PageID: 3256



Counsel for both sides have been in contact with Rust Consulting, the Settlement Administrator. Rust was able to substantially shorten the normal production process for this job. Rust has advised us that the printing and mailing can now be assured on or before May 7, 2010.

Working from the May 7 date, counsel for the parties agreed to all elements of the proposed schedule, with the sole exception of the date on which defendants are to respond to plaintiffs' fee petition. Both plaintiffs' and defendants' proposed schedules leave the Final Fairness Hearing date of July 26, 2010 in place and do not shorten any response deadline or otherwise impose different time obligations on settlement class members.

In order to provide this letter most expeditiously to the Court, defendants will separately address what they believe to be the only "genuine" issue – the due date of their opposition to plaintiffs' fee petition – and plaintiffs' apparent withdrawal Monday from the other agreed positions as to which agreement appeared to have been reached on Friday, April 9.

*The July 9/July 16 dispute*

An agreed attorney fee application remains a goal of both sides. However, initial discussions and exchanges on this aspect of the settlement have not been promising. As the Court is aware from the Notice forms provided for Preliminary Approval, plaintiffs anticipate seeking a $30 million fee from the Court. Defendants see a reasonable attorney fee in this case as a substantially smaller number. Absent major movement from current positions, this issue appears headed for resolution by the Court. Defendants accordingly proposed a July 16 response deadline to plaintiffs' fee petition, to be filed on June 25, which allows 21 days to prepare and file.

Defendants submit that, as to a matter of this magnitude, this time is necessary to allow the defense a fair opportunity to address this issue. This is particularly the case given the Fourth of July holiday which will fall within the defendants' response period. Indeed, in the ordinary course, this time and more would be available under the automatic extension provided under Local Rule 7(d)(5). Moreover, the Agreement of Settlement, in Article 15 expressly provides that "[t]he Class Counsel Fees and Expenses Award and final approval order shall be separate so that the appeal of one shall not constitute an appeal from the other." Thus, the Court may take the fee issue under advisement past the date of the Final Fairness hearing without delaying final approval as to the substantive terms of settlement, or any appeal on the merits which any party, intervenor or objector may wish to prosecute.



For these reasons, Defendants submit that allowing them a reasonable time to address a fee petition seeking up to $30 million of their clients' money – a project plaintiffs freely admit they are working on already – is needed to avoid prejudice to the defense on this major issue. This schedule will work no prejudice whatever to any member of the Settlement Class, given the express provision of the Agreement of Settlement requiring that the fee judgment be entered and, if so, appealed separately from this Court's approval order on the merits.

*Plaintiffs' New Position as to other dates, based on an April 30 mailing date.*

Plaintiffs' attempt to retroactively expand the scope of dispute to include the entire schedule before the Court should, we submit, be disregarded. There is, or was until Monday night, no dispute as to any aspect of the proposed schedule other than the date to oppose plaintiffs' counsels' fee petition. The defense position on this issue is set forth above.

Plaintiffs' suggestion that this Court should enter an Order setting an April 30 mailing date which they know cannot be met is difficult to comprehend. The May 7 mailing date agreed on Friday is the absolute earliest date that the mailing can be reliably scheduled and completed. Plaintiffs' proposal that this Court issue an order which cannot physically be complied with should be rejected in favor of the May 7 schedule which, however reluctantly or unhappily, all sides had seemingly accepted. Plaintiffs' criticisms of the defense, even if merited (which they are not), would furnish no basis upon which to issue impossible orders implicating the rights of the Settlement Class. Something is seriously amiss when the failure to agree on a briefing schedule for a fee petition becomes the springboard for a comprehensive undoing of reasonable agreements carefully worked out to protect the rights of all parties, the Settlement Class and preserve the Court's schedule.

### **Plaintiffs' Position**

This is now the third delay requested by the defendants due to their stated inability to comply with the Court ordered deadlines that they previously agreed to, all due to their acts or omissions. The Plaintiffs do not want to change any of the current deadlines. However, the plaintiffs reluctantly and with a great deal of frustration are being forced to try to resolve the delays resulting from the defendants' accumulation of the data necessary to mail the notices. Plaintiffs have only agreed to extend the deadline to mail the notices on condition that the class members' opt-out, objections, and claim filing periods are preserved, and the final hearing date of July 26, 2010 is preserved.



The record does not justify burdening the Court with a mere ten days to review the final submissions of counsel prior to the final approval hearing. The defendants' suggestion that the Court first address one part of the submissions, putting off the balance for later determination, is presumptuous and inconsistent with the spirit of the Order that is currently in effect, and does not cure the prejudice to the Court in having to resolve one or both motions a mere ten days after receiving the final submissions.

Following the Court's granting of preliminary approval of the proposed settlement on February 23, 2010, the defendants advised that they had just realized that the descriptions of the platforms and VIN ranges for certain sub-classes had to be corrected. Plaintiffs' counsel agreed to the revisions, and an Amended Order was submitted to the Court, which Order was filed on March 26, 2010, and is currently in effect.

On April 1, 2010, only 15 days before the notices are scheduled to be mailed, defense counsel contacted plaintiffs' counsel to advise for the first time that the State of Hawaii was moving slowly in processing the release of vehicle and owner information to Polk, which in turn was preventing VWGOA and the settlement administrator Rust Consulting from processing the data and preparing the notices for mailing. Defense counsel advised that they needed to change the date to mail the notices to May 7, 2010, with corresponding modifications to all the other dates. We advised that we were not willing to change the final hearing date, or unreasonably extend the briefing deadlines, and requested a conference call with Polk to find out why Hawaii was not timely processing the request. A few hours later, defense counsel called and advised that Hawaii had just conveniently advised Polk that the letter releasing the information had just been prepared to be signed, but the person who needed to sign would not be signing until the following week (which was last week); thus no call with Polk was needed.

Based on our analysis, the requested extension to May 7, 2010 to mail the notices was unreasonably long, and we requested the production of relevant documents, and the scheduling of a conference call with Rust in order to evaluate the situation first hand. From this documentation, we learned that the request to Hawaii was not mailed until March 16, 2010[3], which belied the need for such a long extension. That conference call took place on April 5, 2010, and we were able to establish that the defendants had exaggerated the amount of additional time needed. Based on this, the parties agreed to extend the mailing date from April 16, 2010 to only April 30, 2010, still providing a cushion of a few extra days, with corresponding extensions of the other deadlines, as follows:

---

[3] Defendants have told us that Hawaii is known to routinely respond more slowly than other states, and there has been no explanation for why they waited to mail the request to Hawaii, when other notices were apparently sent as early as March 12.



**HERZFELD & RUBIN, P.C.**
ATTORNEYS AT LAW

Hon. Patty Shwartz
April 14, 2010
Page 8 of 10

| | |
|---|---|
| Mailing of Notices: | April 30, 2010 |
| Publication Notices: | May 10, 2010 |
| Objections/Opt-outs Due: | June 14, 2010 |
| Plaintiffs' Motion and Briefs: | June 18, 2010 |
| Defendants' Submissions and Plaintiffs' Supplemental Submission regarding Objections: | July 9, 2010 |
| Report on Opt-outs: | July 19, 2010 |
| Final Hearing: | July 26, 2010 |

Parenthetically, during the conference call with Rust we learned that the defendants were not planning to have live people available to speak to class members calling Rust for information, to which we vehemently objected for obvious reasons, and advised that we would apply to the Court if the defendants did not relent. Following some back and forth, the defendants agreed to have live people available to answer the phone inquiries of class members.

The day after we reached agreement with defense counsel, on the then new proposed schedule, and the form of letter to be submitted to the Court (presumably with the knowledge of their clients, who are micromanaging this litigation according to the defense attorneys), defense counsel called to say they had yet another problem – VWGOA had to process several unrelated Federal and State service actions and/or recalls, thus VWGOA could not process the data for transmission to Rust, who will be handling the printing and packaging of the notices, in time for the April 30, 2010 mailing date counsel had just agreed to. The defendants asked to move the mailing date to May 7, with further corresponding modifications to the schedule. At this point, plaintiffs demanded that the defense provide documentation of the basis for this new request: (1) document and explain <u>why</u> VWGOA needs five days to process the information before sending it on to Polk, and (2) identify the nature of each of the other service actions/recalls at issue, when the defendants learned about these actions and the need to generate the data, what government entity was requiring these actions, and when those actions are to be implemented. We have not been provided the requested information, which is needed to overcome plaintiffs' skepticism that the data processing to facilitate this settlement can't be performed first, and as to the need for the full extent of extensions now requested by the defendants.[4]

---

[4] On April 14, 2010 the defendants included a list of recalls and service campaigns in their latest version of the joint letter, <u>for the first time</u>. The list does not answer all of our inquiries, and shows the



During a lengthy conference call between counsel on Friday, April 9, 2010, plaintiffs reluctantly agreed in the spirit of cooperation to extend the mailing deadline to May 7, 2010, but <u>only</u> if the defendants documented the responses to the requests set forth in the prior paragraph, and agreed to keep the defendants' brief submission deadline at July 9, 2010. Although this would shorten the defendants' time to respond to plaintiffs' fee application (which is going to be contested at present) from 21 to 14 days, this is reasonable since the delays are all due to the defendants' problems in processing this settlement. This would hopefully allow the Court to have adequate time to consider the merits of the applications prior to the final hearing. Certainly, the defendants should be preparing their briefs simultaneously with the plaintiffs in any event, and 14 days is enough time for them to respond to our submissions. In fact, one of the defense briefs will address final approval, which the defense supports.

For these reasons, <u>and on this record,</u> plaintiffs request the modification of the current schedule to provide only the extensions and modifications that were agreed to by counsel, as set forth above, beginning with an April 30, 2010 mailing of the notices. The April 30 date is not new, rather it is the date that the parties agreed to previously. At present, the only additional potential need for delay is VWGOA's as yet uncorroborated need for five days to prepare the data for Rust, and scheduling of other data searches in the next few weeks, on unrelated matters, which we believe can be rescheduled so that the defendants can comply either with the current Court ordered schedule or whatever modified schedule the Court may implement. If the Court does change the mailing date to May 7, 2010, the defendants' brief in support of final approval of the settlement should be due the same day as the plaintiffs' briefs, since the parties are in agreement on that issue, and the final briefs should be due no later than July 9, 2010.

The defendants' suggestion that the plaintiffs have delayed this process or negotiated in bad faith is completely inaccurate. Defendants provided the joint letter for the first time on the morning of April 12, 2010, and we responded the same day with our position. We demanded the re-organization of the letter because the introduction was inaccurate and misleading. After plaintiffs provided the defense with the plaintiffs' position for insertion into the joint letter, the defendants provided a re-cast proposed joint letter on April 13, 2010 at midday and we responded in a few hours. In addition to the fact that the process of negotiations is inaccurately described, plaintiffs are taken aback by the defense's disclosure of the process of our efforts to settle this dispute. Moreover, as set forth above, our agreement to a May 7, 2010 mailing date was <u>subject to</u> receiving the confirmation referenced above, which has not been provided. In fact, plaintiffs asked on April 13, 2010 for the name, title, and phone number of the person in Hawaii who Polk had been interfacing with, so we could intervene and find out what is truly

---

defendants already planned to prepare the data for these multiple campaigns virtually simultaneously with the data needed to implement this settlement.



Hon. Patty Shwartz
April 14, 2010
Page 10 of 10

happening, and that information was not provided. Conveniently, Hawaii issued the approval yesterday evening according to an email received today from the defense. Plaintiffs believe that the position we have taken is reasonable in light of the <u>confirmed</u> facts known at present.

Respectfully,

Jeffrey L. Chase/Daniel V. Gsovski
Counsel for Defendants

Adam Slater

Samuel Sporn
Counsel for Plaintiffs