# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN M. DEWEY, et al., | : |
| Plaintiffs, | : |
| vs. | : |
| VOLKSWAGEN AG, et al., | : |
| Defendants. | : Case Nos.: |
| JACQUELINE DELGUERCIO, et al., | : 07-CV-2249-FSH-PS |
| | : 07-CV-2361-FSH-PS |
| Plaintiffs, | : (consolidated) |
| vs. | : **AMENDED ORDER GRANTING** |
| | : **PRELIMINARY APPROVAL** |
| VOLKSWAGEN GROUP OF AMERICA, INC., | : **OF CLASS SETTLEMENT,** |
| et al., | : **DIRECTING NOTICE TO** |
| | : **THE SETTLEMENT CLASS,** |
| | : **AND SCHEDULING** |
| | : **FAIRNESS HEARING** |
| Defendants. | : ON INFORMAL APPLICATION |

WHEREAS, this matter has come before the Court pursuant to a Joint Motion for Entry of an Order Granting Preliminary Approval of the Amended Class Settlement dated March 24, 2010 (the "Motion"); and

WHEREAS, the Court finds that it has jurisdiction over this action and each of the Parties for purposes of settlement; and

WHEREAS, this Court has conducted a preliminary approval hearing on February 3, 2010 on the record via telephone, has considered all of the submissions related to the Motion, and

1

is otherwise fully advised of the issues; and for the reasons set forth in the Opinion delivered on the record on February 17, 2010, *and the Court adjusting certain deadlines to address delays in publishing notice with only minimal adjustment to the briefing schedules.*

IT IS HEREBY ORDERED THAT:

## I. PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

1. The terms of the Amended and Superseding Agreement of Settlement, dated March 24, 2010 including all Exhibits thereto (the "Agreement"), are hereby preliminarily approved as modified in accordance with the directives set forth on the record on February 3, 2010, with applicable deadlines deemed modified in accordance with the terms of this Order, subject to further consideration thereof at the Final Approval Hearing provided for below. This Order incorporates herein, and makes a part hereof, the Agreement, including all Exhibits thereto as modified in accordance with the directives on February 3, 2010. Unless otherwise provided herein, the terms defined in the Agreement shall have the same meanings herein. The Court finds that the class settlement embodied in the Agreement (the "Class Settlement") is sufficiently within the range of reasonableness so that Notice of the Class Settlement should be given as provided in paragraph III of this Order and the Agreement. In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the Parties involved in both settlement of these claims and continuation of the litigation, and that the Agreement was entered into only after extensive arm's-length negotiation by experienced counsel.

*Almost all of the briefs can be prepared during the period for objections and/or opt out, and the Court notifying the parties that no extensions of the briefing schedule set forth herein will be granted.*

## II. THE CLASS, REPRESENTATIVES, AND CLASS COUNSEL

2. The Settlement Class is defined as all owners and lessees of the following vehicles:

(a) all Persons who purchased or leased, new or used, the following Settlement Class Vehicles
- 2001 – 2007 Volkswagen New Beetle vehicles with Vehicle Identification Number (VIN) below 3VW---1C-7M514779 equipped with sunroof
- 2001-2005 Jetta A4 Sedan (VIN with "9M" in position 7 and 8), 2001-2005 Volkswagen Jetta Wagon A4 vehicles (VIN with "1J" in position 7 and 8) equipped with sunroof
- 2001-2006 Volkswagen Golf A4, Volkswagen GTI A4 vehicles (VIN with"1J" in position 7 and 8), equipped with sunroof
- 2005 - 2007 Volkswagen Jetta A5 vehicles (VIN with "1K" in position 7 and 8) equipped with sunroof
- 2006 - 2007 Volkswagen Golf/GTI A5 vehicles (VIN with "1K" in position 7 and 8) equipped with sunroof
- 1999-2005 Volkswagen Passat B5 vehicles.
- 1997-2006 Audi A4 vehicles, B5 and B6 Platforms (VINs in MY2005 with "8E" in position 7 and 8 with also "J" or " L" or" V" or" P" or "X" in position 4, VINs in MY2005 and 2006 with "8H" in position 7 and 8) (including Cabrio, S and RS versions
- 1998-2005 Audi A6 C5 vehicles (VINs with "4B" in position 7 and 8) (including Allroad, S and RS versions)

and

(b) all persons who currently own or lease the following Settlement Class vehicles:
- 1998-2000 and 2007-2009 Volkswagen New Beetle (VIN 3VW---1C-7M514779 or higher) vehicles equipped with sunroof
- 1997-1999 Volkswagen Jetta A3 (VIN with "1H" in position 7 and 8), 1999 - 2000 Volkswagen Jetta A4 (VIN with "9M" in position 7 and 8) and 2008 - 2009 Volkswagen Jetta A5 vehicles (VIN with "1K" in position 7 and 8 equipped with sunroof
- 1997-1999 Volkswagen Golf/GTI A3 (VIN with "1H" in position 7 and 8), 1999 - 2000 Volkswagen Golf/GTI A4 (VIN with "1J" in position 7 and 8) and 2008 - 2009 Volkswagen Golf/GTI A5 vehicles (VIN with "1K" in position 7 and 8) equipped with sunroof
- 1998 Volkswagen Passat B5 vehicles
- 1997 Volkswagen Passat B4 and 2006-2009 Volkswagen Passat B6 vehicles equipped with sunroof
- 2004-2009 Volkswagen Touareg vehicles

- 2005-2008 Audi A4 B7 Platform vehicles equipped with sunroof (VINs in MY2005 with "8E" in position 7 and 8 and also "A" or "D" or "K" or "G" or "U" in position 4) (including S and RS versions)
- 1997 Audi A6 C4 vehicles
- 2005-2009 Audi A6 C6 vehicles equipped with sunroof (VINs with "4A" or "4F" in position 7 and 8) (including S and RS versions)
- 1997-2009 Audi A8 vehicles (including S versions)

other than officers, directors, or employees of any Defendant.

3. The Court preliminarily finds that the proposed nationwide Settlement Class meets all of the applicable requirements of Fed. R. Civ. P. 23(a), including numerosity, commonality, typicality, and adequacy of representation, and (b)(3), including predominance of common issues and superiority of the class action mechanism for purposes of settlement, and hereby certifies the Settlement Class for settlement purposes only.

4. The Class Representatives are: Jacqueline DelGuercio, Lynda Gallo, Francis Nowicki, Kenneth Bayer, John M. Dewey, Patrick DeMartino, Patricia Romeo, Ronald B. Marans, and Edward O. Griffin. Based upon the Court's familiarity with the claims and parties, the Court preliminarily finds that these designated representatives are appropriate representatives for settlement purposes.

5. The Court further preliminarily finds that the following firms fairly and adequately represent the interests of the Settlement Class and hereby confirms them as Co-Lead Class Counsel pursuant to Fed. R. Civ. P. 23(g):

Co-Counsel for the Class

Adam M. Slater
MAZIE SLATER KATZ & FREEMAN, LLC
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898

Samuel P. Sporn, Esq.

SCHOENGOLD & SPORN, PC
19 Fulton Street, Suite 406
New York, New York 10038
(212) 964-0046

6. If the Agreement is terminated or is not consummated for any reason whatsoever, the certification of the Settlement Class shall be void, and plaintiffs and defendants shall be deemed to have reserved all of their rights as set forth in the Agreement, including but not limited to the issues related to all claims, defenses, and issues under Fed. R. Civ. P. 23.

### III. NOTICE TO SETTLEMENT CLASS MEMBERS

7. The Court has considered the proposed publication and mailed notices attached as Exhibits A1-5 and B to the Agreement, including the proposed forms of notice, as well as the proposal for the Claim Form, attached to Exhibits A1-3, and as conformed in accordance with the directives of the Court on February 3, 2010 and as filed on February 11, 2010[1] finds that the forms, content, and manner of notice proposed by the Parties and approved herein meet the requirements of due process and Fed. R. Civ. P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the Constitutional requirements of notice. The Court approves the notices in all respects (including the proposed forms of notice, and the claim forms except as set forth on February 3, 2010) and orders that notice be given in substantial conformity therewith. The mailing of Notices attached as Exhibits A1-5 to the Agreement, as conformed in accordance with the directives of the Court shall be completed on or before May 7, 2010 and the publication of the Notice attached as Exhibit B to the Agreement but as conformed in accordance with the directives of the Court conveyed on the record on February 3, 2010, shall occur on or before May 17, 2010, and copies 

---

[1] The parties are on notice that disputed claims may be referred to binding arbitration rather than resolved by the Court. See Settlement Agreement §7.5.

of the final Notices shall be presented to the Court by April 23, 2010. The costs of disseminating the notices shall be borne by the defendants, in accordance with the Agreement.

8. The Court appoints Rust Consulting of Faribault, Minnesota as Settlement Administrator. Responsibilities of the Settlement Administrator shall be governed by the Agreement, including but not limited to the following: (a) mailing and publication of Notice to the Settlement Class; (b) establishing a toll-free phone number (to be included in the Publication Notice for purposes of communicating with Settlement Class Members); (c) establishing and maintaining a website for purposes of posting the Notices, the Claim Forms, the Agreement, and related documents; (d) accepting and maintaining documents sent from Settlement Class Members, including Claim Forms, Requests for Exclusion, and other documents relating to claims administration; and (e) administering claims for the Reimbursement Fund and other benefits to the Settlement Class Members.

## IV.  REQUEST FOR EXCLUSION FROM THE CLASS

9. Settlement Class Members who wish to be excluded from the Settlement Class shall mail a written Request for Exclusion to the Settlement Administrator, in accordance with the Agreement, so that it is postmarked no later than June ~~21~~ 15, 2010, and shall clearly state the following: the name, address, telephone number, of the individual or entity who wishes to be excluded from the Settlement Class, and provide all such information as may be required by the Agreement.

10. A person who submits a valid Request for Exclusion shall not be bound by the Agreement, or the Final Approval Order and Judgment. Not later than July ~~19~~ 13, 2010, the Settlement Administrator shall prepare and deliver to Class Counsel, who shall file it with the Court, and defense counsel, a report stating the total number of persons that have submitted



*The Court accelerates this date*

6

timely and valid Requests for Exclusion from the Settlement Class and the names of such Person. Such Persons will not be entitled to receive any relief under this Settlement.

11. Any Settlement Class Member who does not properly and timely mail a Request for Exclusion as set forth in paragraph 9 above shall be automatically included in the Settlement Class and shall be bound by all the terms and provisions of the Agreement, the Class Settlement, and the Final Approval Order and Judgment, whether or not such Settlement Class Member received actual notice or shall have objected to the Class Settlement and whether or not such Settlement Class Member makes a claim upon or participates in the Class Settlement.

### V. PROOFS OF CLAIM

12. Claim Forms must be postmarked on or before July 23, 2010 (subject to section 1.4 of the Agreement) to be eligible for Reimbursement Fund payments as provided under the Agreement. To effectuate the Agreement and Class Settlement, the Settlement Administrator shall be responsible for the receipt of all Requests for Exclusion and Claim Forms. The Settlement Administrator shall preserve (on paper or transferred into electronic format) all Requests for Exclusion, Claim Forms, and any and all other written communications from Settlement Class Members in response to the Notices for a period of five (5) years, or pursuant to further order of the Court. All written communications received by the Settlement Administrator from Settlement Class Members relating to the Agreement shall be available at all reasonable times for inspection and copying by Class Counsel and defense counsel, including prior to payments being mailed to each Settlement Class Member.

### VI. CONFIDENTIALITY

13. Any information received by the Settlement Administrator in connection with the Class Settlement that pertains to a particular Settlement Class Member, or information submitted in conjunction with a Request for Exclusion (other than the identity of the person requesting

exclusion), shall not be disclosed to any other person or entity other than Class Counsel, defense counsel, and the Court, or as otherwise provided in the Agreement.

## VII.   FINAL APPROVAL HEARING / OBJECTION TO THE SETTLEMENT

14.   A hearing on final settlement approval (the "Final Approval Hearing") will be held on July 26, 2010 at 10:00 a.m. before this Court, at the United States District Court for the District of New Jersey, Frank R. Lautenberg U.S. Post Office & Courthouse, 2 Federal Square, Courtroom No. 10, Newark, New Jersey 07101, to consider, *inter alia*, the following:  (a) the adequacy of the Class Representatives and whether the Settlement Class should be finally certified; (b) the fairness, reasonableness and adequacy of the Class Settlement; (c) the dismissal with prejudice of the Action as to the Defendants; (d) whether Class Counsel's application for attorneys' fees, expenses, and compensation for the Class Representatives ("the Fee Petition") should be granted; (e) whether to finally approve the Agreement; and (f) whether the Court should enter an order expressly determining that there is no just reason for delay and expressly directing that any judgment by the Court approving the Agreement and the Settlement Class should be deemed as a final judgment under Fed. R. Civ. P. 54(b) with respect to all claims by Settlement Class Members against the Defendants.

15.   A. On or before June ~~25~~ 17, 2010, Class Counsel shall file with the Court:  (i) any memoranda or other materials in support of final approval of the Agreement and Class Settlement; and ~~(ii) any Fee Petition~~.  Defendants shall file any memoranda or materials in support of final approval of the Agreement and Class Settlement ~~and in response to plaintiffs' fee petition~~ on or before ~~July 16~~ June 28, 2010.  No replies will be permitted unless requested by the Court, except that specific responses to objections served after June ~~16~~ 15, 2010  may be served, by plaintiffs, defendants or jointly, on or before ~~July 9~~ June 30, 2010.



B. Because the fee petition need not await the close of the objection period, and objections based upon the fee requested can be addressed as part of the approval briefs, the fee petition shall be submitted no later than June 2, 2010 and the opposition shall be submitted no later than June 22, 2010. No replies

-8-

16. Any Settlement Class Member who has not filed a Request for Exclusion in the manner set forth above may appear at the Final Approval Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the Class Settlement, the dismissal with prejudice of the actions, the entry of final judgment, and/or the Fee Petition; provided, however, that no person shall be heard in opposition to the Class Settlement, dismissal and/or entry of final judgment or the Fee Petition, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless filed with the Court and served upon counsel listed below in Paragraph 18 on or before June 15, 2010. Such person must (a) file with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition and any documentation in support of such opposition on or before June 15, 2010, and (b) serve copies of such notice, statement, and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon all counsel listed below in Paragraph 17 on or before June 15, 2010. Settlement Class Members who object in the manner and by the dates provided herein shall be subject to the jurisdiction of this Court. Settlement Class Members who fail to object in the manner and by the dates provided herein shall be deemed to have waived and shall forever be foreclosed from raising any such objections.

17. Counsel for the Parties who must be served with all documentation described above in paragraph 16 are as follows:

Co-Counsel for the Class

Adam M. Slater, Esq.
MAZIE SLATER KATZ & FREEMAN, LLC
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898

9

Samuel P. Sporn, Esq.
SCHOENGOLD & SPORN, PC
19 Fulton Street, Suite 406
New York, New York 10038
(212) 964-0046

Counsel for Defendants

Daniel Gsovski, Esq.
Jeffrey Chase, Esq.
HERZFELD & RUBIN, P.C.
125 Broad Street
New York, New York 10005
(212) 471-8512

18. The date and time of the Final Approval Hearing shall be set forth in the Publication Notice and the notice posted on the Settlement Administrator's website, but shall be subject to adjournment by the Court without further notice to the Settlement Class Members other than that which may be posted at the Court, on the Court's website, and/or the website to be established pursuant to the Agreement.

19. All proceedings in this Action with respect to the defendants are hereby stayed and suspended, pending the Final Approval of the Class Settlement ("Final Approval"), except such proceedings as are provided for in the Agreement, or which may be necessary to implement the terms of the Agreement, the Class Settlement, or this Order.

20. Any Settlement Class Member may hire an attorney at his or her or its own expense to appear in the action. Such attorney shall serve a Notice of Appearance on the Counsel listed in paragraph 17 above by June 15, 2010, and file it with the Court on or before June 21, 2010.

21. Upon Final Approval, all Settlement Class Members who do not file a timely Request for Exclusion shall be deemed to have released and hence will be barred from asserting any of the matters, claims, or causes of action released pursuant to the Agreement, including the

Released Claims and any such Settlement Class Member shall be deemed to have forever released any and all such matters, claims, and causes of action as provided for in the Agreement.

## VIII. **OTHER PROVISIONS**

22. Upon Final Approval, each and every term and provision of the Agreement (except as may be modified by the Final Approval Order) shall be deemed incorporated in to the Final Approval Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

23. In the event the Class Settlement is terminated in accordance with the provisions of the Agreement, the Class Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided in the Agreement, and without prejudice to the status quo ante rights of plaintiffs and defendants.

24. Neither this Order nor the Agreement, nor any documents or statements related thereto, shall constitute any evidence or admission of liability by any defendant, nor shall any such document or statement be offered in evidence in this or any other proceeding except to consummate or enforce the Agreement or the terms of this Order.

Date: April 14, 2010

Honorable Patty Shwartz
United States Magistrate Judge