

Daniel V. Gsovski
Direct Dial: 212-471-8512
dgsovski@herzfeld-rubin.com

June 2, 2010

**BY E-FILING**
Hon. Patty Shwartz, U.S.M.J.
United States District Court
Frank R. Lautenberg U.S. Post Office & Courthouse
2 Federal Square, Courtroom 10
Newark, New Jersey 07102

Re:   *John M. Dewey, et al. v. Volkswagen of America, Inc. et al.*
        07-CV-02249-FSH-PS
       *Jacqueline Delguercio, et al. v. Volkswagen of America, et al.*
        07-CV-02361-FSH-PS

Dear Judge Shwartz:

The parties write to propose one agreed-upon correction to Your Honor's Order of May 19, 2010 (Dkt. 185). Defendants write to request a further modification to the Order, to which Plaintiffs are opposed.

**<u>Agreed Request</u>**

First, as to the matter on which the parties agree, we note that the June 10 deadline by which Defendants would tender their expert report and/or materials (see transcript of May 18 telephone hearing (Dkt. 187) at pp. 39-42) is not reflected in the Order. Both sides request that an appropriate decretal paragraph to this effect be included in an amended or supplemental order.

HERZFELD & RUBIN, P.C.
1225 FRANKLIN AVE, SUITE 315
GARDEN CITY, NY 11530
TELEPHONE: 212-471-3231

CHASE KURSHAN HERZFELD & RUBIN, LLC
354 EISENHOWER PARKWAY, SUITE 1100
LIVINGSTON, NJ 07039-1022
TELEPHONE: 973-535-8840

HERZFELD & RUBIN, LLP
1925 CENTURY PARK EAST
LOS ANGELES, CA 90067
TELEPHONE: 310-553-0451

RUBIN MEYER DORU & TRANDAFIR
SOCIETATE CIVILA DE AVOCATI
7. STRADA PUTUL CU PLOPI
BUCHAREST I, ROMANIA
TELEPHONE: (40) (21) 311-1460



**Disputed Request**

**Defendants' Position**

In addition, Defendants seek to clarify an aspect of the Order that, we respectfully submit, misapprehends the relevant portion of the record and is therefore overly broad. We refer specifically to the following paragraph of the Order:

> IT IS FURTHER ORDERED that because the defendants declined to provide discovery in response to demands seeking documents concerning their **valuation of the settlement**, they may not offer their own expert to prove valuation but the defendants may [offer] challenges to the basis or conclusions plaintiffs' [expert] offers for the Court to determine the reasonableness of the settlement or fees' [sic] request.  (Emphasis added)

In fact, Plaintiffs' Interrogatory did not relate to Defendants' "valuation of the settlement" as a whole. It was, instead, expressly limited to the "Educational/Preventive Maintenance Information Campaign" campaign component of the settlement:

> 6.   **With regard to the "Educational Preventive Maintenance Information Campaign**," set forth:
>
> (a)    Defendants' valuation **of the information** to be provided, on a per vehicle basis.
>
> (b)    The methodology whereby the defendants established the valuation set forth in (a) above, including the components of the valuation.
>
> (c)    The models, model years, and VIN ranges of the vehicles (1) eligible to receive both the educational information and modifications/reimbursements, and



> (2) eligible to receive only the educational information. (Emphasis added)

Mr. Slater expressly confirmed this restriction of the Interrogatory at the hearing – ". . . the way that I framed that confirmatory discovery question wrapped up basically everything that's not a hard dollar . . ." (Tr. at 42/17-19)

However, as currently worded, the Court's Order appears to read the Defendants' statement that they "do not intend to offer a valuation" more broadly than the subject matter of Plaintiffs' request, and thereby to preclude any affirmative defense submission even as to "hard dollar" components of the settlement.  The preclusive effect of the Order cannot reach beyond the stated subject matter of Plaintiffs' Interrogatory, which also defined the scope of Defendants' answer, namely the "Educational Preventive Maintenance Campaign" aspect of the settlement.  We therefore request that the subject decretal paragraph of the Order be amended to read substantially as follows (insertions in ***bold underlined italics***):

> IT IS FURTHER ORDERED that because the defendants declined to provide discovery in response to demands seeking documents concerning their valuation of the ***"Educational/Preventive Maintenance Campaign" included in the*** settlement, they may not offer their own expert to prove ***such*** valuation but the defendants may ***offer*** challenges to the basis or conclusions plaintiffs' expert offers for the Court to determine the reasonableness of the settlement or fee request.

The existence of a dispute on this issue is, frankly, puzzling.  Defendants understand and accept the Court's Order insofar as it reaches their own independent



valuation of the "Educational/Preventive Maintenance Campaign," which was the subject matter of the Interrogatory at issue. The clarifying language Defendants propose would make this crystal clear.

However, this approach cannot fairly be extended to what Mr. Slater termed the "hard dollar" aspect of the settlement value, which was not the subject of inquiry. In fact, the predominant focus of Plaintiffs' confirmatory discovery Interrogatories and a multitude of document requests was the "hard dollar" component of the settlement. All of these requests were answered. Not one has brought forth a statement disavowing Defendants' intent to value their own out-of-pocket expenditures.

Plaintiffs' elaborate exegesis of renewal and reargument jurisprudence is not on point. Defendants ask only that the Court read Plaintiffs' Interrogatory, and the Defendants' answer to it, exactly as written and exactly as represented to the Court by Mr. Slater at the hearing – and exactly as the Court no doubt intended to read these documents. Defendants seek merely to correct a clerical oversight or omission under Rule 60(b). Plaintiffs' *ex post facto* attempt to wrest tactical advantage from this otherwise unremarkable episode should be rejected

### Plaintiffs' Position

Defendants seek to modify a clear ruling of the Court where no "clarification" is necessary: the question of whether the defendants are permitted to offer a competing



valuation was fully briefed and argued for over one hour prior to the Court's decision. Defendants really do not seek clarification, but rather reconsideration by the Court. There is no basis for such reconsideration.

A motion for reconsideration is improper when the Court is asked to rethink what it already has decided. *McGarrey v. Hussain*, No. 09-5163, 2010 U.S. Dist. LEXIS 42062, at *3-4 (D.N.J. Apr. 26, 2010) (quotations and citations omitted). Motions for reconsideration are granted very sparingly, *id.*, and there is no basis on which to grant the motion here. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Id.* at *3 (quotations and citations omitted). A court may grant a properly filed motion for reconsideration for one of three reasons: (1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *Id.* (quotations and citations omitted). L. Civ. R. 7.1(i) requires that the moving party set forth concisely the matters or controlling decision which counsel believes the Court has overlooked. *Id.* (quotations and citations omitted).

Here, Defendants present no change in the controlling law, no previously unavailable evidence, demonstrate no clear error of law and fail to show manifest injustice.



Based upon a 24 page joint letter and over one hour of argument, the Court had all the evidence and relevant law before it. The Court correctly held the defendants to the plain meaning of their October 27, 2009 disclosure: "As defendants do not intend to offer *a* valuation, no documents responsive to this request exist." (Emphasis added). The response unambiguously stated that the defendants would not provide an affirmative valuation, and the Court ruled accordingly.

Moreoever, the defendants confirmed during the May 18, 2010 hearing that they would not offer any valuation:

> THE COURT: Well, I think everybody better just be mindful of the positions that were taken in October about what was discoverable and what wasn't discoverable and the positions of the parties, because ***the defendants have declined to affirmatively offer evidence of valuation*** by not responding to this discovery demand. It's clear, however, as I said at the outset, they didn't abandon their right to challenge the -- either the factual or the legal sufficiency of the valuation being offered and to be able to challenge either the basis for the valuation or the conclusions reached by -- by the plaintiffs, so that the Court can determine the reasonableness of the overall settlement.
>
> MR. CHASE: That's -- that's where I -- we're -- we're coming from, and I think I made that clear to plaintiffs' counsel in a number of calls.

(Transcript, p. 43) (Emphasis added). The record is very clear, and the Order is consistent with the record.



When the Court reiterated its ruling while announcing its decision, the defendants did not object:

> Nothing herein is changing the fact that the defendants had declined to offer affirmative evidence of valuation, but it certainly did not preclude them from offering evidence to challenge the basis for the conclusions about valuation.

(Transcript, p. 44). The Court correctly ruled based on the defendants' response to the Interrogatory, the briefing, and the argument, that the defendants are precluded from presenting *any* affirmative valuation.[1]

Indeed, it is Plaintiffs who will be prejudiced if the Court grants the defendants' request. Prior to the plaintiffs providing their expert, George Eads, to defendants on a conference call on March 19, 2010 wherein defendants' expert and counsel questioned Mr. Eads on his detailed analysis previously submitted, for what amounted to direct testimony, plaintiffs relied in good faith on defendants' representation that they would not be offering affirmative expert testimony concerning valuation. Now, at the eleventh hour, defendants seek to present just such evidence, thereby severely prejudicing plaintiffs, who would have been entitled to have insisted on a fair exchange of information for their own review and for their expert to consider in preparing his report, and could have vetted Defendants' expert's background over the past six months instead of a mere two weeks before the due dates of critical briefing. Thus, not only would

---

[1] The defendants' attempt to reargue the issue in partial reliance on a cite to a partial statement by plaintiffs' counsel at the hearing, taken out of context. The complete statement shows that it was plaintiffs' position that no valuation should be permitted in light of the defendants' October 2009 response, which has never been amended.



Hon. Patty Shwartz
June 2, 2010
Page 8 of 8

plaintiffs be prejudiced, but defendants' conduct and representations act as an estoppel against their present request for a modification of the Court's order.

For the foregoing reasons, Defendants' request should be denied in its entirety.

    Respectfully,

    s/ Daniel V. Gsovski
    s/ Jeffrey L. Chase
    Counsel for Defendants

    s/ Adam Slater
    s/ Samuel Sporn
    Counsel for Plaintiffs