UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOHN M. DEWEY, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| VOLKSWAGEN AG, et al., | ) ) | |
| Defendants, | ) | Case Nos: |
| JACQUELINE DELOUERCIO, et al., | ) ) | 07-CV-2249-FHS-PS 07-CV-2361-FSH-PS |
| Plaintiffs, | ) ) | (consolidated) |
| vs. | ) ) | |
| VOLKSWAGEN GROUP OF AMERICA, INC, et al. | ) ) ) | |
| Defendants, | ) ) | |

**OBJECTIONS TO PROPOSED SETTLEMENT OF
CLASS ACTION**

NOW COMES Paul M. Kaufman of 19615 Winslow Rd., Shaker Heights, Ohio 44122 (hereinafter referred to as "Objector") by and through the undersigned counsel, and hereby files these Objections to the Proposed Settlement of this Class Action and, in support thereof, states as follows:

1

## PROOF OF MEMBERSHIP IN CLASS

Objector owns a 2001 Volkswagen Jetta GLS, VIN 3VWSB69M71M193352.  A copy of the Certificate of Title is attached hereto as Exhibit A.

## NOTICE OF INTENT TO APPEAR

Objector hereby gives notice that he intends to appear, through the undersigned counsel, at the Fairness Hearing presently scheduled for 10:00 A.M. on July 26, 2010, in the United States District Courthouse for the District of New Jersey, 2 Federal Square, Newark, New Jersey 07102, before the Honorable Patty Schwartz.

## SUMMARY OF SETTLEMENT

The Settlement Agreement provides that all persons who were owners or lessees of certain sunroof equipped Volkswagens are entitled to reimbursement for repairs and/or other compensation because the vehicles in question were susceptible to water ingress into the passenger compartment through sunroof drains and/or the fresh air plenums.  The defendant established a Reimbursement Fund of Eight Million Dollars ($8,000,000) which is their sole monetary responsibility to the Class.  In addition, certain modification may be made to covered free of charge and a revised maintenance program is being implemented.  In addition, Class Counsel is requesting a fee of up to $30 million plus $1.5 million in costs and expenses.  Since this exceeds the total amount being paid to the Class, this will apparently be paid directly by Volkswagen.

## OBJECTIONS

The Settlement Agreement is unfair, unreasonable and inadequate for the following reasons:

1.  <u>ATTORNEYS FEES ARE EXCESSIVE</u>.  Class Counsel indicates in the Notice that it will request up to $30 million in fees.

It is important to note that the nature of the case (fraud and diversity) is such that the fee should be limited to no more than 200% of the lodestar under New Jersey law.  Although the Third Circuit generally follows the Percentage of the Fund approach to attorneys' fees ("POF") with a lodestar cross-check, *In re Cendant Corp. Securities Litigation,* 404 F. 3d. 173 (3rd Cir. 2005),   *In re Cendant PRIDES Litigation,* 243 F.3d 722 (3rd Cir.2001), *In re: Rite-Aid Corp Securities Litigation,* 146 F. Supp. 2d 706 (E.D. Pa. 2001), in this case the Court must look to New Jersey law for guidance.   In cases of diversity and pendant jurisdiction, federal courts apply state substantive law to determine the method of calculating attorneys' fees.  *Mangold v. California Public Utilities Com'n,* 67 F. 3d 1470, 1478 (9th Cir. 1995)*; Northern Heel Corp. v. Compo Indus.,* 851 F. 2d 456, 475 (1st Cir. 1988); *Riordan v. Nationwide Mutl Fire Ins. Co.,* 977 F. 2d 47, 53 (2d Cir. 1992).

New Jersey state law limits maximum attorneys' fees in actions brought pursuant to statutes that contain a fee-shifting provision, regardless of whether those actions result in a common fund.  The New Jersey Supreme Court has said:

> "We conclude that contingency enhancements in fee-shifting cases ordinarily should range between **five and fifty-percent of the lodestar fee**, with the enhancement in typical contingency cases ranging between twenty and thirty-five percent of the lodestar. **Such enhancements should never exceed one-hundred percent of the lodestar,** and the enhancement of that size will be appropriate only in the rare and exceptional case in which the risk of nonpayment has not has not been mitigated at all, i.e., where the "legal" risk constitutes "an economic disincentive independent of that created by the basic contingency in payment … and the result achieved … is significant and of broad public interest".(Emphasis added). *Rendine v. Pantzer*, 661 A.2d 1202, 1231 (N.J. 1995).

The New Jersey Supreme Court recently affirmed the continuing application of the *Rendine* holding to common fund class action settlements.  See *The Education Day Care Center,*

*Inc. v. Yellow Book USA, Inc.* 194 N.J. 271, 944 A. 2d 31 (2008).  Finally, New Jersey law limits contingent fees in actions where the recovery is greater than $1.5 million to no more than Twenty (20%) percent of the recovery. <u>New Jersey Supreme Court</u> Rule 1:21-7 (c).

If, notwithstanding the foregoing, this Court were to utilize a POF approach, it should award **total fees and expenses** in an amount of no more than $1.6 million ($8 million X 20%), or 20% of the recovery.  The "service action" might have some value to those who can take advantage of it.  However, the "revised maintenance program" which consists of telling owners and lessees to have the area inspected and cleaned every 40,000 miles, is of little or no practical value, and is certainly insufficient to justify an award of $30 million.

2. <u>VIOLATION OF FED. R. CIV. P. 23(h)</u>

Class Counsel has also violated Fed. R. Civ. P. 23 (h) (2) by not giving the class members adequate notice of their fee petition which is, in fact, a motion.  The deadline for filing this Objection is June 14, 2010. The Motion for Award of Counsel Fees was not filed until June 09, 2010.  This did not allow Objector sufficient time to review the Motion.  Under Local Rule 7.1(d) (2) Objector must respond to the Motion by June 23, 2010.

Rule 23(h), Fed.R.Civ.P. provides:

(h) Attorney's Fees and Nontaxable Costs.

In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement. The following procedures apply:
    (1) A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.
    (2) A class member, or a party from whom payment is sought, may object to the motion.
    (3) The court may hold a hearing and must find the facts and state its legal conclusions under Rule 52(a).
    (4) The court may refer issues related to the amount of the award to a special master or a magistrate judge, as provided in Rule 54(d)(2)(D) (emphasis added).

4

Since Objector did not have sufficient time to review the Fee Petition prior to the objection deadline, he reserves the right to file additional and supplemental objections after the Fee Petition is filed.

Rule 23 (h) (2) above expressly provides that the class member "may object to the **motion**." In order to object to the "motion," the class member must first read the motion and thereby understand the asserted factual and legal basis for the legal fees being sought in the motion. Only then can the class member make a well informed, sensible and usable objection to the actual fees being sought.

3. Objector respectfully adopts and incorporates into these Objections all other well-taken, timely filed Objections that are not inconsistent with these Objections. Objector also reserves the right to supplement these Objections with other and fuller objections after the Fee Request is reviewed.

4. The Class members have a legally protectable interest in this litigation. That interest will be impacted by the proposed settlement agreement, particularly the legal fees that are proposed to be paid.

5. These Objections, presented to the Court as a matter of right, are properly and timely filed by the Objector. All of the legally required prerequisites material to these Objections have been met.

WHEREFORE, Objector respectfully requests that this Court:

A. Upon proper hearing, sustain these Objections;

B. Continue the issue of attorneys' fees and expense reimbursement for a subsequent hearing;

C. Upon proper hearing, enter such Orders as are necessary and just to

adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the Settlement and the requested attorneys' fees and expenses.

        Respectfully submitted,

        __/s/ Vincent S. Verdiramo_____
        VINCENT S. VERDIRAMO
        VERDIRAMO & VERDIRAMO ESQS, PA
        3163 Kennedy Blvd.
        Jersey City NJ 07306
        (201) 798-7082
        (201) 798-4627
        mmf036@aol.com

        Edward F. Siegel
        (Ohio Bar No. 0012912)
        27600 Chagrin Blvd. #340
        (216) 831-3424
        (216) 831- 6584 fax
        E-mail     efsiegel@efs-law.com
        (pro hac vice applied for)

        Co-counsel for Objectors

## CERTIFICATE OF SERVICE

I certify that on June 14, 2009, I mailed the foregoing objection by ordinary US Mail, postage prepaid to the following addresses and also filed the foregoing objections electronically:

Water Ingress Administrator
PO Box 2298
Faribault, MN  55021-2433

MAZIE SLATER KATZ & FREEMAN LLC
103 Eisenhower Pkwy.
Roseland, NJ  07068

SCHOENGOLD & SPORN P.C.
19 Fulton St., Ste. 407
New York, NY  10038

CHASE KURSHAN HERZFELD & RUBIN LLC
354 Eisenhower Pkwy.
Livingston, NJ  07039

                                                                _/s/ Vincent S. Verdiramo_____
                                                                Vincent S. Verdiramo