# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN M. DEWEY, et al., | : |
| Plaintiffs, | : |
| vs. | : |
| VOLKSWAGEN AG, et al., | : |
| Defendants. | : Case Nos. |
| JACQUELINE DELGUERCIO, et al., | : 07-CV-2249-FSH-PS |
| | : 07-CV-2361-FSH-PS |
| Plaintiffs, | : (consolidated) |
| vs. | : |
| VOLKSWAGEN GROUP OF AMERICA, INC., et al., | : |
| Defendants. | : |

### JOINT BRIEF IN OPPOSITION TO JEAN PLUNK'S MOTION FOR EMERGENCY EXTENSION OF TIME AND REQUEST FOR EMERGENCY HEARING

MAZIE SLATER KATZ & FREEMAN, LLC
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
Attorneys for DelGuercio Plaintiffs

SCHOENGOLD & SPORN, PC
19 Fulton Street, Suite 406
New York, New York 10038
(212) 964-0046
Attorneys for Dewey Plaintiffs

HERZFELD & RUBIN, P.C.
125 Broad Street
New York, New York 10005
(212) 471-8512
Attorneys for Defendants

# TABLE OF CONTENTS

Page No.

TABLE OF AUTHORITIES .......... ii

LEGAL ARGUMENT .......... 1

POINT I
JEAN PLUNK'S MOTION SHOULD BE DENIED .......... 1

CONCLUSION .......... 3

# TABLE OF AUTHORITIES

Page No.

Rosenau v. Unifund Corp., 646 F.Supp.2d 743 (E.D. Pa. 2009) .......................................... 1

Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370 (9th Cir. 1993) .......................................... 1

## LEGAL ARGUMENT

### POINT I

### JEAN PLUNK'S MOTION SHOULD BE DENIED

The objector Jean Plunk has not set forth a proper basis for the Court to extend the time to object or to opt-out of the settlement. First, the issue driving Ms. Plunk's application is the defendants' purported inability to remedy the water ingress problem in her 2002 Volkswagen Beetle. However, it is clear that Ms. Plunk's water ingress problem is not attributable to either the plenum drain or sunroof drain systems which are the only defects involved in the case. In fact, Ms. Plunk agrees that water is not infiltrating through the sunroof drains. (Plunk Br. at p. 3). Mrs. Plunk's situation is curious, and at most represents a rare and idiosyncratic problem that the dealer maintains was repaired and successfully water tested. This isolated situation (which appears to be unrelated to the defects which are involved in this case) does not merit disrupting the deadlines, setting a special hearing, or delaying the final approval, which would cause undue delay and expense and be unfair to other Class Members.

Second, Ms. Plunk has had adequate time to decide whether to object or opt out of the settlement. Ms. Plunk acknowledges that she received the mailed notice on May 10, 2010, 3 days after mailing, leaving her 35 days to either object or opt-out. In the April 16, 2010 Order, the Court correctly found that this was sufficient time and that it complied with due process. See, e.g., Rosenau v. Unifund Corp., 646 F.Supp.2d 743, 749 (E.D. Pa. 2009) (notice adequate where mailing date was May 14, 2009, objection deadline was May 19 and class had until June 19 to file claim form); Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1375 (9th Cir. 1993) (notice adequate where mailed 31 days before deadline for written objections and 45 days before final hearing). Ms. Plunk also acknowledges that she was able to have Service Action 60A7

1

performed promptly. Thus, the settlement clearly provided Ms. Plunk with adequate time to choose a course of action.

Finally, Ms. Plunk seems to believe that it is unfair for her to have to fix her vehicle by July 23, 2010 in order to submit her bill. However, pursuant to the Settlement, repairs are only reimbursable if they were incurred prior to the date when Notice was mailed to the Class. (Agreement of Settlement, para. 7.2). Repairs undertaken after mailing of the Notice may be reimbursable through goodwill after resolution of Class Member claims that were timely filed (*id.*, para. 8.1); thus, the July 23, 2010 deadline is irrelevant. Ms. Plunk undertook to repair her vehicle after receipt of the Notice. (Plunk Br. at p. 2-3). Therefore, Ms. Plunk's argument that there is not enough time to fix her car between receipt of the Notice and July 23, 2010 is without merit.

## **CONCLUSION**

For the reasons set forth herein, Ms. Plunk's motion should be denied in full.

Respectfully submitted,

MAZIE SLATER KATZ & FREEMAN, LLC
Attorneys for DelGuercio Plaintiffs


By: /s/ Adam M. Slater
     ADAM M. SLATER
     DAVID M. FREEMAN
     MATTHEW R. MENDELSOHN

SCHOENGOLD & SPORN, PC
Attorneys for Dewey Plaintiffs


By: /s/ Samuel P. Sporn
     SAMUEL P. SPORN
     JAY P. SALTZMAN
     PIETRO deVOLPI, Jr.

HERZFELD & RUBIN, P.C.
Attorneys for Defendants


By: /s/ Jeffrey L. Chase
     JEFFREY L. CHASE


By: /s/ Daniel V. Gsovski
     DANIEL V. GSOVSKI


Dated: June 30, 2010