# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN M. DEWEY, et al., | : |
| | : |
| Plaintiffs, | : |
| vs. | : |
| | : |
| VOLKSWAGEN AG, et al., | : |
| | : |
| Defendants. | : Case Nos. |
| JACQUELINE DELGUERCIO, et al., | : 07-CV-2249-FSH-PS |
| | : 07-CV-2361-FSH-PS |
| Plaintiffs, | : (consolidated) |
| vs. | : |
| | : |
| VOLKSWAGEN GROUP OF AMERICA, INC., | : |
| et al., | : |
| | : |
| Defendants. | : |

---

## PLAINTIFFS' SUPPLEMENTAL BRIEF IN RESPONSE TO OBJECTIONS RECEIVED AFTER JUNE 15, 2010

MAZIE SLATER KATZ & FREEMAN, LLC
103 Eisenhower Parkway
Roseland, New Jersey  07068
(973) 228-9898
Attorneys for DelGuercio Plaintiffs

SCHOENGOLD & SPORN, PC
19 Fulton Street, Suite 406
New York, New York  10038
(212) 964-0046
Attorneys for Dewey Plaintiffs

## <u>TABLE OF CONTENTS</u>

<u>Page No.</u>

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT .............................................................................. 1

LEGAL ARGUMENT ........................................................................................... 2

POINT I
THE OBJECTIONS TO THE SETTLEMENT SHOULD BE OVERRULED .............. 2

POINT II
THE OBJECTIONS TO THE ATTORNEYS' FEES APPLICATION
SHOULD BE OVERRULED ................................................................................. 6

CONCLUSION ..................................................................................................... 8

## TABLE OF AUTHORITIES

Page No.

In re General Motors Corp. Pick-up Truck Fuel Tank
Prods. Liab. Litig., 55 F.3d 768 (3d Cir. 1995)...................................................................7

In re UnitedHealth Group, Inc. PSLRA Litig., 643 F.Supp.2d 1107 (D. Minn. 2009).........3

Varacallo v. Mass. Mutual Life Ins. Co., 226 F.R.D. 207 (D.N.J. 2005).............................7

## **PRELIMINARY STATEMENT**

Plaintiffs submit this supplemental brief to respond to the objections received after June 15, 2010.

## LEGAL ARGUMENT

### POINT I

### THE OBJECTIONS TO THE SETTLEMENT SHOULD BE OVERRULED

Just as with the objections previously addressed, each of the objections received after June 15, 2010 also should be overruled.[1]  The objectors completely disregard the concrete benefits made available to the Class, and the enormous amount of effort, analysis, and creativity that was needed to make the settlement a reality.  To date, hundreds of thousands of vehicles have been inspected, modified, and in some cases repaired, through the P9, JU, and 60A7 Service Actions, and nearly $2 million of reimbursement claims have been paid through the P9 and JU Service Actions.  As previously noted in plaintiffs' Memorandum in Support of the Settlement and in the Settlement Agreement itself, defendants have acknowledged that the service actions were instituted as a direct result of plaintiffs' efforts in this litigation.  Plaintiffs' expert, Dr. George Eads, submitted his report on June 2, 2010 and testified on June 15, 2010 that the total value of the Settlement benefits is approximately $141 million.  (A copy of Dr. Eads' report is attached as Exhibit "9" to the Certification of Adam M. Slater dated June 9, 2010, previously submitted).  More than 10,000 claim forms have been submitted to-date pursuant to the Settlement.  Added to these benefits are the value of the educational preventive campaign and the avoidance of future claims which Dr. Eads values at more than $28.7 million. Each of these benefits was made available as a direct result of plaintiffs' efforts in this hard fought litigation. The value of these benefits totaling $141 million (to which should be added the approximately $5.75 million cost of administering the settlement, borne exclusively by defendants), coupled with the fact that some 5.5 million members of the Class received Notice of the Settlement,

---

[1]     Appended hereto is a list of the names of objectors whose objections were received after June 15, 2010.

dwarf the scant number of objections, and thoroughly disproves the objectors' baseless theme that the relief is illusory.

The mischaracterizations of the settlement are illustrated in the "Supplemental Objections" filed by "professional objector" Edward Siegel, Esq.[2] on behalf of Paul M. Kaufman, on June 23, 2010. Specifically, Mr. Kaufman inaccurately asserts that the relief obtained for the Class is prospective only, and of little potential benefit to Class members, where in reality the Service Actions are ongoing and have already resulted in the payment of at least $25 million to dealers on behalf of Class members and through direct payments to Class members, and the avoidance of tens of millions of dollars in repair costs and the diminished value of class vehicles that would have occurred in the absence of the settlement. The tangible enhancements and repairs to vehicles and cash payments to dealers and Class members by the defendants constitute significant relief which was largely otherwise unavailable. This thoroughly belies the argument that this settlement is the equivalent of a "coupon settlement." In fact, even the defendants, who are bitterly fighting to reduce the valuation of the settlement, acknowledge that **all** of the relief can be reasonably quantified, yielding a "common fund" of quantifiable benefits paid for by the defendants, all achieved as a result of plaintiffs' efforts.

The objections from potential Class members who are not eligible for the Service Actions and/or to file reimbursement claims also should be denied. First and foremost, the matrix of relief was tiered based on the frequency of failures and claims for each of the respective class vehicles, as well as the configuration of the drains and drain systems in each vehicle model. Since 100% relief could not be achieved for every Class member as part of a negotiated

---

[2]   Judge James M. Rosenbaum in In re UnitedHealth Group, Inc. PSLRA Litig., 643 F.Supp.2d 1107 (D. Minn. 2009) thoroughly chastised Mr. Siegel, stating that "the remoras are loose again" and that Mr. Siegel's request for a fee and his motion "ill-befit attorneys admitted to the bar. Accordingly, the Court holds, as a matter of law, objectors have conferred no benefit whatsoever on the class or on the Court. Objectors' Counsel are entitled to an award equal to their contribution . . . nothing."

compromise in this contentious litigation, objective criteria were used as a basis to differentiate the levels of relief which are available to Class members.

In addition, these objectors do not acknowledge, or possibly do not realize, that many of the Class members are obtaining benefits through this settlement although their potential claims would have likely been barred by the applicable statute of limitations and/or the durational limitations or other terms of their warranties.[3]  For example, objector Andra Gailis of Roswell, Georgia incurred $400 of expenses on November 20, 2009 to repair her 2000 VW Jetta, which she purchased used in 2002.  Thus, the applicable limitations periods have almost certainly expired on any claim which this objector might have pursued.  The same can be said for Letchas Caster of Mobile, Alabama, whose 2000 VW New Beetle suffered damage in March 2009.   In fact, Mr. Caster was fortunate to have $300 of his repair costs paid for by insurance.  Similarly, any claims which would have been asserted by Jeff Shain, the owner of a 1999 VW Jetta, Walter Alspaugh, the owner of a 1997 VW Passat, Danyce Phil, the owner of a 2000 VW Beetle, and Lee Catherine Stanford, the owner of a 1998 VW Golf, all likely would have been time barred. However, as a result of the settlement, many people whose claims would have been time barred are receiving the benefits of the service actions as well as reimbursements for their expenses, which is a significant benefit.  Moreover, as a result of this litigation, all owners and lessees of the Class Vehicles now know what needs to be done to prevent future water damage from the plenum and sunroof drain systems, information which otherwise would have been unavailable.

Finally, objectors Eric Martin and Alison Monroe object because they cannot be reimbursed through the settlement for the damage to their transmissions.  This was one of the

---

[3]    Plaintiffs would have asserted that the durational limitations of the warranties were unconscionable under the circumstances of this case, but there is no guarantee that this argument would have been accepted by the Court. Moreover, there is no guarantee that the Court would have determined this issue under New Jersey law exclusively as opposed to the laws of all 50 states.

reasonable compromises that was struck in order to effectuate the settlement.   In fact, class representative Jacqueline Delguercio suffered the same problem, and is not being reimbursed for the damage to her transmission and faces the same risk of pro rata reimbursement for covered repairs, but agreed to the settlement in the interest of the greater good.   Moreover, these objectors recognize that "individual putative class members do not have a strong incentive to file individual claims" due to the relatively modest amount of the individual claims, including their own. (Martin and Monroe objection, p. 2-3).  This is a strong basis on which to reject each of the objections.  Accordingly, each of the objections should be overruled.

## POINT II

### THE OBJECTIONS TO THE ATTORNEYS' FEES
### APPLICATION SHOULD BE OVERRULED

The main objections to the fees largely are based on a mischaracterization of the settlement relief offered and the clearly wrong assertion that the settlement is only worth $8 million. This argument should be rejected because it is based on incorrect facts, as Class Counsel have repeatedly demonstrated that the settlement provides significant and valuable benefits to the Class, far in excess of $8 million. (See June 2, 2010 Expert Report of Dr. Eads attached as Exhibit "9" to the Certification of Adam M. Slater dated June 9, 2010 previously filed). In fact, even the defendants admit that the benefits can be reasonably quantified and are worth in excess of $60 million, plus the administrative costs of approximately $5.75 million. The objections to the fee petition also fail to address the actual amount requested, nor do they address the Gunter or Prudential factors or the work that was performed to attain the settlement. The failure by these objections to accurately relate the facts or make arguments within the correct legal framework renders them deficient and invalid as a matter of law. In addition, many objectors to the fee request appear primarily to be motivated by a strong dislike of class action lawyers, lawsuits and, indeed, the judicial system as a whole, or by professional objectors seeking to earn legal fees based on groundless objections. Clearly, such objections deserve no credence and should be dismissed out of hand.

Plaintiffs' counsel have filed their "dailies" with their fee and expense application of June 9, 2010, which was and is available for all Class Members to examine. Not one objector has challenged Plaintiffs' Counsel's 11,500 hours of arduous work over some three years which was

undertaken on a purely contingent basis.   Under law and in all fairness, Plaintiffs' Counsel deserve to be compensated as requested.

We do agree with one point advanced by Mr. Martin and Ms. Monroe:  the payment of the fees by the defendants apart from the settlement relief constitutes a common fund for all intents and purposes. (Martin and Monroe Br. at p. 5). See, In re General Motors Corp. Pick-up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768, 820 (3d Cir. 1995).  Thus, if the attorneys' fees are added to the value of the settlement, the total value of the settlement is $164.3 and the $22.5 million requested for attorneys' fees represents only 13.6% of the total settlement.  See Varacallo v. Mass. Mutual Life Ins. Co., 226 F.R.D. 207, 250, n. 28 (D.N.J. 2005).  (Judge Linares found that attorneys' fees which constituted 7.58% of the common fund, including  attorneys' fees, was reasonable).   Thus, all of the objections to the attorneys' fees request should be overruled on these grounds as well.

## CONCLUSION

For the foregoing reasons and those previously submitted, the settlement should be approved, and the requested attorneys' fees and expenses should be awarded.

Respectfully submitted,

MAZIE SLATER KATZ & FREEMAN, LLC
Attorneys for DelGuercio Plaintiffs


By:   /s/ Adam M. Slater
      ADAM M. SLATER


SCHOENGOLD & SPORN, PC
Attorneys for Dewey Plaintiffs


By:   /s/ Samuel P. Sporn
      SAMUEL P. SPORN

Dated:  June 30, 2010


H:\EDK\DelGuercio Class\Plaintiffs Response to Objections After 6-15-10\Supplemental Brief 6-30-10.doc

8

| | Last Name, First/MI<br>(& Attorney [if applicable]) | Make | Model | Year |
|---|---|---|---|---|
| 1 | Alspaugh, Walter G. | VW | Passat | 1997 |
| 2 | Bonnett, Robyn | Audi | A6 | 2002 |
| 3 | Chick, Raymond E. | VW | Beetle | 1999 |
| 4 | De Martino, Rose | VW | Passat | 1999 |
| 5 | Essen, Patrick | Audi | A6 | - |
| 6 | Gailis, Andra T. | VW | Jetta | 2000 |
| 7 | Ganino, Anthony J. | VW | Jetta | 2000 |
| 8 | Gardiner, John & Alexandra | VW | Touareg | 2004 |
| 9 | Hedgepeth, Holly | VW | Passat | 1998 |
| 10 | Hill, Danyce J. | VW | Beetle | 2000 |
| 11 | Iglehart, Ann Christine | VW | Jetta | 2002 |
| 12 | Jensen, Jens Peters | Audi | A6 | 1997 |
| 13 | Jones, David | VW | Passat | 1999 |
| 14 | Kauffman, Paul M. (Siegel, Esq.) | VW | Jetta | 2001 |
| 15 | Knack, Jill E. | VW | Jetta | 2001 |
| 16 | Lahiere, Jr., Robert C. | VW | Jetta | 2002 |
| 17 | Levy, Eric. | VW | Golf | 2002 |
| 18 | Major, Charles T. | VW | Passat | 2003 |
| 19 | Martin, Esq., Eric B.<br>Monroe, Esq., Alison G. | Audi | A8 | 2002 |
| 20 | Mclain, Sean M. | VW | Jetta | 2002 |
| 21 | Melisiotis, Nicholas | Audi<br>Audi | A6<br>A6 | 2001<br>2005 |
| 22 | Miller, John R. | Audi | A4 | - |
| 23 | Moussa, Mark | VW | Touareg | 2005 |
| 24 | Nilon, John W. | VW | Passat | 2000 |
| 25 | Norpel, Vincent P. | Audi | A8 | 2002 |
| 26 | Pipito, Michael | VW | Jetta | 2001 |
| 27 | Plunk, Jean | VW | Beetle | 2002 |
| 28 | Ross, Thomas | Audi | A4 | 1997 |
| 29 | Shain, Jeff | VW | Jetta | 1999 |
| 30 | Sibley, Daniel | Audi | - | - |
| 31 | Soltan, Esq., Charles C. | VW | Jetta | 1997 |
| 32 | Stanford, Lee | VW | Golf | 1998 |
| 33 | Stevens, David<br>Orion Antique Importer, Inc.  (T. Cox, Esq.) | VW<br>VW | Touareg<br>Touareg | -<br>- |
| 34 | Szumny, Jonathon | VW | Jetta | 2000 |
| 35 | Warren, Esq., Randy L. | Audi | A6 | 1998 |
| 36 | Whynot, Richard L. | Audi | A4 | 2004 |