UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN M. DEWEY, et al. | Case Nos.: |
| Plaintiffs | 07-CV-2249-FSH-PS |
| vs. | 07-CV-2361-FSH-PS |
| VOLKSWAGEN AG, et al. | |
| Defendants | |
| JACQUELINE DELGUERCIO, et al, | |
| Plaintiffs | |
| vs. | |
| VOLKSWAGEN GROUP OF AMERICA, INC., et al., | |
| Defendants | |

### DAVID SACKS' NOTICE OF OBJECTION AND INTENTION TO BE HEARD WITH ARGUMENT AND SUPPORTING MEMORANDUM OF LAW

Douglas A. Cole on behalf of objecting class member, David Sacks, respectfully submits this memorandum of law in support of his Motion in Opposition to this Court's Approval of the Settlement and Attorneys Fees greater than $7,000,000.00 in this matter.

David Sacks is a member of the damages class that was preliminarily approved by the court for the purpose of settlement of this matter. Mr. Sacks leased a 2001 Audi A4 with VIN No. WAUDH68D31A137740. (See Certification of David Sacks incorporated herein as "Exhibit A"). David Sacks recently received the Notice after the initial deadline to file the objection of June 15, 2010 and is hereby filing this Objection to the Settlement before the July 21, 2010 Extended Deadline. The Notice was sent to Mr. Sacks' old address at 16191 Culpepper Circle,

Huntington Beach, California. (See "Exhibit B" which is a true and correct copy of the Claims Form with Mr. Sacks' old address). However, David Sacks resides at 5161 Blackpool Road, Westminster, California 92683 and did not receive the notice until after the deadline. Accordingly, he is only able to file the objection before July 21, 2010.

## RELEVANT FACTS

This Objection is to the approval of this lawsuit and counsel fees relating to the proposed settlement. Counsel has requested attorneys' fees in the amount of $22.5 million based on this settlement. It is interesting to note, that the Notice of Settlement, class counsel states that they will apply for a fee of up to $30 million.

Class counsel argues that the value of the settlement is equal to $142 million based on a report from their expert Dr. Eads. Accordingly, they are seeking a fee in the amount of 15.4% of their claimed settlement fund.

The settlement, if approved, would resolve a lawsuit over whether the defendants have committed breaches of express and implied warranties in their vehicles which were susceptible to water ingress into the passenger compartment through the sunroof drains. The defendants deny all allegations of any wrongdoing. In spite of these denials, defendants have proposed the following as part of the settlement:

### Service Action:

Authorized Volkswagen dealerships will modify the front sunroof drain valves and inspect the front sunroof drains and drain hoses for function and clean or repair the front sunroof drains as necessary, free of charge.

### Revised Maintenance Program:

Volkswagen is enclosing with the mailing to current owners and lessees of Settlement Class vehicles a revised maintenance schedule for Settlement Class Vehicles covered by this Notice recommending inspection (and cleaning if necessary) of the sunroof drain systems every 40,000 miles or every 2 years, whichever comes first (the "Revised Maintenance Schedule") as

2

well as periodic checking and clearing of foreign matter or debris from the front sunroof drain area. Your copy of the Revised Maintenance Schedule, in the form of an insert to your Maintenance Booklet, is enclosed, with a letter from Volkswagen explaining the Revised Maintenance Program.

### Reimbursement Program

If you have paid out of pocket expenses arising from the repair of the sunroof drain system and/or plenum drain system, cleaning, drying or replacement of carpeting, including padding, and/or repair or replacement of components through or due to the sunroof drain of a Settlement Class Vehicle (*i.e.*, paid for a "Reimbursable Repair"), you may make a claim for reimbursement. To be eligible for reimbursement, your claim and supporting documentation must be submitted on or before July 23, 2010. Any claims postmarked after July 23, 2010 will not be considered for reimbursement. This period will be extended by up to 15 days in the event the Notice was forwarded to you as a result of your change of address. Volkswagen will **not** pay any claim for personal injury (including physical, psychological, or mental injury), for death, or for damage to property other than Settlement Class Vehicles, as part of this settlement, because claims of this type are not affected or released in any way by the proposed Settlement.

Claims for reimbursement will be paid from a capped Reimbursement Fund of $8,000,000.00 which the Defendants will establish. The Fund has been deposited by the Defendants into an interest-bearing bank account on March 26, 2010. The Reimbursement Fund and interest earned thereon constitute the Defendant's sole and entire obligation and liability with respect to Reimbursement Payments. Any funds remaining in the Reimbursement Fund after all eligible claims have been paid remain in the Fund for 5 years or until the Fund is exhausted, whichever is sooner. During this period, Volkswagen will draw on such funds in the amount of assistance offered after the date of settlement to Settlement Class members on a case-by-case basis through Volkswagen's Customer Care procedures with respect to damage and repairs not covered by warranty caused by water entering the passenger compartment through or due to the sunroof drain system or plenum area of Settlement Class Vehicles. Any funds remaining in the Reimbursement Fund at the end of the five year period shall be donated, with the approval of the Court, to an educational, charitable, and/or research facility and dedicated to specific projects and programs benefitting automobile safety and/or environmental technology (e.g., alternative fuels, electric vehicle technology, including battery technology, renewable resource utilization, etc.).

### Claim Documentation - What You Need and How to Get It

To be eligible for reimbursement of a Reimbursable Repair, you must submit one or more contemporaneous writings, (if available following a diligent search, including but not limited to requesting such records from the dealer or other repair shop performing such repairs) such as valid receipts, invoices, repair orders, or bills, which, either singly, or together and cumulatively, prove all of the following: (1) that a Reimbursable Repair was performed in response to a complaint or report of water entry into the passenger compartment of the Settlement Class Vehicles through or due to the sunroof drain system; (2) the cost to you of such Reimbursable

Repair; and (3) payment by you for such Reimbursable Repair and the amount thereof. Such contemporaneous writings should also itemize the parts and labor costs of the Reimbursable Repair, unless contemporaneous writings itemizing such parts and labor costs are unavailable, following a good faith effort by you to produce such contemporaneous writings. You must also sign the statement under penalty of perjury which is included in the claim form, stating that a Reimbursable Repair was performed and paid for by you, in the amount submitted in the Claim Form.

If you no longer have such contemporaneous writings, you may be able to obtain copies of such records from the repair facility or dealer who performed the Reimbursable Repair or your bank or credit card issuer. If you are unable to obtain required documentation despite a diligent search, you must fully complete, sign and submit the declaration in the form provided herewith, providing all information required under penalty of perjury under Title 18, section 1623 of the United States Code and any applicable state perjury statute. Any and all statements made in such declaration are subject to investigation, which may include testimony under oath by you. Incomplete or inaccurate declarations may not be accepted for reimbursement.

The settlement provides a quick, inexpensive resolution for the defendants and does not fairly or adequately compensate members of the class. One item provides a limit of $8 million to the class to reimburse for repairs without regard to the actual total cost of repairs. Another – an addition to the maintenance manual with information which would be known to dealers and foreign car specialists anyway - provides no real value. Finally, the value of the modifications is speculative at best since its is unknown how many people will actually take advantage of the availability of modifications or how many actually go to dealers who will recommend them during regular service. Class attorneys request fees of almost three times the actual monetary value delivered to the class.

## ARGUMENT

### THIS HONORABLE COURT SHOULD NOT APPROVE THE SETTLEMENT

The District Court in evaluating the fairness of a proposed settlement, "acts as a fiduciary who must serve as a guardian of the rights of class members." *In re: General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litigation*, 55 F.3d 768, 785 (3d Cir. 1995) see also *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 321 (3d Cir. 2001) (trial court "plays

the important role of the protector of the absentees' interests, in a sort of fiduciary capacity of the class).

The Third Circuit Court of Appeals in *Girsh v. Jepson*, 521 F.2d 153 (3rd Cir. 1975), set forth a list of factors that Courts should consider when evaluating a settlement of representative litigation. The *Girsh* factors include the following: 1) the complexity, expense and likely duration of the litigation; 2) the reaction of the class members to the settlement; 3) the stage of the proceedings and the amount of discovery completed; 4) the risks of establishing liability; 5) experience of counsel. Id. at 157. Objector Sacks maintains that in applying the *Girsh* factors to this proposed settlement, this Honorable Court should not approve the Settlement.

### 1. Complexity, Expense and Duration of Litigation

Schoengold & Sporn, P.C. are experienced attorneys who conduct class actions throughout the country. However, Mazie, Slater, Katz & Freeman have practically no experience litigating class action lawsuits. Objector Sacks maintains that due to the fact that counsel was able to obtain such a quick settlement speaks to the rather simplicity of this litigation for the experienced counsel which also relates to the fifth factor in *Girsh* which counsel argues at length below.

The fact that this case settled so quickly was due to the strength of plaintiffs case against the defendants coupled with the billions of dollars in damages that the defendants risked had they lost this case. The egregious behavior of the company severely limited the risk that class counsel undertook in this litigation. Objector Sacks maintains that recovery in this matter at the outset of the litigation was extremely likely.

2.      **Reaction of Class Members to the Settlement**

There is an overwhelming result in this case in that a number of class members objected to the Settlement. The fact that so many class members took the time and expense to object to the Settlement demonstrates that the class is not happy with the value obtained on their behalf.

## THIS COURT SHOULD NOT APPROVE ATTORNEYS' FEES GREATER THAN $7,000,000.00

The Third Circuit decided in *Gunter v. Ridgewood Energy Corp.*, 223 F.2d 190 (3rd Cir. 2000) the procedure that the District Court must follow in evaluating whether the percentage fee award would be reasonable. Under Gunter the District Court should examine the following: 1) the size of the fund created and the number of persons benefitted; 2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; 3) the skill and efficiency of the attorneys involved; 4) the complexity and duration of the litigation; 5) the risk of non-payment; 6) the amount of time devoted to the case by plaintiffs' counsel; 7) the awards in similar cases. *Gunter*, Id. at 195.

Plaintiffs counsel has claimed that they spent 11,345 hours of attorney time litigating this matter. This figure is difficult to believe given the stage of litigation at which the case was settled and the relatively small amount of paperwork reflected in the electronic docket. As such, this Court should look beyond the self serving calculation of hours and focus on the tasks that were actually necessary to get the litigation to the stage it was at when this proposed settlement was reached.

The hourly rates are also out of line given the experience level of counsel. For example, Adam Slater, Esquire claims to have spent 1,630 hours litigating this case. Mr. Slater claims that his hourly rate is $695 per hour. His firm's website reveals that he does not regularly practice law in the class action area. Moreover, Mr. Slater graduated from law school in 1994 but was not admitted to the bar until 1995. There is nothing in the record to support a finding that an

hourly rate which is twice that of the average east coast law firm was necessary in this case in general or that Mr. Slater in particular brought anything to the table to command such a fee.

In applying the sixth factor of the *Gunter* court reasoning, the fee should be limited to $7,000,000. This matter resolved before any discovery was conducted. The total lodestar claimed by counsel was $6,111,783 based on 11,345 hours. Class counsel is requesting a 3.7 multiplier to a base fee of $6.1 million which itself was reached by charging an execessive hourly rate. Moreover, Objector Sacks maintains that at least half of the plaintiffs' counsel lodestar was spent on taks that were not strictly necessary to the litigation and/or confirmatory discovery. In summary, the lodestar is inflated by the number of hours claimed to have been spent on this matter, the extremely high hourly rate the attorneys utilized, and a multiplier which is not support by the record. In Cendant PRIDES litigation, the Third Circuit determined in mega fund cases, the maximum lodestar multiplier is 2.99. *In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 742 ( 3d Cir. 2001). Granting a fee of $7.000,000.00 would be a reasonable approach for this Honorable Court to do in this matter based on the benefit the class is receiving for the Settlement and the obviously inflated lodestar. Thus, the Court should limit their fee to $7 million.

## ADDITIONAL OBJECTIONS

Objector Sacks adopts all bona fide objections filed by other objections in this case and reserves the right to amend the objection before the schedules hearing on July 26, 2010.

## CONCLUSION

Wherefore, Objector Sacks requests appropriate and general relief:

1. That the Court does not approve the Settlement as it is proposed.
2. That the Court denies the request for attorneys' fees in the amount of $22.5 million and limit the fee awarded to $7,000,000.00.

3. Objector Sacks hereby reserves the right to amend and refine his objections.

                              Respectfully submitted,

                              Stem & Cole

                              */s/ Douglas A. Cole*

                              Douglas A. Cole, Esquire
                              Stem & Cole
                              571 Milford Warren Glen Road
                              Milford, NJ 08848-1881
                              (908) 995-4405

Dated: July 8, 2010

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN M. DEWEY, et al. | ) | |
| | ) | Case Nos.: |
| Plaintiffs | ) | |
| | ) | 07-CV-2249-FSH-PS |
| vs. | ) | 07-CV-2361-FSH-PS |
| | ) | |
| VOLKSWAGEN AG, et al. | ) | |
| | ) | |
| Defendants | ) | |
| JACQUELINE DELGUERCIO, et al, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| VOLKSWAGEN GROUP OF AMERICA, INC., et al., | ) | |
| | ) | |
| Defendants | ) | |

### CERTIFICATION

David Sacks ("Objector") declares, as to the claims asserted, that:

1. I reside at 5161 Blackpool Road, Westminster, California 92683.

2. Objector is a member of the Settlement Class having leased a 2001 Audi A4 with VIN No. WAUDH68D31A137740.

3. The initial Notice and Claim Form was mailed to my former address at 16191 Culpepper Circle, Huntingdon Beach, California 92647.

4. I never did receive the Notice until after June 15, 2010, the initial deadline to object.

5. Objector has reviewed the Objection In Opposition to the Court Approving the Settlement and Approving Counsel Fees In Excess of $7,000,000 and authorizes Douglas A. Cole, Esquire to file it on my behalf.

# EXHIBIT A

6.  Objector has no relationship with any defendant with respect to this action.

I declare under penalty of perjury that the foregoing is true and correct.

_____
David Sacks

Dated: 7/8/10

**WATER INGRESS SETTLEMENT**
**REIMBURSEMENT CLAIM FORM**

UNITED STATES DISTRICT COURT, DISTRICT OF NEW JERSEY
John Dewey, Jacqueline Delguercio, et al. v.
Volkswagen of America, Inc. et al.

Case Nos. 07-CV-2249-FSH-PS and 07-CV-2361-FSH-PS (consolidated)

FOR OFFICIAL USE ONLY

☐ Check here if the pre-printed information is incorrect or if there is no preprinted information and complete the following:

09879553
DAVID A SACKS
16191 CULPEPPER CIR
HUNTINGTN BCH, CA 92647-3349

Name: _____

Address: _____

VIN No.: _____

City: _____ State: ___ Zip Code: _ _ _ _ _

Evening Phone: ( _ _ _ ) _ _ _ - _ _ _ _

**VIN NUMBER: WAUDH68D31A137740**

Daytime Phone: ( _ _ _ ) _ _ _ - _ _ _ _

YOU MUST MAIL YOUR COMPLETED AND SIGNED CLAIM FORM AND REQUIRED DOCUMENTATION
POSTMARKED ON OR BEFORE JULY 23, 2010, ADDRESSED AS FOLLOWS:

**Water Ingress Administrator**
**PO Box 2298**
**Faribault, MN 55021-2433**

PLEASE SUBMIT THE FOLLOWING DOCUMENTS WITH THIS FORM:

1. Copies of receipts, invoices and/or repair orders are acceptable. PLEASE NOTE: DOCUMENTS WILL NOT BE RETURNED. DO NOT STAPLE DOCUMENTS.

2. The documentation you submit must show all of the following:
   - The name and address of the claimant.
   - The make, model year, and Vehicle Identification Number (VIN), if available, of the vehicle that was repaired.
   - Nature of repair (including parts and labor charges – if available) (i.e. repair orders, bills, receipts, invoices, etc.), when, and who performed it.
   - That the repair was caused by water entering the vehicle through the sunroof or plenum area.

3. Copy of proof of payment (i.e. cancelled check, bank statement, invoice or receipt marked "paid," etc.) for the repair or expense in question and date of payment. Requests for reimbursement may include parts, labor, fees and taxes.

If you have made a diligent search and cannot provide documents to support your claim, you must complete and sign the enclosed Declaration under penalty of perjury. Please make sure the statement on the Declaration is factual, because if any statement is material and is wilfully false, you will be subject to the penalties of perjury. A copy of the Declaration is [illegible].

» Your claim will be acted upon within 60 days of receipt.
» If your claim is approved, you will receive a check from the Claims Administrator if the Class Settlement is finally approved. There may be a delay to allow the Settlement to become final. Notification of approval of your claim will include the best available information as to the earliest date on which payment may be expected. Further information will be posted at www.wateringresssettlement.com.
» If your claim is incomplete, the Claims Administrator will contact you and identify the documentation that is needed to support your claim, and you will be offered the opportunity to resubmit additional documentation.
» If your claim is denied in whole or in part, you will be contacted by the Claims Administrator concerning the reason(s) for the denial.

My signature to this document attests, under penalty of perjury as provided in United States Code Title 18, section 1623, and any applicable state perjury statute, the information provided is true, accurate and correct, that all statements made in support of my request for reimbursement are true and the accompanying documents are actual copies reflecting the actual expense(s) incurred relate to ingress of water into my Settlement Class Vehicle through the plenum or sunroof drains as provided in the Notice of Pendency, Conditional Certification and Proposed Settlement of Class Action relating to such claims.

Customer's Signature: X_____

Comments or questions should be directed to the Settlement Administrator 1-877-740-6992 or info@wateringresssettlement.com.


