# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN M. DEWEY, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> VOLKSWAGEN AG, *et al.*, <br><br> Defendants. | Case Nos.: <br><br> 07-CV-2249-FSH-PS <br> 07-CV-2361-FSH-PS <br> (consolidated) |

## NOTICE OF POSSIBLE JURISDICTIONAL ISSUE
## BY OBJECTORS JOSHUA WEST, LESTER BRICKMAN,
## DARREN MCKINNEY, AND MICHAEL SULLIVAN

Theodore H. Frank (*pro hac vice* pending)
CENTER FOR
CLASS ACTION FAIRNESS
1718 M Street NW, No. 236
Washington, DC 20036
Phone: (703) 203-3848
Email: tedfrank@gmail.com

David M. Nieporent
SAMUEL & STEIN
38 West 32nd Street, Suite 1110
New York, NY 10001
Phone: (212) 563-9884

Attorneys for West Objectors

I.  Introduction

The Objectors Joshua West, Lester Brickman, Darren McKinney, and Michael Sullivan ("West Objectors") have become aware of a jurisdictional issue that may threaten the finality and timely operation of any order issued by this Court. While the named parties have consented to final judgment by magistrate judge as provided by 28 U.S.C. § 636(c), the unnamed objectors have not heretofore indicated their consent. Unnamed class members might therefore strategically delay *any* resulting order from this Court for their own purposes.

The West Objectors hope to avoid purely strategic legal maneuvering by ensuring that this issue is resolved *before* the Court rules upon any objection. If all objectors indicate their consent to the Magistrate Judge's civil jurisdiction (as the West Objectors do), final judgment will be protected from this potentially fatal strategic challenge. In the alternative, this Court may attempt to resolve the issue by deciding whether objectors' consent is necessary to exercise jurisdiction under 28 U.S.C. § 636(c). If objectors withhold consent, the best prophylactic option is to treat this case as a referral under 28 U.S.C. § 636(b).

II.  The Status of Objectors Under 28 U.S.C. § 636(c) Is Ambiguous.

On November 10, 2009, this case was ordered referred to magistrate judge "to conduct all settlement proceedings and order the entry of final judgment in

accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73." Dkt. No. 159. All of the named plaintiffs and defendants consented to the exercise of jurisdiction by magistrate judge. *Id.* Subsequently, these parties entered into a settlement agreement. *See* Dkt. No. 174-1.

A large number of unnamed class members have objected to the proposed settlement, including the West objectors, and none of them appear to have consented to the exercise of jurisdiction by the Magistrate Judge. *See e.g.* Dkt. Nos. 203, 204, 208–212, 214, 228.[1] To date, none of these objectors have even expressed *awareness* that they may have the right to insist on adjudication before an Article III judge. Nor have the Settling Parties—including the ones where the attorneys are asking for over $2900/hour in court-awarded fees—flagged the issue for this Court.

Any party's non-consent voids a magistrate judge's jurisdiction to issue a final order. Article III, § 1 of the Constitution creates a personal right for litigants "to have claims decided before judges who are free from potential domination by other branches of government." *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 848 (1986). A magistrate judge may only exercise jurisdiction over case-

---

[1] Many of the *pro se* objections do not appear to be available on the docket, although the plaintiffs list their objections. *See* Dkt. No. 221 at 12.

Notice of Jurisdictional Issue
07-CV-2249-FSH-PS                                  2

dispositive matters "[u]pon the consent of the parties." 28 U.S.C. § 636(c)(1); *Roell v. Withrow*, 538 U.S. 580, 585 (2003). "[O]bjections to a magistrate judge's authority are jurisdictional and may be raised at any time." *Beazer East, Inc. v. Mead Corp.*, 412 F.3d 429, 437 n.11 (3d Cir. 2005) (citing *Government of Virgin Islands v. Williams*, 892 F.2d 305, 309 (3d Cir. 1989)). Without universal consent, one party could spring a procedural trap on other parties to the litigation:

> The need for unanimous consent sets a trap that may be sprung when parties join the case after the litigants have opted for decision by a magistrate judge. For then the newly arrived party may assume that the original choice is conclusive; or everyone may overlook the problem. But the original choice is not dispositive. Unless the latecomer, too, consents, the whole proceeding before the magistrate judge may be set at naught.

*Mark I, Inc. v. Gruber*, 38 F.3d 369, 370 (7th Cir. 1994) (vacating final decision of magistrate made after two years of litigation on jurisdictional grounds).

The Supreme Court has determined that "nonnamed class members are parties to the proceedings in the sense of being bound by the settlement." *Devlin v. Scardelletti*, 536 U.S. 1, 10 (2002). While objectors *are* parties for the purpose of filing an appeal, it is not clear whether they are also parties for the purpose of § 636(c) and Fed. R. Civ. P. 73. *See id.* at 9-10 ("Nonnamed class members, however, may be parties for some purposes and not for others."). Whether, after

*Devlin*, objectors are "parties" who must consent to a magistrate judge's jurisdiction appears to be a novel question in the Third Circuit and elsewhere.

In *Stackhouse v. McKnight*, 168 Fed. Appx. 464 (2d Cir. 2006), the Second Circuit examined the rights of an objector who sought intervention to avoid proceeding before a magistrate judge. As in this case, the named parties agreed "to have a magistrate judge adjudicate all further proceedings pursuant to 28 U.S.C. § 636(c)." *Id.* at 465. After the magistrate judge granted preliminary approval, the future appellant objected, but the magistrate judge certified the class and approved settlement over the objections. *Id.* The objector moved to intervene and "vacate the reference of final decision-making authority to the magistrate judge." *Id.* The magistrate judge denied these motions, and the objector appealed. *Id.* The Second Circuit vacated the magistrate judge's denial of these motions and remanded to the district court because "we cannot conclude that the objectors consented to the magistrate judge ruling on their motion to intervene." *Id.* at 466. If granted intervention, the *Stackhouse* objectors would have the right to have their objections decided instead by the district court. *Id.* at 467 (*citing Williams v. GE Capital Auto Lease*, 159 F.3d 266, 269 (7th Cir. 1998) ("An unnamed class member who prefers an Article III forum . . . may apply to the district court to intervene under

Rule 24(a), become a party to the lawsuit, and then exercise [the] right to withhold . . . consent to proceed before the magistrate.")).[2]

It is therefore unclear whether an objector can later vacate a magistrate judge's dispositive order by arguing that they are parties under § 636(c) and did not give consent to be heard by a magistrate judge. This is an interesting academic question, but such uncertainty is undesirable in practice and readily preventable. This Court should preemptively act to avoid this jurisdictional ambiguity.

### III. The West Objectors Consent to This Court's Jurisdiction.

The West Objectors believe that a strategic *ex post* jurisdictional challenge—heads I win, tails don't count—to an order approving a settlement or fee award would ultimately be harmful to the class. Such appeals provide an excellent vehicle for "holding up" a settlement, but do not improve the fairness of the settlement; moreover, there is some risk a court may later find that a party has guessed wrong where to appeal a magistrate's final decision, and hold the appeal time-barred.

---

[2] *Williams* suggests unnamed class members are bound by the consent of named plaintiffs. *See* 159 F.3d at 269. However, this precedent predates *Devlin* and is based on the now-dubious premise that objectors are never parties. "Generally speaking, absent class members are not 'parties' before the court in the sense of being able to direct the litigation." *Id.* But if "unnamed members of a class stood in the same position as new 'parties' to the suit, it would be clear that they could not be bound by a magistrate judge's adjudication unless they expressly consented to the magistrate judge's exercise of authority." *Id.* at 269.

Therefore, the West Objectors believe that good-faith objectors and the settling parties have a shared interest in avoiding needless jurisdictional ambiguity.

Thus the West Objectors hereby expressly consent to the exercise of jurisdiction by the magistrate judge, and encourage other objectors to do the same.

### IV. Represented Objectors Are on Notice of Their Rights.

The mere failure of a party to object to the exercise of jurisdiction by a magistrate judge does not operate as consent, *see Reiter v. Honeywell, Inc.*, 104 F.3d 1071 (8th Cir. 1997), but the other represented objectors are now *on notice* that they may potentially refuse this Court's authority.  The consent of these objectors should therefore be implied because they have been "made aware of the need for consent and the right to refuse it, and still voluntarily appear[] . . . before the Magistrate Judge."  *Roell v. Withrow*, 538 U.S. 580, 590 (2003).  Every represented objector should now express any reservations they have about the Magistrate Judge's civil jurisdiction or become barred from opportunistically "withholding" their consent at a later date.

Although the West Objectors believe that this notice may be adequate to infer the consent of objectors who appear through counsel, the *pro se* objectors did not have *any* notice of their right to elect adjudication by an Article III judge. Therefore, this Court should help diffuse this jurisdictional trap.

## V. This Court Should Decide Whether Objector Consent Is Required.

This Court should rule whether the objectors will be treated as parties under § 636(c) and whether an objector's non-consent would preclude final judgment by the Magistrate Judge. If consent is required and cannot be obtained from all of the objectors prior to ruling on the dispositive motion for final approval, the Magistrate Judge's findings of fact and law should be treated as if it were a referral of pretrial but case-dispositive matters under 28 U.S.C. § 636(b)(1).

Unfortunately, this Court faces a bit of a Catch-22. If other objectors withhold their consent, an appellate court may later decide that this Court has no jurisdictional authority to determine that those objectors' consent was not needed. If unanimous consent to § 636(c) jurisdiction is not or cannot be established, the best prophylactic option to minimize delay would be a ruling that this case is to be treated under § 636(b)(1).

## Conclusion

It is ambiguous whether objectors are "parties" for purposes of 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 73. The consequences of guessing incorrectly create real problems for the finality of judgment, and the potential resulting delays deciding the matter ultimately harm the class. The West Objectors hope to preempt this problem by putting all objectors' position on the record now—before the

Magistrate Judge rules on a dispositive motion.  The West Objectors request: (1) unambiguous consent from the other objectors; and/or (2) a ruling by the Court that consent is—or is not—required.  The West Objectors note, however, that a ruling by the Court that consent is not required may still be subject to strategic procedural appeals, and suggest that the best prophylactic option to minimize delay would be a ruling that this case is to be treated under § 636(b)(1) if unanimous consent to § 636(c) jurisdiction is not or cannot be established.

Dated:  July 13, 2010

Respectfully submitted,

*/s/ David M. Nieporent*
David M. Nieporent
SAMUEL & STEIN
38 West 32nd Street, Suite 1110
New York, NY 10001
Phone: (212) 563-9884

Theodore H. Frank (*pro hac vice* pending)
CENTER FOR
CLASS ACTION FAIRNESS
1718 M Street NW, No. 236
Washington, DC 20036
Telephone:  (703) 203-3848
Email:  tedfrank@gmail.com

Attorneys for West Objectors

## PROOF OF SERVICE

      I hereby certify that this document was filed through the CM/ECF system which will automatically generate a Notice of Electronic Filing (NEF) and send it by e-mail to all attorneys in the case who are registered as CM/ECF users and have consented to electronic service.

This 13th day of July, 2010.

                                */s/ David M. Nieporent*
                                David M. Nieporent