UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN M. DEWEY, et. al., )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>VOLKSWAGEN OF AMERICA, INC., )<br>et. al. )<br>Defendants. )<br>) | Civil Action No. 07-2249 (FSH) (PS) |
| JACQUELINE DELGUERCIO, et. al., )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>VOLKSWAGEN OF AMERICA, INC., )<br>et. al. )<br>Defendants. )<br>) | Civil Action No. 07-2361 (FSH) (PS) |

**SUPPLEMENTAL CERTIFICATION OF SAMUEL P. SPORN, ESQ.
SUBMITTED ON BEHALF OF SCHOENGOLD & SPORN, P.C.
IN SUPPORT OF THE APPLICATION BY PLAINTIFFS' CO-LEAD COUNSEL
FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

I, Samuel P. Sporn, certify and state as follows:

1. I incorporate by reference my previous Certification on behalf of Schoengold & Sporn, P.C. (the "firm") in support of the application by Plaintiffs' Co-Lead Counsel for attorneys' fees and reimbursement of expenses filed on June 9, 2010 (the "June 9, 2010 Certification").

2. Per the Court's instructions on July 9, 2010, I submit this supplemental certification in support of the application by Schoengold & Sporn, P.C. as Plaintiffs' Co-Lead

Counsel for an award of attorneys' fees in this litigation for the period June 9, 2010 to July 23, 2010 (the "Supplemental Period"), as well as the reimbursement of expenses arising in connection with this litigation during the Supplemental Period.

3.   The chart attached hereto as Exhibit "1" shows the name of each attorney, his or her status in the firm, the amount of time expended by each attorney working on behalf of the firm during the Supplemental Period, and the "lodestar" calculation based on our firm's current billing rates. The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by the firm. Time expended in preparing this application for fees and reimbursement of expenses has not been included in this request. As detailed in Exhibit "1", our firm expended a total of 295.26 hours in this litigation during the Supplemental Period, and accrued a corresponding lodestar totaling $142,860.40 for the Supplemental Period. Our firm's billing rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in our firm's billing rates.

4.   As detailed in Exhibit "2", our firm has paid for and/or incurred a total of $42,330.57 in unreimbursed expenses in connection with the prosecution of this litigation and its settlement during the Supplemental Period not included in the June 9, 2010 Certification. The expenses paid for and/or incurred in this action are reflected on the books and records of the firm and were necessarily incurred in the prosecution of this action. These books and records are prepared from invoices, checks and expense vouchers which were and are regularly kept and maintained by the firm and accurately reflect the expenses incurred.

5.   For the reasons stated in the June 9, 2010 Certification, I believe that the supplemental fee and expense application is fair and reasonable and should be approved by the Court.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 23rd day of July, 2010 in New York, New York.

_____
[SAMUEL P. SPORN]