UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
OCT - 1 2010
AT 8:30_____M
WILLIAM T. WALSH, CLERK

| | |
|---|---|
| JOHN M. DEWEY, et al<br><br>Plaintiffs<br><br>v.<br><br>VOLKSWAGEN AG, et al<br><br>Defendants.<br>------------------------------------------------<br>JACQUELINE DELGUERCIO, et al<br><br>Plaintiffs,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., et al<br><br>Defendants. | Case Nos.:<br><br>2-07-CV-2249-FSH-PS<br>2-07-CV-2361-FSH-PS<br>(CONSOLIDATED) |

### OBJECTORS STEVENS AND SIBLEY'S OPPOSITION TO PLAINTIFFS' MOTION REQUIRING OBJECTOR/APPELLANTS TO POST A BOND

COME NOW Objectors David Stevens ("Stevens") and Daniel Sibley ("Sibley") filing this Motion in Opposition to requiring the Objectors to post a bond.

The basis of Class Plaintiffs' argument to require the posting of a bond is delineated below followed by the Objectors' response to each point.

(1)   Objectors live in a jurisdiction outside New Jersey.

RESPONSE:

Class Plaintiffs chose New Jersey as a forum for this cause. Class Plaintiffs sought a class definition that incorporated the Objectors. Class Plaintiffs based their application for incentive awards and their attorneys' fees on the supposed "benefits" conferred upon objectors and other class members residing in jurisdictions outside New Jersey. After shaping the class to include objectors, they cannot now be heard to complain of objectors inclusion in the action, or any hardship their inclusion might cause. There is an age-old axiom at equity, "He who is granted the bonus must also suffer the onus."

(2)   The Court rejected Objectors' objections and, in the eyes of the Class Plaintiffs, Objectors' arguments were "completely devoid of any merit."

(3)   To refresh the Court's memory, Objectors Sibley and Stevens objected to the settlement for, among other grounds, that:

   (a)   the attorneys' fees were excessive; and

   (b)   the benefits to the class were over-rated.

The argument that the appeal is frivolous because the Court overruled the objections is nonsensical. If the Court had not overruled the objections, there would be no appeal.

Objectors were not alone in their assessment that the attorneys' fees were excessive. Defendants also appealed the attorney-fee issue. The grossly excessive attorneys' fees were founded on a ridiculously high and completely insupportable notion that 100% of the Class would take advantage of the offer. Additionally, the Class Plaintiffs failed to factor in the significant number of potential class members receiving notice of the defects from Defendants themselves. The notices were sent prior to litigation. Nevertheless, a portion of the fees awarded were based upon remedial action taken by Defendants that had nothing to do with any

action taken in this case. The Defendants had sent notices for remedial action prior to litigation that Class Plaintiffs now shamelessly seek to claim as a basis to inflate their attorney's fees.

Objectors seek on appeal only that to which they are entitled and nothing more. They simply ask that any award of attorneys' fees be made after the claims period has ended. At that point the Court will not be required to either guess at an amount or rely on Plaintiff's assertions, which are excessive on their face. Further, there is a basis in law for Objectors' position that the award of fees should be made post-claims period. See, *e.g.*, *In Re: Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297 (N.D. Ga. 1993); *Stronger v. Bellsouth*, 137 F.3d 844 (5th Cir. 1998).

Objectors Sibley and Stevens incorporate herein the responses found in the Opposition to Motion for Bond filed by other objectors herein on the issues of (a) "appropriate remedy." (b) "proper procedure," and (c) "proper forum."

## CONCLUSION

There is no basis for the posting of a bond. Nether Daniel Sibley or David Stevens are "professional objectors." The appeal take by them is based upon good faith and founded on precedent. In fact, the motion to require a bond is itself so baseless as to be grounds for sanctions. The Objectors pray that Class Plaintiffs motion be denied.

Respectfully submitted,

*[signature]*

Daniel Sibley, *pro se*
5623 Martel Avenue
Dallas, TX 75206
(214) 207-4227

*[signature]*

David Stevens, *pro se*
2816 High Point Drive
Bonham, TX 75418

## PROOF OF SERVICE

I hereby certify that this document was filed by paper filing. Notice of Electronic Filing (NEF) will be generated by the court and sent by email to all attorneys in the case who are registered as CM/ECF users and have consented to electronic service.

September ___, 2010

*[signature]*

Daniel Sibley

RECEIVED
OCT - 1 2010
AT 8:30_____M
WILLIAM T. WALSH, CLERK

Daniel Sibley, *pro se*
c/o Gary W. Sibley
2414 N. Akard, Suite 700
Dallas, TX 75201
(214) 522-5222

September 30, 2010

<u>Via Federal Express</u>

Clerk, U.S. District Court
District of New Jersey
U. S. Courthouse
50 Walnut Street, Room 4015
Newark, NJ 07101

Re:   *John M. Dewey, et al. v. Volkswagen, et al.*; Case Nos. 07-CV-2249-FSH-PS and 07-CV-2361-FSH-PS in the U. S. District Court, District of New Jersey.

OBJECTORS STEVENS AND SIBLEY'S OPPOSITION TO PLAINTIFFS' MOTION REQUIRING OBJECTOR/APPELLANTS TO POST A BOND

Dear Sir or Madam:

Enclosed for filing in the above-referenced litigation is Objectors Stevens and Sibley's Opposition to Plaintiffs' Motion Requiring Objector/Appellants To Post a Bond. Please serve a copy of the enclosed Motion in Opposition on those attorneys in the case who are registered as CM/ECF users. Please return a filed, stamped copy to me in the self-addressed envelope provided for your convenience.

Thank you for your assistance. If you have any questions, please call me.

Respectfully,

*[signature]*

Daniel Sibley