# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN M. DEWEY, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>VOLKSWAGEN AG, *et al.*,<br><br>　　　　　Defendants. | Case Nos.:<br><br>07-CV-2249-FSH-PS<br>07-CV-2361-FSH-PS<br>(consolidated)<br><br>Date:  October 4, 2010<br>Time: n/a<br>Courtroom:  10 (Newark) |

## MEMORANDUM IN SUPPORT OF MOTION OF JOSHUA WEST, LESTER BRICKMAN, DARREN MCKINNEY, AND MICHAEL SULLIVAN FOR ATTORNEYS' FEES

　　　　　　　　　　　　　　　　　　　Theodore H. Frank (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　CENTER FOR
　　　　　　　　　　　　　　　　　　　CLASS ACTION FAIRNESS
　　　　　　　　　　　　　　　　　　　1718 M Street NW, No. 236
　　　　　　　　　　　　　　　　　　　Washington, DC 20036
　　　　　　　　　　　　　　　　　　　Phone: (703) 203-3848
　　　　　　　　　　　　　　　　　　　Email: tedfrank@gmail.com

　　　　　　　　　　　　　　　　　　　David M. Nieporent
　　　　　　　　　　　　　　　　　　　SAMUEL & STEIN
　　　　　　　　　　　　　　　　　　　38 West 32nd Street, Suite 1110
　　　　　　　　　　　　　　　　　　　New York, NY 10001
　　　　　　　　　　　　　　　　　　　Phone: (212) 563-9884

　　　　　　　　　　　　　　　　　　　Attorneys for West Objectors

TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................... ii

INTRODUCTION........................................................................................................... 1

Background ..................................................................................................................... 2

**I.**   West Objectors Are Entitled to Fees for the Class Benefit Attributable to Their Objection and Appeal. ............................................................................. 4

**II.**   West Objectors' Request for Fees and Expenses and Incentive Awards Is Smaller Than Precedent Permits............................................................................ 8

**III.**   A Lodestar Crosscheck Supports the Award. ....................................................... 11

**IV.**   The Objectors' Selflessness Merits Incentive Awards......................................... 13

CONCLUSION ............................................................................................................. 14

# TABLE OF AUTHORITIES

## CASES

*In re Apple Inc. Sec. Litig.*,
    No. 5:06-cv-05208-JF,
    2011 U.S. Dist. LEXIS 52685 (N.D. Cal. May 17, 2011) .................................. 13

*Blum v. Stenson*,
    465 U.S. 886 (1984) ................................................................................ 12

*In re Cendant Corp. Prides Litig.*,
    243 F.3d 722 (3d Cir. 2001) ............................................................... 1, 4-5

*Crawford v. Equifax Payment Servs.*,
    201 F.3d 877 (7th Cir. 2000) ..................................................................... 5

*Cuellar v. Joyce*,
    603 F.3d 1142 (9th Cir. 2010) ................................................................. 12

*Dewey v. Volkswagen AG*,
    681 F.3d 170 (3d Cir. 2012) (*Dewey II*) ................................................. 3, 5

*Dewey v. Volkswagen of America*,
    728 F. Supp. 2d 546 (D.N.J. 2010) (*Dewey I*) ................................... *passim*

*In re General Motors Corp. Pick-Up Truck Fuel Tank Litig.*,
    55 F. 3d 768 (3d. Cir. 1995) ....................................................................... 6

*Gottlieb v. Barry*,
    43 F.3d 474 (10th Cir. 1994) ...................................................................... 7

*Great Neck Capital Appreciation Inv. P'ship, L.P. v. PriceWaterhouseCoopers, L.L.P.*,
    212 F.R.D. 400 (E.D. Wis. 2002) ........................................................... 4, 6

*In re Homestore.com, Inc. Sec. Litig.*,
    No. C01-11115 MJP (CWx),
    2004 U.S. Dist. LEXIS 25234 (C.D. Cal. Aug. 10, 2004) ..................... 5-6

*In re Ikon Office Solutions, Inc., Secs. Litig.*,
    194 F.R.D. 166 (E.D. Pa. 2000) ................................................................. 7

...

*Lan v. Ludrof,*
   2008 WL 763763 (W.D. Pa. Mar, 21, 2008) ............................................................... 8

*Larson v. Sprint Nextel Corp.*,
   2010 U.S. Dist. LEXIS 3270 (D.N.J. Jan. 15, 2010),
   *rev'd on other grounds sub nom*,
   *Larson v. AT&T Mobility LLC*, 687 F.3d 109 (3d Cir. 2012) ............................. 5, 8

*Lonardo v. Travelers Ins. Co.*,
   (N.D. Ohio 2010) ................................................................................................. 13

*Morrison v. CIR*,
   565 F.3d 658 (9th Cir. 2009) ................................................................................. 12

*Petrovic v. Amoco Oil Co.*,
   200 F.3d 1140 (8th Cir. 1999) ............................................................................. 6-7

*Petruzzi's Inc. v. Darling-Delaware Co., Inc.*,
   983 F.Supp. 595 (M.D. Pa. 1996) ........................................................................... 6

*In re Primus*,
   436 U.S. 412 (1978) ............................................................................................. 12

*In re Prudential Ins. Co. of Am. Sales Practices Litig.*,
   273 F. Supp. 2d 563, 565 (D.N.J. 2003),
   *aff'd* 103 Fed. Appx. 695 (3d Cir. 2004) ............................................................. 4, 8

*In re Rite Aid Corp. Sec. Litig.*,
   396 F.3d 294 (3d Cir. 2005) .............................................................................. 8, 12

*Rodriguez v. Disner*,
   688 F.3d 645 (9th Cir. 2012) (*Rodriguez II*) .................................................... 5, 7-8

*Rodriguez v. West Publ'g Corp.*,
   563 F.3d 948 (9th Cir. 2009) (*Rodriguez I*) ......................................................... 7-8

*In re Veritas Software Corp. Sec. Litig.*,
   No. C-03-0283 MMC,
   2006 U.S. Dist. LEXIS 10116 (N.D. Cal. Feb. 24, 2006) ....................................... 6

*Weber v. Gov't Emples. Ins. Co.*,
   262 F.R.D. 431 (D.N.J. 2009) ............................................................................... 12

## STATUTES AND FEDERAL RULES

42 U.S.C. § 1988 ................................................................................................................ 12

Fed. R. Civ. P. 23................................................................................................................. 6

Fed. R. Civ. P. 23(a)(4).................................................................................................. 3, 13

Local Civil Rule 54.2 .......................................................................................................... 4

Rev. Proc. 92-59, 1992-2 C.B. 411 ................................................................................... 12

## INTRODUCTION

Objectors who provide a material benefit to the class through their objections are entitled to fees as a matter of law. *In re Cendant Corp. Prides Litig.*, 243 F.3d 722, 744 (3d Cir. 2001). Here, the West Objectors' successful prosecution of a Third Circuit appeal—at great time and expense, and risk of a sizable appeal bond—has opened up a reimbursement fund to over a million class members that this Court had previously held "were not eligible for reimbursement"[1] and whom class counsel and Volkswagen had vociferously defended their decision to freeze these people out of settlement.

Thus, pursuant to paragraph 14 of this Court's amended order granting preliminary approval of settlement (Dkt. 339), the West Objectors file this memorandum in support of their accompanying motion for attorneys' fees, expenses, and objector incentive awards.

Assuming that the class benefit is at least $344,000, the West Objectors seek a total of $86,000 in fees and expenses, including the $2,678.93 in taxable costs that the Third Circuit has already awarded but has not yet been paid by class counsel or defendants. (To be more precise, the West Objectors seek the lower of 25% of the ultimate benefit actually received by the class and $86,000; thus if the class receives less than $344,000 from the amended settlement, the West Objectors seek 25% of that lower amount.) This figure, substantially below any reasonable calculation of the

---

[1] *Dewey v. Volkswagen of America*, 728 F. Supp. 2d 546, 595 n. 70, 597 (D.N.J. 2010) (*Dewey I*).

West Objectors' lodestar, is eminently reasonable. The Court awarded class counsel $9,884,782.94 in fees and expenses in *Dewey I*. Were the Court to apply the same standards for the West Objectors' attorney award as it did for class counsel in calculating class benefit or lodestar entitlement, the West Objectors would be entitled to an award of between $339,275.45 and $375,543.02.

The West Objectors also seek $4,000 in incentive awards for three of the four objectors, a small fraction of the $90,000 in incentive awards being requested for the class representatives in this case, despite the fact that those same representatives were found to be inadequate by the Third Circuit.

## BACKGROUND

The West Objectors' participation in this case began on June 15, 2010 with the filing of their objection and intent to appear. Dkt. 208. West objected, *inter alia*, to the treatment of the subgroup of over a million car-owners who would not be entitled to the same pecuniary relief as other car-owners in the same settlement class—even when, as in the case of lead objector Joshua West, they had suffered over $1,000 in damage from the same alleged defect that class members who were allowed to submit claims could make. Theodore H. Frank appeared *pro hac vice* on behalf of the West Objectors at the fairness hearing of July 26, 2010. On August 3, 2010, the Court approved the settlement. Dkt. 252, 253. The West Objectors timely appealed to the Third Circuit (Dkt. 261), as did three other groups of objectors.

On October 18, 2010 this Court granted plaintiffs' motion for an appeal bond, and required appellants to jointly and severally post a bond in the amount of $25,000;

two of the four objector groups dismissed their appeal, rather than pay the bond, while the West Objectors and the Sibley Objectors posted bond. Dkt. No. 293, 297, 298, 300, 303. After mediation and extensive motion practice in the Third Circuit, both objectors' appeals, Nos. 10-3618 (West) and 10-3798 (Sibley), along with the settling parties' two separate cross-appeals (10-3651 and 10-3652) progressed, culminating in a Third Circuit decision issued on May 31, 2012. *Dewey v. Volkswagen AG*, 681 F.3d 170, 173 (3d Cir. 2012) (*Dewey II*). The Third Circuit concluded that the settlement class, because of a fundamental conflict between what it called the reimbursement and the residual subgroups of the initial settlement, failed to meet the standards of Fed. R. Civ. P. 23(a)(4) and, reversing this Court's certification order, remanded for further proceedings. *Id.* at 173, 189.

Working with the settling parties on remand, the West Objectors assisted in reaching a revised settlement which, based on the their Third Circuit victory, now allows all class members access to the reimbursement fund for damage caused by leaking sunroofs. As a consequence, the 23(a)(4) adequacy problem of the initial settlement has been cured, thus ameliorating a problem of constitutional magnitude. *See id.* at 181 n.12 (noting that "adequacy of representation" is required by the Due Process Clause as well as Rule 23(a)(4)) and safeguarding the current settlement from future collateral attacks. These material improvements are unequivocally a result of the West Objectors' persistence in the face of steadfast opposition; temptation to sell out the class for their own personal gain; and even affirmative discouragement from this Court. *See generally* Declaration of Theodore H. Frank ¶¶4-21, 28-32, 60-61.

A proposed order and notice of motion are attached herewith. Also attached as Exhibit 1 is an affidavit from Theodore H. Frank setting forth the information required by Local Civil Rule 54.2, detailing the work performed by Center for Class Action Fairness attorneys and the applicable hourly rate. The aggregated total lodestar figure is between $185,275.16 and $274,221.00, depending on whether the Court uses market rates or the rates it previously applied to class counsel in this case. That said, the Center makes its fee request based on the actual benefit to the class.

## I. West Objectors Are Entitled to Fees for the Class Benefit Attributable to Their Objection and Appeal.

The general rule governing fee awards to objectors in class action settlement proceedings is that "objectors are entitled to compensation for attorneys' fees and expenses if the settlement was improved as a result of their efforts." *In re Prudential Ins. Co. of Am. Sales Practices Litig.,* 273 F. Supp. 2d 563, 565 (D.N.J. 2003), *aff'd* 103 Fed. Appx. 695 (3d Cir. 2004). When such a claim is presented, the court should consider whether the efforts of counsel for the objectors "improved the settlement, assisted the court, and/or enhanced the recovery in any discernible fashion." *Great Neck Capital Appreciation Inv. P'ship, L.P. v. PriceWaterhouseCoopers, L.L.P.*, 212 F.R.D. 400, 413 (E.D. Wis. 2002). Indeed, the settlement here has been substantially enhanced, its constitutional defect remedied by the West Objectors' multi-year efforts in front of this Court and the Third Circuit Court of Appeals. During the majority of that time, West was obligated to post a $12,500 bond with this Court.

When objectors successfully prosecute an appeal, one would be "remiss" to "not acknowledge this benefit" when it leads to an altered result upon remand. *In re*

*Cendant Corp. Prides Litig.*, 243 F.3d 722, 744 (3d Cir. 2001). "[A]ppellate correction of a district court's errors is a benefit to the class." *Crawford v. Equifax Payment Servs.*, 201 F.3d 877, 881 (7th Cir. 2000). *Accord Rodriguez v. Disner*, 688 F.3d 645, 659-60 (9th Cir. 2012) (*Rodriguez II*). In this case, the objectors—facing scorched-earth tactics from class counsel—steadfastly refused to drop their appeal in exchange for a *quid pro quo* payment; their persistence on appeal squarely resulted in the Third Circuit's conclusion that the initial settlement violated Fed. R. Civ. P. 23(a)(4). *Dewey II*, 681 F.3d at 173, 189; Declaration of Theodore H. Frank ¶¶4-21, 28-32. The Third Circuit offered two solutions for remedying the 23(a)(4) defect. *Id.* at 189. On remand, the named parties have collaborated with the objectors and have adopted the first suggestion – eliminating the distinction between the reimbursement and the residual group. This constituted an adoption of the West Objectors' argument that the "arbitrary exclusion of 'Subclass 7' is not permissible." West Objectors' Reply Br., Case No. 10-3618, at 9.

The objectors' efforts are indisputably the *sine qua non* of the amended settlement, which now treats one million previously disadvantaged class members on par with the rest of the class. Declaration of Theodore H. Frank ¶¶4-8, 18-21. It affords that segment of the class proper renoticing of their revised ability to make claims. *See Larson v. Sprint Nextel Corp.*, 2010 U.S. Dist. LEXIS 3270, at *98-*105 (D.N.J. Jan. 15, 2010) (awarding fees to objector based on precipitating amended notice), *rev'd on other grounds sub nom*, *Larson v. AT&T Mobility LLC*, 687 F.3d 109 (3d Cir. 2012). "By bringing about re-notice of the class and extension of the due date, [objectors] confer[] a substantial benefit on the class." *In re Homestore.com, Inc. Sec.*

*Litig.*, No. C01-11115 MJP (CWx), 2004 U.S. Dist. LEXIS 25234, at *7 (C.D. Cal. Aug. 10, 2004).

Objectors are entitled to fees even if they benefit only a portion of the class. *See, e.g., Petruzzi's Inc. v. Darling-Delaware Co., Inc.,* 983 F.Supp. 595, 622 (M.D. Pa. 1996) (awarding fees when "[objector's] participation directly led to an increased settlement for fifty percent of the class"); *In re Veritas Software Corp. Sec. Litig.,* No. C-03-0283 MMC, 2006 U.S. Dist. LEXIS 10116 (N.D. Cal. Feb. 24, 2006) (awarding fees to objector for instigating the inclusion previously uncompensated class members in the plan of allocation); *Great Neck*, 212 F.R.D. at 414 (rejecting argument that entire class must benefit in order for objector counsel to get a fee award). And yet, eradicating a 23(a)(4) issue is an entire class benefit in that it makes the settlement "less vulnerable to legal challenge" in the future. *Great Neck*, 212 F.R.D. at 414-15.

More abstractly, objectors assist the settlement process by providing independent scrutiny of a proposed settlement. "Objectors serve as a highly useful vehicle for class members, for the court and for the public generally" in evaluating the terms of a proposed settlement to ensure that it is fair, adequate, and reasonable. *Great Neck*, 212 F.R.D. at 412. Objectors improve the process by reintroducing adversarial criticism at the fairness-hearing stage – the point at which the adversarial relationship between the parties has ended. This adversarial dynamic helps the trial court ensure that the proposed settlement meets the standards of Fed. R. Civ. P. 23. *See In re General Motors Corp. Pick-Up Truck Fuel Tank Litig.,* 55 F. 3d 768, 803 (3d. Cir. 1995) ("where there is an absence of objectors, courts lack the independently derived information about the merits to oppose proposed settlements"). *See also Petrovic v.*

*Amoco Oil Co.*, 200 F.3d 1140, 1156 (8th Cir. 1999) (stating that an award of fees is proper where a lawyer provided a benefit or enhanced the adversarial process); *In re Ikon Office Solutions, Inc., Secs. Litig.*, 194 F.R.D. 166, 197 (E.D. Pa. 2000) (awarding objector $10,000 in fees plus reimbursement of costs for "sharpen[ing] debate").

Chiefly because of the concrete benefits bestowed upon the class, however, it would be reversible error for this Court to deny the request. *E.g., Gottlieb v. Barry*, 43 F.3d 474, 491 (10th Cir. 1994); *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009) (*Rodriguez I*) ("clearly erroneous" for district court to decide that objector counsel "did not add anything"). In fact, the *Rodriguez* litigation continued and resulted in the Ninth Circuit's most recent determination that the lower court "clearly erred" and "abused its discretion by denying fees to the [] Objectors." *Rodriguez II*, 688 F.3d at 659-60.

The sequence in *Rodriguez* is relevant here. One set of *Rodriguez* objectors objected at the outset to an improper conflict of interest arising out of an incentive award agreement between class counsel and the named representatives. The district court initially overruled the objectors' grievances. *Rodriguez I*, however vindicated the objectors' argument and the Ninth Circuit remanded with instructions to consider the ramifications of the conflict of interest on the fee award. 563 F.3d at 969. On remand, the district court concluded that the proper consequence of the conflict was a rejection of class counsel's fee request. However, the district court simultaneously held that the objectors were entitled to no fees because in reaching its ultimate conclusion the court relied on "its own analysis of the case law laid out by the Ninth Circuit in Rodriguez I." *Rodriguez II*, 688 F.3d at 659. The objectors appealed their

entitlement to fees, and the Ninth Circuit reversed, repudiating the reasoning of the district court: "Although we do not doubt that the district court made its own interpretation of our decision in *Rodriguez I* and applied that interpretation to the facts before it, the district court failed to consider that our ruling in *Rodriguez I* was a response to the Schneider Objectors' arguments on appeal." *Rodriguez II,* 688 F.3d at 659. It would be equivalent error to deny a fee award to the West Objectors in this case.

## II.   West Objectors' Request for Fees and Expenses and Incentive Awards Is Smaller Than Precedent Permits.

The West Objectors' objection and appeal is responsible for allowing one million class members full access to the reimbursement fund in this case, including notice of the opportunity to make such claims. As detailed in the declaration of Theodore H. Frank, conservative estimates of the additional class benefit, based on findings made by this Court in *Dewey I* and the actual claims rate in *Dewey I*, is likely in the neighborhood between $420,000 and $920,000. Frank Decl. ¶22-26.

It is reasonable to award fees to objectors based on the percentage of the class recovery resulting from the objection. Indeed, for the same reason that percentage-of-the-benefit is the preferred methodology for calculating fees for class counsel (*Dewey I* at 590-92), it is preferable to lodestar for calculating fees for objectors, because it incentivizes objectors to make objections that make a material difference to class members rather than trip up otherwise fair settlements on technicalities.

The appropriate percentage of recovery should be calculated the same way for objectors as for class counsel. *E.g., Lan v. Ludrof,* 2008 WL 763763, at *28 (W.D. Pa.

Mar, 21, 2008) (awarding objector 25% of the increase in the benefit to the class); *Prudential,* 273 F. Supp. 2d at 572 (awarding objector same percentage of their share of class recovery as class counsel for their share of class recovery); *Larson,* 2010 U.S. Dist. LEXIS 3270, at *103 (same).

Under a 25% benchmark for settlements of this size (with a monotonic sliding scale for larger settlements), a benefit of $420,000 to $920,000 would imply entitlement to an attorney award of $105,000 to $230,000 in fees plus expenses. Note, however, that this Court awarded fees to class counsel in *Dewey I* by assuming a much higher claims rate than was actually achieved, and by calculating expenses and incentive awards separately from fees; if the same generous assumptions were made on behalf of West's counsel, the class benefit would be $2.1 million, and West's counsel would be entitled to between $339,275.45 and $531,846.45. Frank Decl. ¶ 50.

A 25% benchmark is appropriate under the *Rite Aid* factors that this Court used in *Dewey I.* 728 F. Supp. 2d at 592.

Over one million class members potentially benefit from a fund of infinite size, as Volkswagen has agreed to take on all comers. *Compare id.* at 593. (Again, however, West believes that the benefit should be calculated based on the amount the class actually receives, rather than on potential benefit. If, for some reason, we cannot confirm that there has been $344,000 in class benefit by the time of the fairness hearing, West agrees to wait until the claims period has closed, and to cap the attorney award at 25% of the amount the class actually receives.)

There have yet to be any objections to the Center's fee request, though, of course, the objection deadline has not passed. *Compare id.* at 601.

West's counsel has demonstrated great skill and efficiency. Frank Decl. ¶¶ 55-58. West's counsel has spent over two years on this case—which included litigation over an appeal bond, two separate cross-appeals, six "steps" of appellate briefing, and presented sufficient complexity to confuse even the Third Circuit Clerk's office. *Id.* ¶59.

With respect to the risk of non-payment, because the Center is non-profit and thus does not (and cannot) agree to *quid pro quo* settlements to withdraw appeals in exchange for self-serving cash payments that do not benefit the class as a whole, the Center could only receive payment if its objection was ultimately successful and the parties successfully agreed to modify the settlement. *Id.* ¶60. But this Court has already held that West had a low chance of success, opining that "the Court cannot but help note that it is confident that the Court of Appeals will affirm the decisions to approve the settlement" and that "the appeals are not likely to succeed." October 15, 2010 Transcript at 20, 23. It surely cannot hold now that West engaged in a low-risk affair. *See also* Frank Decl. ¶¶61. The risk and complexity was exacerbated by class counsel's scorched-earth tactics in opposing the objection, the punitive appeal bond sought and obtained by class counsel, and this Court's opinion erroneously classifying West's counsel as a "professional objector." *Id.* ¶¶8-17, 62-66.

However, the West Objectors do not request the full 25% that would be reasonable for a $920,000 class benefit, or even the $339,275.45 that excessive good-for-the-goose methodology would permit. Instead West requests $86,000 of fees plus expenses, which West estimates to be between 9% and 17% of the class benefit. Frank Decl. ¶ 51. (Because money is fungible, and because West has agreed to cap his

request at well under his lodestar, West does not distinguish between fees and expenses in his request. To the extent that the Court wishes to divide up the $86,000 between fees and expenses, West's has reasonably incurred $2,678.93 in taxable costs and $4,167.52 in nontaxable costs. Frank Decl. ¶¶37-47. The taxable costs were awarded by the Third Circuit, but have not yet been paid. Given that class counsel insisted upon a $25,000 appeal bond to cover their "costs," it is plain that West's request for less than $7,000 in expenses is positively frugal.)

Because a 25% percentage of recovery would be sound, West's request for 25% of the class benefit *actually received*, capped at $86,000, is eminently reasonable regardless of its lodestar.

### III. A Lodestar Crosscheck Supports the Award.

This Court has expressed a preference for performing a lodestar cross-check. West's counsel is requesting lodestar be calculated on 524.5 hours performed by three attorneys. Frank Decl. ¶¶ 68-71. This number ultra-conservatively excludes the work of local counsel (who was required to devote numerous hours to this case by the local rules, which preclude lead counsel from making ECF filings or appearing in court by himself) and two junior attorneys who have materially contributed to the prosecution of the objection and appeal, but whose hours are not being counted to avoid any question of whether there was duplicative work. *Id.* ¶¶ 72-73. It also excludes work after July 31, 2012, including work on this motion and supporting papers. Because the Center is seeking an amount far under its lodestar, it does not provide detailed daily billing records with this motion, though it is willing to do so should the Court think it

relevant. *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 306-07 (3d Cir. 2005); *Weber v. Gov't Emples. Ins. Co.*, 262 F.R.D. 431, 451 n.10 (D.N.J. 2009) (no need for detailed billing records where attorneys requesting 20% discount from lodestar).

Given the complexity of the appeal, and the additional briefing required, the 524.5 hours is reasonable. To the extent the Court thinks otherwise, West requests that the Court compare this time to that spent by class counsel or defense counsel on the appeal and objection and appeal bond issues; West believes that his counsel has operated more efficiently than his adversaries.

The Center's lodestar market rates for its attorneys range from $150 and $750/hour.[2] Frank Decl. ¶¶ 68-71. The market-rate lodestar for West's counsel is $274,221. *Id.* ¶74. If one assumes lodestar rates based on Appendix A in *Dewey I*, the lodestar would be $185,275.16. *Id.* If, however, one uses the 1.99 multiplier that this Court used in *Dewey I*, and then add expenses, the Center would be legally entitled to request $375,543.02. *Id.* ¶76. The Center's request for a total of $86,000 is thus less than half of the conservative lodestar figure, less than a third of the market-rate

---

[2] While the Center, as a non-profit, is limited in the total awards of fees it may receive in any given year, Rev. Proc. 92-59, 1992-2 C.B. 411, its non-profit status does not preclude it from being awarded fees as any other counsel. Representation that is *pro bono* and/or by a non-profit does not preclude a full-lodestar request for attorneys' fees. *E.g., In re Primus*, 436 U.S. 412, 429-31 (1978) (ACLU and NAACP); *Blum v. Stenson*, 465 U.S. 886, 894-95 (1984) (*pro bono publico* representation not grounds for reducing attorneys' fees) (42 U.S.C. § 1988); *Cuellar v. Joyce*, 603 F.3d 1142 (9th Cir. 2010) ("The fact that Cuellar's lawyers provided their services pro bono does not make a fee award inappropriate."); *cf. also Morrison v. CIR*, 565 F.3d 658 (9th Cir. 2009).

lodestar, and less than a quarter of what the Center could request using the *Dewey I* multiplier. *Id.* ¶76. It is entirely consistent with (and indeed conservative compared to) what other courts have awarded the Center's attorneys in far less complex cases. *Id.* ¶77.

### IV. The Objectors' Selflessness Merits Incentive Awards.

We are requesting incentive awards for three of the four West Objectors: $2,000 for Joshua West, and $1,000 each for Darren McKinney and Michael Sullivan. It is appropriate to award objectors incentive awards just as class representatives receive incentive awards. *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 816-17 (N.D. Ohio 2010); *In re Apple Inc. Sec. Litig.*, No. 5:06-cv-05208-JF, 2011 U.S. Dist. LEXIS 52685 (N.D. Cal. May 17, 2011).

Indeed, it is even more appropriate in a case where, as here, the objectors have acted so selflessly. The West Objectors are requesting a fraction of the $10,000 incentive payments for each of the nine class representatives this Court has previously approved (728 F. Supp. 2d at 609-10)—and whom the Third Circuit found flunked their Rule 23(a)(4) responsibilities to the class as a whole. Objectors, if they are willing to sacrifice the larger interests of the class, are able to settle their objections for substantial sums much larger than even the larger $10,000 incentive payments. Frank Decl. ¶29. The West Objectors' willingness to retain non-profit counsel and to refuse to accept personal payment to withdraw their objections unless the class as a whole benefits is the only reason the Third Circuit appeal was prosecuted and that the settlement was modified. *Id.*

Mr. West, in particular, who suffered water damage, is to be particularly commended. He was personally given information that no other "Subgroup 7" class member was personally given—that there was a settlement fund residual and that Volkswagen would allow him to make a "goodwill" claim on the residual of the settlement fund. He could have easily decided to oppose the appeal in the hopes that the Third Circuit would affirm and that he could make a claim for over $1,000 sooner, rather than later. Given the opportunity to withdraw and make such a claim, which would have deprived the appeal of substantial rhetorical power, he instead agreed to waive his conflict of interest with the other West objectors for the larger benefit of the class. *Id.* ¶31.

Moreover, each of the West Objectors exposed himself to the risk of harassing discovery and private investigation from the plaintiffs' attorneys. *Id.* ¶30. Even when *pro bono* counsel is available, class members have little incentive to object and jump through hoops and hurdles erected by the settling parties. Just as class representatives receive incentive payments, so should objectors whose objections meaningfully contribute to class recovery. Here, the objectors' actions created a common fund for the benefit over a million class members. As a result of their having come forward, thousands of passive class members are entitled to significant benefits from the settlement fund. *Id.* ¶32.

## CONCLUSION

The West Objectors ask that this Court grant their request of attorneys' fees and expenses in the amount of $86,000 (or 25% of the actual class recovery,

whichever is lower), an incentive award for Joshua West in the amount of $2,000, an incentive award for Darren McKinney in the amount of $1,000, and an incentive award for Michael Sullivan in the amount of $1,000. If, by the fairness hearing, it is not unambiguous that the class will make at least $344,000 in new claims from the settlement fund, the West Objectors request that the Court delay ruling until after the claims deadline has passed.

Dated:  October 16, 2012  Respectfully submitted,

*David M. Nieporent*
David M. Nieporent
SAMUEL & STEIN
38 West 32nd Street, Suite 1110
New York, NY 10001
Phone: (212) 563-9884

Theodore H. Frank
CENTER FOR
CLASS ACTION FAIRNESS
1718 M Street NW, No. 236
Washington, DC 20036
Telephone:  (703) 203-3848
Email:  tedfrank@gmail.com

Attorneys for West Objectors