# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN M. DEWEY, *et al.*, | Case Nos.: |
| Plaintiffs, | 07-CV-2249-FSH-PS |
| | 07-CV-2361-FSH-PS |
| vs. | (consolidated) |
| VOLKSWAGEN AG, *et al.*, | Date:  November 9, 2012 |
| | Time: 9:00 a.m. |
| Defendants. | Courtroom:   10 (Newark) |

# SUPPLEMENTAL DECLARATION OF THEODORE H. FRANK RE EXPENSES

Theodore H. Frank (*pro hac vice*)
CENTER FOR CLASS ACTION FAIRNESS
1718 M Street NW, No. 236
Washington, DC 20036
Telephone:  (703) 203-3848
Email:  tedfrank@gmail.com

David M. Nieporent
SAMUEL & STEIN
38 West 32nd Street, Suite 1110
New York, NY 10001
Phone: (212) 563-9884
Fax: (212) 563-9870
Email: dnieporent@samuelandstein.com

Attorneys for West Objectors

Theodore H. Frank declares as follows:

1. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. I am the attorney for objectors Joshua West, Lester Brickman, Darren McKinney, and Michael Sullivan (collectively the "West Objectors" or "West") in this matter.

3. The Court's order of December 3, 2012 has asked me to itemize nontaxable costs with particularity.

## Taxable and Non-Taxable Costs

4. The Center incurred $968.34 in court reporter costs for transcripts. This reflects a $27.60 payment to King Transcription for the July 9, 2010 transcript; a $324.95 payment to King Transcription for the February 3, 2010 transcript; a $33.60 payment to King Transcription for the October 15, 2010 transcript; a $312.50 payment to Steno-Kath on July 14, 2010 for the transcript of the deposition of Dr. Eads; and a $269.69 payment to James DeCrescenzo Reporting for the transcript of the Third Circuit oral argument pursuant to court order of the Third Circuit. None of this was reimbursed by the Third Circuit order on costs.

5. The Center paid $455.00 in fees to appeal. The Third Circuit cost order awarded $450 of this $455 fee.

6. The Center paid $657.50 in fees and payments to the New Jersey Lawyer's Fund to obtain and keep *pro hac vice* status for me. This reflects the $150 fee for the *pro hac vice* motion; a $204 annual payment in 2010 to the New Jersey Lawyer's

Fund; a $204 annual payment in 2011 to the New Jersey Lawyer's Fund; and half of a $199 annual payment in 2012 to the New Jersey Lawyer's Fund split between two cases where I am admitted *pro hac vice* in the D.N.J.

    7.    The Center paid $1,230.03 in travel expenses for a trip to the fairness hearing in Newark; a trip to the Third Circuit-ordered mediation; and a trip to the Third Circuit for the oral argument. This reflects: $169.83 in mileage for a 306-mile roundtrip to Philadelphia for the oral argument March 26 and March 27, 2012; $201.85 for one night at the Omni in Philadelphia for the Third Circuit oral argument paid on March 27, 2012; $31.43 for two meals for me and my associate, Adam Schulman, traveling to and from the Third Circuit oral argument at a rest-stop in Delaware—one at Baja Fresh on March 27, 2012, and one at Burger King on March 26, 2012; $11.50 in transportation expenses for my associate, Adam Schulman, to travel to and from the Philadelphia suburbs where he stayed with family the night before the Third Circuit oral argument; a $304.00 roundtrip ticket on Amtrak to Philadelphia on May 19, 2011, for a court-ordered Third Circuit mediation session; $20.00 to park at the Union Station train station in Washington, DC on May 19, 2011; $3.10 for Philadelphia public transportation to and from the courthouse on May 19, 2011; $217.00 for a roundtrip ticket on Amtrak to and from Newark July 25 and July 26, 2010; $214.32 for a one-night stay at the Newark Hilton by Newark Penn Station the night before the July 26 fairness hearing; $22.00 for a taxi from my home in Arlington, Virginia to Washington, DC Union Station on July 25, 2010; $10.00 for a taxi from Newark Penn Station to the courthouse on July 26, 2010; and $25.00 for a

taxi from Washington, DC Union Station to my home in Arlington, Virginia on July 26, 2010. This does not include other meals I paid for out of my own pocket while on the road for these three trips.

  8. The Center paid $3,308.05 to printers for the printing costs of two appellate briefs and its share of the joint appendix. The Third Circuit cost order held that $2,228.93 of this payment was a taxable cost, leaving $1,079.12 nontaxable costs, all attributable to the two briefs. The expense of the briefs was raised by the two cross-appeals; the Third Circuit rules required us to have four heavy-stock cover pages at the front of each brief, but only compensated us for a single such page. I'm hard-pressed to see how I could have reduced the nontaxable cost of the briefing; I used the printer identified by the Declaration of Samuel Sporn when this Court approved a $25,000 appeal bond, negotiated a 25% discount from the rates that the Court held reasonable. And as class counsel and counsel for Volkswagen can attest, I took a hard line in negotiating the size of the joint appendix.

  9. The Center spent $227.53 on postage in this case, including its share of Federal Express costs billed to it by its printers for shipping the opening brief, reply brief, and joint appendix; $23.78 Federal Express expense to mail to the court its first portion of the appeal bond on November 8, 2010; and $20.78 Federal Express expense to mail to the court the second portion of the appeal bond on November 24, 2010. These are all nontaxable expenses.

10. This is a total of $6,845.45. The Third Circuit awarded the West objectors $2,678.93 in taxable costs in an order dated July 18, 2012, so non-taxable costs are $4,167.52. The appellees have not yet paid the $2,678.93.

11. These expenses do not include the Center's PACER fees or the travel expenses of attending the fairness hearing for the amended settlement, or the nonrefundable hotel expense for the canceled November fairness hearing. Our LEXIS contract is on a flat-rate, and we have not allocated any of our LEXIS expenses to this case.

12. All of these expenses were reasonably incurred. Indeed, given that class counsel alleged that they required a $25,000 appeal bond to cover their costs, and given an average trip cost of only $410.01, I would suggest we have been very frugal.

13. If, however, the court is to find that any of these expenses are not allowable or insufficiently documented, I remind the court that our request is for $86,000 total, and we have documented an entitlement to a much greater amount total of fees and expenses under the percentage-of-recovery or lodestar methodologies. If the Court were to apply the same standards to the Center's fee request as it did to the class counsel's fee request, it would justify an attorney award of well over four times what we are requesting, even if the Court awarded $0 in nontaxable costs. I would request that if the court is to reduce our expense figure, it proportionately increases our fee figure to result in a $86,000 total.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 3, 2012, in Fairfax, Virginia.

_____
Theodore H. Frank